# Exhibit A



## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER
c/o Bond & Norman Law, PC
777 6th St. NW #410
Washington, DC 20001


MARQUETTE FRAZIER
c/o Bond & Norman Law, PC
777 6th St. NW #410
Washington, DC 20001



FILED
CIVIL ACTIONS BRANCH

MAR 04 2015

Superior Court
of the District of Columbia
Washington, DC.

ARIK SIMS
c/o Bond & Norman Law, PC
1901 "D" St. SE
Washington, DC 20001

       Plaintiffs,
Vs.

**15 - 0 0 0 1 4 2 5**

Civil Action #

THE DISTRICT OF COLUMBIA
A Municipal Corporation
441 4th St. NW
Washington, DC 20001

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

WARDEN WILLIAM SMITH
District of Columbia Jail
Individually and in His Official Capacity
1901 "D" Street SE
Washington, DC 20003



Serve: Warden William Smith and

1

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

SERGEANT JONATHAN ARMSTEAD
Individually and in His official capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL NICHOLAS CLARK
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

LIEUTENANT RONALD ADAMS
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JILES JOHNSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL THOMAS, III
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL DAMIAN BARNES
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER ALHAJI JABBIE
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER BOBBY GRAHAM
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JOSEPH STEVENSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

PRIVATE ADEBOWALE SALAKO
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

     Defendants.

  And

CORPORAL NATHANIEL ROBINSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

3

OFFICER JOSEPH ALEXANDER
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

JOHN DOES I-V
1901 "D" St. SE
Washington, DC 20001

## COMPLAINT

COME NOW the Plaintiffs, James Brewer, Marquette Frazier and Arik Sims, by and through their attorneys, Jane Carol Norman, Bond & Norman Law, PC, and for complaint against the Defendants hereby allege and state as follows:

## PARTIES

1. Plaintiff James Brewer is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the District of Columbia Central Detention Facility. ("D.C. Jail")

2. Plaintiff Marquette Frazier is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D. C. Jail.

3. Plaintiff Arik Sims is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D.C. Jail.

4. The Defendant, District of Columbia, is a municipal corporation. The District of Columbia Department of Corrections is an agency of the Defendant District of Columbia. (D.C. Department of Corrections).

5. The Defendant, Warden William Smith, was at all times mentioned herein and currently is the Warden of the D.C. Jail a correctional facility run by the D.C.

4

Department of Corrections, an agency of the District of Columbia. At all times

mentioned herein Defendant Warden Smith was an employee of the D.C.

Department of Corrections acting as an agent and employee of the District of

Columbia and under color of state law. At all times mentioned herein Warden

Smith , in his capacity as Warden, was responsible for the training, assignment,

supervision, discipline and investigation of correctional officers and

correctional employees assigned to or working at the D.C. Jail. Warden Smith

was at all relevant times responsible for the custody, safety, protection, fair

treatment and rehabilitation of prisoners at the D.C. Jail. Warden Smith was

also, at all relevant times, responsible for ensuring that the facilities housing

plaintiffs were operated according to proper correctional standards, developing

procedures for implementing policies and for ensuring adequate and effective

mechanism for safe reporting of staff misconduct and treatment of victims of

custodial and sexual abuse. Defendant Warden Smith is being sued in both his

individual and official capacity.

6.  The Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark,

Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III,

Corporal Damian Barnes Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant

Joseph Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson,

Officer Joseph Alexander and John Does I-V at all times mentioned herein were

and upon information and belief still are correctional officers employed by the

District of Columbia Department of Corrections at the D.C. Jail. At all times

mentioned herein they were acting under color of state law as an officer,

5

employee and agent of the Defendant District of Columbia. These defendants are being sued both individually and in their official capacity.

7. During the relevant time period Plaintiffs were all incarcerated at the D.C. Jail and all acts complained of herein took place at the District of Columbia Jail.

8. At sometime before the acts complained of herein, the D.C. Department of Corrections hired an employee, Defendant Sergeant Jonathan Armstead, as an adult corrections officer at the D.C. Jail.

9. Although Plaintiffs have a right to be free from physical abuse, sexual harassment, sexual assault, assault and battery, intentional and negligent infliction of emotional distress, retaliation, having their lives put in danger, and to be free from violation of their constitutional rights, including their right to counsel and access to the courts, between June 1, 2014 and July 31, 2014 plaintiffs were sexually assaulted, abused and harassed by Defendant Sergeant Armstead, and thereafter put in danger from other inmates by being called "snitches" or "hot" in front of other inmates by Defendant Armstead and the other Defendants.

10. Thereafter the Defendant Correctional Officers, and each of them, from on or about July 31, 2014 until the present time, engaged in a pattern of retaliation and harassment against Plaintiffs as a consequence of Defendants reporting the inappropriate behavior by Sergeant Armstead which included but is not limited to entering and/or searching their cells, throwing out and/or reading and/or destroying their confidential legal papers, confiscating and destroying their personal papers and belongings, physically assaulting them and falsely telling

6

other inmates that they were "snitches" or "hot" thereby putting their lives in danger.

11. On information and belief, sexual assault, sexual harassment, sexual discrimination and other forms of improper behavior by Defendant Armstead was known or should have been known to officials at the D.C. jail including but not limited to Defendant Warden William Smith, and the other named Defendants, but none of these Defendants took reasonable actions to ensure Plaintiffs' safety at this facility. Even after Defendant Warden was notified of Defendant Armstead's behavior and of the retaliation, the harassment continued.

## JURISDICTION

12. Plaintiffs seek damages from Defendants and each of them under the Civil Rights Act of §1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed to Plaintiffs by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek damages for the common law torts of negligence, assault and battery, intentional and negligent infliction of emotional distress, violation of D.C. Statute Section 24-261.03, and respondeat superior, all under District of Columbia law. All acts complained of took place in the District of Columbia. Therefore this Court has jurisdiction pursuant to D.C. Code Section 11-921 (1981 Edition) and D.C. Code Section 24-261.03.

7

## NATURE OF DEFENDANTS' CONDUCT

13. The Department of Corrections of the Defendant District of Columbia is charged by D.C. Code Section 24-211.02 (1981 edition) with responsibility for the safekeeping, care, protection, instruction and discipline of all persons committed to its penal institutions.

### PLAINTIFF JAMES BREWER

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/ or outrageous misconduct as to Plaintiff James Brewer :

14. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the Defendant District of Columbia, through its agency D.C. Department of Corrections, while working at the D.C. Jail, acting with deliberate indifference, malice and under color of state law and did engage in multiple acts defined as sexual harassment and sexual assault towards Plaintiff James Brewer. These acts included but are not limited to Defendant Sergeant Armstead demanding that Plaintiff James Brewer masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food through the food slot of his cell on multiple occasions. Defendant Sergeant Armstead also forced James Brewer to strip, spread his butt cheeks, and then rub his finger between the crack of his butt cheeks for no valid or legal reason. If he refused to do it, Defendant Sergeant Armstead would tell him that he would not get any food. James Brewer had no choice but to obey Defendant Sergeant Armstead's demands. This happened on multiple occasions. Sometimes James Brewer

8

would in fact be denied food if he did not do the sexual acts that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about James Brewer that he would sing to him. All of these acts went on on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about James Brewer's cell on the South One Cellblock during at or about the midnight shift from 12:00 am – 8:00 am in the morning. During these times James Brewer was incarcerated in his cell, that being cell 68, unable to protect or defend himself and with no other source of food other than what Defendant Sergeant Armstead brought to him.

After James Brewer reported the sexual assaults, harassment and abuse inflicted upon him by Defendant Sergeant Armstead to Internal Affairs, he was retaliated against from on or about August 1, 2014 to the present time. During this continuing time period District of Columbia Jail guards/officials, including the above named Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while acting under color of state law did retaliate against and harass James Brewer on a continuing basis including but not limited to the following incidents which occurred on the night shift, from on or about 12:00 a.m. until 8:00 a.m. on Cellblock South One. All occurred in or about Cell 68 except for the two instances that occurred in Cell 67 as noted below:

a. Between on or about August 1, 2014 until the present Defendant Sergeant Johnson told James Brewer that he was going crazy over what James Brewer did to Sergeant Armstead and then peed over all of Brewer's belongings in his cell, cell #68 causing James Brewer severe emotional distress;

9

b.  The next day Defendant Officer Bobby Graham told James Brewer that he was going to pay for snitching causing James Brewer fear and severe emotional distress;

c.  Multiple Correctional Officers, including the above named Defendants and John Does I-V started calling James Brewer a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff James Brewer's life in danger causing him fear and severe emotional distress;

d.  Between on or about August 1, 2014 until the present James Brewer told Defendant Officer Bobby Graham, and Officers Smitty and Boyd about the sexual harassment, but they did nothing to stop it;

e.  On or about 09/20/14 Defendant Corporal Nicholas Clark entered James Brewer's cell and pulled his arm all the way behind his back nearly breaking it. He then put his arm in the food slot smashing it down on his arm multiple times. The resulting injuries were so severe as to require medical care. The next day Defendant Corporal Nicholas Clark came back and took all of James Brewer's legal papers and personal photographs of his children and destroyed them. All of this caused James Brewer severe pain and suffering, physical injuries and severe emotional distress;

f.  On or about October 26, 2014 Defendant Armstead approached James Brewer and said "Let me see your ass clasp." When James Brewer said that he was going to report Defendant Armstead to Ms. Thomas at Internal Affairs Defendant Armstead replied that "Ms. Thomas used to be one of them, and why did James Brewer think his complaint got thrown out so fast?" or words to that effect. Defendant Armstead then started screaming so other inmates could hear that James Brewer was a snitch

thereby putting James Brewer's life in danger causing James Brewer fear and severe emotional distress.

g.  On or about October 29, 2014 at or about 1:30 a.m. Defendant Armstead walked past James Brewer's cell and said "I'm trying to see that asshole again" or words to that effect. When James Brewer refused, Sgt. Armstead walked over to Cell 80 and told the inmates in that cell that James Brewer was "hot" and a "snitch" thereby putting James Brewer's life in danger, causing him fear and severe emotional distress.

h.  On or about September 2-3, 2014 Defendants Corporal Nathaniel Robinson, Corporal Clark, Corporal Thomas and Officer Joseph Alexander entered James Brewer's cell and threw away his confidential legal papers, personal photographs and other personal property in retaliation for having complained about Defendant Armstead. These officers jumped and assaulted James Brewer on that date. They punched him and stomped on him repeatedly causing grievous pain and suffering, bodily injury and severe emotional distress.

i.  Between on or about August 1, 2014 and continuing until the present, in retaliation for complaining about Defendant Armstead and other Correctional Officers, the Defendants and John Does I-V, have routinely entered James Brewer's cell and in violation of regulations have confiscated and/or read and/or destroyed his protected confidential legal papers, personal papers, personal photographs, other personal property, destroyed this property and put it in the trash.

j.  Between on or about August 1, 2014 and continuing until the present Lieutenant Ronald Adams has retaliated against James Brewer by taking his radio on numerous occasions causing James Brewer extreme emotional distress.

11

k. Between on or about August 1, 2014 until the present when James Brewer complained to Defendant Lieutenant Ronald Adams, a correctional officer, about Defendant Sergeant Armstead, he was told by Defendant Lieutenant Adams that he himself would make them all spread their butt cheeks and stick their fingers in it if it was up to him

l. The Defendants and John Does I-V have on a repeated basis during this time period called James Brewer names and threatened him because he reported Defendant Sergeant Armstead causing James Brewer severe emotional distress.

m. On or about September, 2014 Defendant Corporal Nicholas Clark slammed James Brewer's right hand repeatedly in the food slot when he tried to talk about what Sergeant Armstead had done. Corporal Nicholas Clark said he already knew "what Brewer's hard ass did" or words to that effect. This caused severe emotional distress, grievous bodily injury, and pain and suffering to James Brewer.

n. On or about between October 26, 2014 – October 29, 2014 Sergeant Armstead came to the lower bottom right tier of the hole of South One and he came down there. This was on the midnight shift. At this time James Brewer was in cell 67. Sergeant Armstead was drinking coffee and he said "you all motherfuckers really thought that you all was going to give me hell, huh." He said "I'm back and now I'm really going to make you all strip, squeeze your asses and smack your asses. I'm going to make y'all work for your food" or words to that effect. This caused James Brewer severe emotional distress.

o. The next day Defendant Sergeant Armstead said in front of other inmates, referring to the three Plaintiffs herein, "Brewer and you all are snitches, Brewer is hot, Brewer

12

is hot, he is a hot faggot, " or words to that effect. He said this in front of other inmates thereby putting Plaintiff Brewer's life in danger. He went on to say that "Ms. Thomas is my old co-worker and we all stick together", or words to that effect. Again Defendant Sergeant Armstead was on the tier and James Brewer was in cell 67. This put James Brewer's life in danger and caused him severe emotional distress.

p. Defendant Sergeant Armstead has continued to harass James Brewer and to falsely tell other inmates that he is a "snitch" thereby continuing to put his life in danger and causing him severe emotional distress.

q. On March 2, 2015 Corporal Alfred Hayes entered James Brewer's cell, confiscated a draft copy of this lawsuit that Plaintiffs' counsel had left for James Brewer to review, and then ripped up and destroyed all of his other confidential legal papers, personal papers and possessions causing James Brewer extreme emotional distress. Corporal Hayes came back later in the evening and ripped up the draft lawsuit in front of James Brewer.

As a proximate cause of the repeated sexual assault and harassment by Sergeant Armstead , the retaliation and threats, the beatings and physical assaults and dissemination of the falsehood that he was a "snitch" by the Defendants as well as the confiscation and/reading and/or destruction of his legal papers, personal papers and personal property James Brewer has suffered pain and suffering, lack of access to the courts and counsel, and severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. He has had to take anti-depression medication and undergo therapy. These emotional injuries appear to be permanent.

Also as a direct proximate cause of the above stated wrongful acts of the Defendants and each of them James Brewer has also suffered serious physical injuries from being physically beaten and assaulted, including having his arm twisted behind his back, slammed in the food slot and almost broken. His injuries have required medical attention. He has permanent scarring on his right hand and his right arm and shoulder is permanently injured. He has also suffered pecuniary loss.

WHEREFORE, James Brewer seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

### PLAINTIFF MARQUETTE FRAZIER

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Marquette Frazier:

15. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the D.C. Jail, acting with deliberate indifference, malice and under color of state law and did engage in multiple acts defined as sexual harassment, sexual assault, and sexual discrimination towards Plaintiff Marquette Frazier, who is gay. These acts include but are not limited to Defendant Sergeant Armstead demanding that Plaintiff Marquette Frazier masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food on multiple occasions. Defendant Sergeant Armstead also forced Plaintiff Marquette Frazier to stick his finger up his anus before he was served his food on multiple occasions. Pllaintiff Marquette Frazier was also

14

made to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason and then told to bend down, spread his butt cheeks, and lift up his penis on multiple occasions for no valid or legal reason. Sometimes Marquette Frazier would be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead would also call Marquette Frazier, who is gay, "Faggot" and other pejorative terms for homosexual. Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Marquette Frazier that he would sing to him. All of these acts occurred on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about Marquette Frazier's cell on the South One Cellblock, at or about Cell 69 during mostly at or about the midnight shift from 12:00 am – 8:00 am in the morning, although sometimes a little later as can be seen below. During these times Marquette Frazier was incarcerated in his cell and was helpless to defend himself. Plaintiff Frazier had no other source of food except for Defendant Sergeant Armstead.

16. After Marquette Frazier reported the sexual assaults, harassment, discrimination and abuse inflicted upon him to Internal Affairs he was retaliated against from on or about August 1, 2014 until his release from the D.C. Jail on or about November 7, 2014. During that time period the Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference and while under color of state law and while in the scope of their employment with the District of Columbia did harass and retaliate against Marquette Frazier on a continuing basis including but not limited to the following dates and times:

a. Approximately 4:00 a.m. on August 31, 2014 Defendant Officer Bobby Graham slammed Marquette Frazier's hand in the food slot of his cell on the South One

Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

b. Approximately 4:30 a.m. on or about August 31, 2014 Defendant Officer Alhaji Jabbie hit Marquette Frazier in the face with a closed fist when Marquette Frazier had cuffs on in the sally port next to the control bubble on South One Cellblock causing pain, grievous bodily injury and emotional distress;

c. Approximately 9:30-9:45 a.m. on September 1, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot of his cell on the South One Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

d. On or about September 1, 2014 through on or about November 7, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot on the South One Cellblock, at or about Cell 69 or on multiple occasions during the abovementioned midnight shift causing pain, grievous bodily injury and emotional distress;

e. Defendants and John Does I-V on a repeated basis during this time period called Marquette Frazier names and threatened him because he reported Defendant Sergeant Armstead to authorities;

f. Defendant Corporal Nicholas Clark and the other Defendants repeatedly called Marquette Frazier a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff Marquette Frazier's life in danger and causing Marquette Frazier fear and severe emotional distress.

16

g.  The Defendants and John Does I-V repeatedly entered Marquette Frazier's cell and read and/or confiscated and/or destroyed confidential legal papers and personal papers.

17. Marquette Frazier was repeatedly sexually abused as a child. As a proximate cause of the repeated sexual harassment and abuse by Defendant Sergeant Armstead, and the retaliation, threats, physical assaults and harassment by the Defendants as well as the confiscation and/or destruction of his legal papers, personal papers and personal property he has suffered severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. Indeed, he made a suicide attempt in the D.C. Jail as a result of the above listed acts of the Defendants and each of them. These emotional injuries appear to be permanent. He has had to receive mental health treatment as a result of the treatment he received from the Defendants.

18. As a further proximate cause of the wrongful acts of the Defendants as set forth above Marquette Frazier has also suffered serious physical injuries from being punched in the face, beaten and having the food slot repeatedly slammed on his right hand. He needed medical attention when he was punched in the face and received a black eye on his right eye. He needed medical attention for his right hand multiple times as well. It appears that he has scarring that is permanent on his right hand and eye area.

WHEREFORE, Marquette Frazier seeks damages for physical injuries, pain and suffering, pecuniary loss, emotional distress and exemplary damages.

**ARIK SIMS**

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Arik Sims:

19. On or about June 1, 2014 through July 31, 2014, during the midnight shift from on or about 12:00 a.m. to 8:00 a.m., Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the District of Columbia Jail, acting with deliberate indifference, malice and under color of state law did engage in multiple acts defined as sexual harassment and sexual assault towards Plaintiff Arik Sims. These acts include but are not limited to Defendant Sergeant Armstead demanding that Arik Sims masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food. This happened on multiple occasions. Defendant Sergeant Armstead also forced Arik Sims to strip, spread his butt cheeks, and then stick his finger up his anus while Defendant Sergeant Armstead watched. On other occasions Arik Sims was simply told to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason. If he refused to do so, Defendant Sergeant Armstead would tell him that he would not get any food. Arik Sims had no choice but to obey Defendant Sergeant Armstead's demands. This happened on multiple occasions. Sometimes Arik Sims would in fact be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Arik Sims that he would sing to him. All of these acts went on on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about cell 79 on the South One Cellblock during the midnight shift from

18

at or about 12:00 am – 8:00 am in the morning. During these times Arik Sims was incarcerated in his cell and helpless. Defendant Armstead was his only source of food.

20. After Arik Sims reported the sexual abuse and harassment inflicted upon him by Defendant Sergeant Armstead to Internal Affairs he was retaliated against and harassed from on or about August 1, 2014 until the present time. During this time period Defendants, and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while under color of state law did retaliate against Arik Sims on a continuing basis including but not limited to the following incidents all occurring at or about between August 1, 2014 and continuing through the present on the South One Cellblock during the midnight shift at or about cell 79:

   a. Between on or about August 1, 2014 continuing until the present time the Defendants Corporal Nathaniel Robinson, Corporal Alexander, Corporal Damian Barnes and Corporal Nicholas Clark, along with Lieutenant Newtonberg, have been coming into Arik Sims' cell and destroying and/or reading protected confidential legal papers, personal photographs, commissary, and other protected personal property including his radios. While ransacking the cell the first time Defendants Barnes and Nicholas Clark stated: "You are the jailhouse snitches. You are getting our officers in trouble. Maybe this will teach you a lesson that you fucked up. This will teach you," or words to that effect;

   b. During the same time period Defendants Corporal Damian Barnes and Private Adebowale Salako slammed Arik Sims' left hand in the food slot of his cell causing pain and suffering, grave bodily injury and severe emotional distress;

19

c. During the same time period these same jail personnel have repeatedly called Arik Sims a "jailhouse snitch" in front of other inmates for getting their officers in trouble and have said that they will teach him a lesson causing Arik Sims thereby putting Arik Sims' life in danger and causing him fear and severe emotional distress;

d. During the same time period John Does I-V started calling Arik Sims a "snitch," also telling other inmates that he was a "snitch" and "hot" thereby putting his life in danger and causing Arik Sims fear and severe emotional distress;

e. From on or about August 1, 2014 and continuing until the present time Defendant Corporal Damian Barnes slammed Arik Sims' left hand in the food slot of his jail cell causing pain and suffering, severe bodily injury and severe emotional distress;

f. Between on or about August 1, 2014 and the present Defendant Sergeant Armstead came to Cellblock South One three nights in a row, although Arik Sims had a separation order from him, and said that he knew everything about the internal affairs investigation, that Ms. Thomas, who was conducting the Internal Affairs sexual assault/harassment investigation was a good friend of his, that they were not going to do anything to him because he was an officer and that Plaintiffs Brewer, Frazier and Sims were criminals. Sgt. Armstead knew everything that they had said about him in the investigation.

Again these incidents occurred largely at or about the midnight shift, at or about 12:00 a.m. until 8:00 a.m.

g. Defendant Sergeant Armstead continues to come to the Unit and harass Arik Sims by singing dirty ditties directed towards Plaintiff and calling Arik Sims a snitch.

20

21. As a proximate result of the repeated sexual abuse, by Defendant Sergeant Armstead and the retaliation and threats, physical abuse and assaults by the Defendants, and the dissemination of the false allegation that he was a "snitch" to other inmates, as well as the confiscation and/ordestruction of his legal papers, personal papers and personal property, Plaintiff Arik Sims has suffered fear, severe psychological and emotional distress. He has felt "dirty, " humiliated and embarrassed." He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. These emotional injuries appear to be permanent. He requires mental health treatment as a proximate cause of all of the above.

22. As a proximate result of the beatings and physical assaults that Arik Sims has suffered at the hands of Defendants, Arik Sims has also suffered serious physical injuries from being beaten and from having the food slot repeatedly slammed on his left hand. He has permanent scarring on his left hand and he has nerve damage and permanent injury to his left hand as well as other physical injuries.

WHEREFORE, Arik Sims seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT ONE
### Violation of 42 U.S.C. § 1983
### EIGHTH AMENDMENT
### (District of Columbia, Warden William Smith)

23. Plaintiff incorporates by reference the paragraphs above.

24. Defendants Warden William Smith and the District of Columbia, through their policies, practices, acts, and omissions have and continue to exhibit deliberate indifference to the sexual harassment, sexual assault, sexual abuse, sexual

discrimination, and continued physical assaults, beatings and use of excessive force against Plaintiffs in violation of the rights of these Plaintiffs, to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

25. As a proximate result, Defendants, through their policies, practices, acts and omissions have subjected and continue to subject Plaintiffs to the unnecessary and wanton infliction of pain, and emotional and physical injury in violation of the Eighth Amendment of the United States Constitution that guarantees citizens of the United States to be free from cruel and unusual punishment.

26. With deliberate indifference to the substantial risk of serious harm to the Plaintiffs, Defendants have failed to, among other things, train, assign, and supervise staff, resulting in the Plaintiffs being exposed to and victimized by sexual abuse, sexual assault, sexual harassment, sexual discrimination, physical abuse, multiple beatings, physical assaults, and the use of excessive force in violation of the Eighth Amendment of the United States Constitution.

27. With deliberate indifference to the substantial risk of serious harm to Plaintiffs, Defendants have failed to and continue to fail to appropriately investigate and act upon complaints of sexual abuses and retaliation, and physical abuse, at the D.C. Jail, thereby subjecting Plaintiffs to ongoing sexual abuse, physical abuse, sexual discrimination and harassment and retaliation by staff for reporting staff sexual misconduct, physical abuse, beatings and other physical mistreatment in violation of the Eighth Amendment

of the United States Constitution.

28. In his unlawful treatment of Plaintiffs Defendant William Smith

has acted willfully, wantonly, and/or with malice or with conscious

and/or reckless indifference to Plaintiff's rights under law.

29.As a proximate result of the above wrongful and/or outrageous

acts of the Defendants, Plaintiffs have suffered great physical and

emotional pain and other damages.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.


<u>COUNT TWO</u>
**Violation of 42 U.S.C. § 1983**
**FOURTH, FIFTH AND FOURTEENTH AMENDMENTS**
**(District of Columbia, Warden William Smith)**

30. Plaintiff incorporates by reference the paragraphs above.

31. Defendants Warden William Smith and the District of Columbia, by their policies,

practices and acts have deprived Plaintiffs of their right to be free from sexual abuse,

sexual harassment, and sexual discrimination and of their bodily integrity and of

their right to privacy, without due process of law, in violation of the Fourth,

Fourteenth and Fifth Amendments of the United States Constitution.

32. Defendants Warden William Smith and the District of Columbia, by their policies,

practices and acts were deliberately indifferent to and/or violated Plaintiff's

Fourth, Fourteenth and Fifth Amendment rights to be free from unreasonable

searches and seizures in searching their cells for no valid or legal reason and

23

without probable cause and also violating their rights to privacy under the same Amendments by entering their cells on multiple occasions for no valid reason and improperly seizing and destroying their personal property, personal papers and legal papers without due process of law.

33. As a proximate result of the above wrongful/outrageous acts of Defendants, Plaintiffs have suffered great emotional pain and suffering other damages. WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss and exemplary damages.

## COUNT THREE
### Violation of 42 U.S.C. § 1983
### FIRST AMENDMENT AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

34. Plaintiffs incorporate by reference the paragraphs above.

35. Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs in violation of their rights to freedom of speech and to seek redress of grievances under the First and Fourteenth Amendments to the United States Constitution.

36. Further, Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs by entering their cells and confiscating and/or destroying and/or reading their confidential legal and personal and business papers in violation of their First Amendment rights to freedom of speech and to correspond with others.

24

37. As a proximate cause of the wrongful and/or outrageous acts of Defendants,

Plaintiffs have suffered extreme emotional distress, and physical injuries as a result

of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for pain and suffering, emotional

distress, pecuniary loss and exemplary damages.

## COUNT FOUR
### Violation of 42 U.S.C. § 1983
### SIXTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

38. Plaintiffs incorporate by reference the paragraphs above.

39. Defendants, through their policies, practices, and acts, subjected Plaintiffs to

retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to

Internal Affairs in violation of their rights to access to the courts and their right to

counsel in violation of the Sixth, Fifth and Fourteenth Amendments to the United

States Constitution.

40. Specifically, Defendants, through their policies, practices, and acts, subjected

Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant

Armstead to Internal Affairs by entering their cells and confiscating and/or

destroying and/or reading their confidential legal papers in violation of their Sixth

Amendment rights to access to the courts, right to counsel, and due process.

41. As a proximate cause of the wrongful and/or outrageous acts of Defendants,

Plaintiffs have suffered extreme emotional distress, and lack of access to the courts

and counsel as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss and exemplary damages.

## COUNT FIVE
### Violation of 42 U.S.C. § 1983
### (District of Columbia, Warden William Smith, Sergeant Jonathan Armstead, Corporal Nicholas Clark, Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III, Corporal Damian Barnes, Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson, Officer Joseph Alexander)

42. Plaintiffs incorporate by reference the paragraphs above.

43. 42 U.S.C. Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

44. Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark, Sergeant Jiles Johnson, Corporal Thomas, Corporal Damian Barnes, Officer Bobby Graham, Officer Alhaji Jabbie, Private Adebowale Salako, Officer Joseph Alexander and John Does I-V and each of them have deprived Plaintiffs of their constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as set forth above and are therefore liable for damages under 42 U.S.C. Section 1983.

26

45. Specifically Defendant Sergeant Jonathan Armstead subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by subjecting Plaintiffs to acts of sexual harassment, sexual assault and sexual discrimination as set forth above.  Sergeant Armstead also subjected Plaintiffs to a violation of their bodily integrity and right to privacy in violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution without due process of law.

46. The Defendants and each of them have subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by physically assaulting and/or subjecting them to the use of excessive force for no justifiable or legal reason as set forth above.

47. Defendants and each of them have breached Plaintiffs' right to privacy under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal and personal papers and belongings without legal cause or justification.

48. Defendants and each of them have breached Plaintiffs' First Amendment rights to freedom of speech by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal, personal and business papers without legal cause or justification.

49. Defendants and each of them have breached Plaintiffs' right of freedom of speech under the First Amendment to the United States Constitution by retaliating against Plaintiffs when they exercised their right of free speech to complain to Internal

27

Affairs about the sexual abuse/assault/harassment/discrimination being inflicted

upon them by Defendant Sergeant Armstead.

50. Defendants and each of them have breached Plaintiffs' right under the Sixth,

Fourteenth and Fifth Amendments to the Constitution to access to the courts, access

to counsel, and due process by seizing and/or reading and/or destroying

confidential legal papers supplied to Plaintiffs by their counsel.

51. As a proximate cause of Defendants wrongful and/or outrageous acts of misconduct

and violation of Plaintiffs aforesaid Constitutional rights, Plaintiffs have suffered

severe emotional and physical injuries and other injuries as set forth above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT SIX
### Assault and Battery
**(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)**

52. Plaintiff incorporates by reference the paragraphs above.

53. The defendants named in this count, during the course and scope of their

employment with the Department of Corrections, an agency of the Defendant District of

Columbia, assaulted and battered plaintiffs multiple times in the manner, time and places

described above. These include both the beatings described above, the slamming of plaintiffs' hands in their food slots, Defendant Armstead's sexual assaults/harassment/discrimination, and any other assaults described above.

54.   As a direct and proximate result of the above-described actions, plaintiffs suffered serious bodily injury. They experienced suffering, bodily pain and mental anguish, and they have suffered pecuniary loss and permanent injury.

55.   The multiple assaults and battery, including the sexual assaults, were allowed, fomented and encouraged by the practices, policies, omissions and commissions of the Defendants District of Columbia and Warden William Smith as described above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT SEVEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(District of Columbia, Warden William Smith, Sergeant Jonathan Armstead, Corporal Nicholas Clark, Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III, Corporal Damian Barnes, Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson, Officer Joseph Alexander)

56. Plaintiff incorporates by reference the paragraphs above.

57. By the conduct and actions described above, the acts of the

Defendants named in this count, acting in the course and scope

of their employment with the Defendant District of Columbia, in

29

intentionally physically assaulting Plaintiffs, and/or sexually

assaulting/harassing Plaintiffs, and/or searching/entering

Plaintiffs' cells without cause and destroying their personal

and/or legal papers and/or property and/or telling other

inmates that Plaintiffs were snitches thereby endangering their

lives and/or doing other physical harm to Plaintiffs while

Plaintiffs were locked in their cells and helpless, and posed no

risk of harm, were extreme, outrageous, and utterly intolerable

in a civilized society. This conduct exceeded all reasonable

bounds of decency. These acts caused Plaintiffs extreme

emotional distress and physical injury. These acts are

outrageous, shock the conscious of a civilized nation, and

constitute the tort of intentional infliction of emotional distress.

58. By the conduct and actions described above, the acts of

Defendants, and each of them, acting in the course and scope of

their employment with the District of Columbia described above,

were intended to and did cause severe emotional distress and

physical injury to Plaintiffs.

59.    By the conduct and actions described above, the acts of

Defendants acting in the course and scope of their employment with

the District of Columbia, was the direct and proximate cause of

emotional and physical injury and damage to Plaintiffs and violated

their statutory and common law rights as guaranteed by the laws of

the District of Columbia and Constitution of the United States.

60. As a result of the foregoing, Plaintiffs were subjected to serious
physical and emotional pain and suffering, bodily injury,
pecuniary loss and was otherwise damaged and injured. These
intentional and outrageous acts violate the consciousness of
society and the court and constitute the tort of intentional
infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,
emotional distress, pecuniary loss and exemplary damages.

## COUNT EIGHT
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (District of Columbia, Warden William Smith,
### Sergeant Jonathan Armstead, Corporal
### Nicholas Clark, Lieutenant Ronald Adams,
### Sergeant Jiles Johnson, Corporal Thomas, III,
### Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
### Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
### Corporal Nathaniel Robinson, Officer Joseph Alexander)

61. Plaintiff incorporates by reference the paragraphs above.

62. The defendants and each of them owed Plaintiffs a duty to care for and protect them
without negligently inflicting emotional distress.

63. By the conduct and actions described above, the acts of the Defendants named in this
count, acting in the course and scope of their employment with the Defendant District
of Columbia, in negligently physically assaulting Plaintiffs, and/or sexually

31

assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without

cause and destroying their personal and/or legal papers and/or property and/or

telling other inmates that Plaintiffs were snitches thereby endangering their lives

and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their

cells and helpless, and posed no risk of harm, constitutes the tort of negligent infliction

of emotional distress.

64. Defendants were careless and negligent as to the emotional health of Plaintiffs, and

caused severe emotional distress to Plaintiffs as well as severe physical injury.

65. The acts of Defendants, acting in the course and scope of their employment with the

District of Columbia and the conduct of the District of Columbia were the direct and

proximate cause of injury and damage to Plaintiffs and violated their statutory and

common law rights as guaranteed by the laws of the District of Columbia and the

Constitution of the United States.

66.        As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and were otherwise damaged and injured. The negligence of

Defendants in breaching their duty to Plaintiffs and causing emotional

distress and physical injuries to Plaintiffs constitutes the tort of

negligent infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

**COUNT NINE**
**NEGLIGENCE**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

67. Plaintiff incorporates by reference the paragraphs above.

68. The Defendants and each of them owed a duty to Plaintiffs to perform their
correctional officer duties without the use of excessive force and to care for and
protect Plaintiffs.

69. The use of excessive force by the Defendants acting in the course and scope of their
employment with the District of Columbia, and the conduct of the District of Columbia
upon Plaintiffs, when they were unarmed and helpless and did not pose a threat of
death or grievous bodily injury to them or to others constitutes a breach of that duty
owed to Plaintiffs resulting in negligence for which the Defendants are liable both
individually and vicariously.

70.     As a result of the foregoing, Plaintiffs were subjected to serious
physical and emotional pain and suffering, bodily injury, pecuniary loss
and was otherwise damaged and injured.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,
emotional distress, pecuniary loss and exemplary damages.

33

## COUNT TEN
## NEGLIGENT SUPERVISION, RETENTION AND TRAINING
### (Warden William Smith and District of Columbia)

71. Plaintiffs incorporate by reference the paragraphs above.

72. Defendants Warden William Smith and the District of Columbia had a duty to properly

train, retain and supervise the Defendant Correctional Officers.

73. These Defendants breached that duty by negligently training, retaining and

supervising the said defendants.

74. The acts and conduct of these Defendants and each of them were the direct and

proximate cause of the above stated injuries and damages to Plaintiffs and violated

their statutory and common law rights as guaranteed by the laws of the District of

Columbia.

75.       As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and was otherwise damaged and injured.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.


## COUNT ELEVEN
### (RESPONDEAT SUPERIOR LIABILITY OF THE DISTRICT OF COLUMBIA)

76. Plaintiffs incorporate by reference the paragraphs above.

77. The misconduct of each of the correctional officers as alleged herein occurred while

they were on duty as correctional officers employed by the District of Columbia and in

uniform, in and during the course and scope of their duties as correctional officers and

34

while they were acting as an agent, officer, servant and employee of the Defendant District of Columbia.

78. As a result, Defendant District of Columbia is liable to Plaintiffs pursuant to the common law doctrine of respondeat superior.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays that this Honorable Court grant him the following relief, jointly and severally, against all defendants:

**JAMES BREWER**

1. Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2. Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3. Costs and interest and attorney's fees;

4. Any other award the Court deems just and equitable

35

**MARQUETTE FRAZIER**

1.   Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2.   Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.   Costs and interest and attorney's fees;

4.   Any other award the Court deems just and equitable

**ARIK SIMS**

1.   Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2.   Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.   Costs and interest and attorney's fees;

4.   Any other award the Court deems just and equitable.

## PRAYER FOR JURY TRIAL

Plaintiff demands trial by jury.

Respectfully submitted,

Jane Carol Norman, Esquire #384030
Bond & Norman Law, PC
American Association of Justice Building
777 Sixth Street NW
Suite 410
Washington, D.C. 20001
Telephone (202) 682-4100
Cell Phone (202) 423-3863
Email Janenorman@bondandnorman.com

Attorney for Plaintiffs

37



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer, et. AL._
_____
Plaintiff

vs.

**15 - 0 0 0 1 4 2 5**

Case Number _____

_District of Columbia, et. AL._
_____
Defendant

_Serve: private_
_Adebowale Selako_
_Individual_

**SUMMONS**

To the above named Defendant:

　　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　　You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6th st NW # 410_
_____
Address
_Washington, DC 20001_

_202 423 3863_
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _03/04/2015_

如需要翻译，请打电话 (202) 879-4828　　Veuillez appeler au (202) 879-4828 pour une traduction　　Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오.　　 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

　　**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

　　If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                          Demandante

           contra

                                                    Número de Caso: _____

_____
                                          Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____              *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                          Por: _____
_____                    Subsecretario
Dirección

_____
                                          Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면,(202) 879-4828 로 전화주십시오     የአማርኛ ተርጓሚ ለማግኘት ለ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.   SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.  SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                          CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

_James Brewer, et. Al._
_____
Plaintiff

15 - 0 0 0 1 4 2 5
Case Number _____

vs.

_District of Columbia, Et. Al._    Serve: Sergeant
_____         Joseph Stevenson
Defendant                               Individual Capacity

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
Name of Plaintiff's Attorney

_777 6th St NW #410_          By _____
Address                                    Deputy Clerk

_Washington, DC 20001_
_202 423 3863_               Date _03/04/200_
Telephone

如需翻譯,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                    Demandante

    contra

Número de Caso: _____

_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                  *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                 Por: _____

_____
Dirección                                                    Subsecretario

_____

_____
Teléfono                                          Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer, et. Al._
_____
Plaintiff

vs.

Case Number **15 - 0001425**

_District of Columbia, Et. Al._
_____
Defendant

_Serve: Officer_
_Bobby Graham_
_Official Capcity_

**SUMMONS**

To the above named Defendant:

 You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

 You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6th St NW # 410_
_____
Address

_Washington, DC 20001_

_202 423 3863_
_____
Telephone

Clerk of the Court

By _____
 Deputy Clerk

Date _03 04 7005_

如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ።

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

 If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                    Demandante

             contra

                                    Número de Caso: _____
_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

                                          Por: _____
Dirección                                                    Subsecretario
_____

                                          Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN A LA DEMANDA EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                                    CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_JAMES BREWER, et. AL._
_____
Plaintiff

vs.

_DISTRICT OF COLUMBIA, ET. AL._
_____
Defendant

**15 - 0 0 0 1 4 2 5**

Case Number _____

**SUMMONS**

_SERVE: Coroporal_
_Thomas III official_
_Capacity_

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6ᵗʰ ST NW # 410_
_____
Address

_Washington, DC 20001_

_202 423 3863_
_____
Telephone

By _____
Deputy Clerk

Date _03/04/2015_

Clerk of the Court

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                                CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

                contra

                                                    Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

   Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o el Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

   A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

                                        Por: _____
_____
Dirección                                              Subsecretario

                                        Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오       የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

   IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

   Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                    CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

_James Brewer, et. AL._
_____
Plaintiff

**15 - 0 0 0 1 4 2 5**

vs.

Case Number _____

_District of Columbia, et. AL._
_____
Defendant

**SUMMONS**

_Serve: Officer_
_Alahi Jebbie Individual_
_cro T._

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6th St NW #410_
_____
Address

_Washington, DC 20001_
_____

_202 423 3863_
_____
Telephone

Clerk of the Court

By _____
        Deputy Clerk

Date _03/04/2015_

如需翻译，请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

_____
Demandado

Número de Caso: _____

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección                                             Subsecretario

_____

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde pueder ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

James Brewer, et. AL.
_____
Plaintiff

vs.                                    Case Number 15 - 0001425

District of Columbia, et. AL.
_____
Defendant

**SUMMONS**     Serve : Corporal
                Damian Barnes Official

To the above named Defendant:                              Capacity
)

   You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

   You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jane Norman
_____
Name of Plaintiff's Attorney

777 6th st NW # 410                          By _____
_____                         Clerk of the Court
Address                                                      Deputy Clerk
Washington, DC 20001
_____
202 423 3863                                 Date  03/04/2005
_____
Telephone

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     ለትርጉም ተጨማሪ መረጃ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

   If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                    Demandante

contra

_____                    Número de Caso: _____
                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                        Por: _____
_____                    Subsecretario
Dirección

_____          Fecha _____

_____
Teléfono

如需翻譯,請打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오           የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

James Brewer, et. AL.
_____
Plaintiff

vs.                                    Case Number 0001425

District of Columbia, ET. AL.   Serve: Sergeant
_____      Tiles Johnson
Defendant                             Official Capacity

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jane Norman
_____
Name of Plaintiff's Attorney                          Clerk of the Court

777 6th St NW # 410                    By _____
_____                        Deputy Clerk
Address

Washington, DC 20001
_____       Date 03/04/2015
202 423 3863
_____
Telephone

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      ? አማርኛ? ትርጉም? ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                              CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

|  |  |
|---|---|
|  | Demandante |
| contra |  |
|  | Número de Caso: |
|  | Demandado |

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

| Nombre del abogado del Demandante |  |
|---|---|
|  | Por: _____ |
| Dirección | Subsecretario |
|  | Fecha _____ |
| Teléfono |  |

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

James Brewer, et. AL.
_____
Plaintiff

vs.

Case Number 15 - 0 0 0 1 4 2 5

District of Columbia, ET. AL.
_____
Defendant

**SUMMONS**

Serve Lieutenant
Ronald Adams
Official Capacity

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jane Norman
_____
Name of Plaintiff's Attorney

777 6th St NW # 410
_____
Address

Washington, DC 20001
_____

202 423 3863
_____
Telephone

By _____
Deputy Clerk

Date 03/04/2015

如需翻譯,請打電話 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오         የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

    **IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                          Demandante

contra

_____                Número de Caso: _____
                          Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____           *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                           Por: _____
_____
Dirección                                                    Subsecretario

                                           Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer, et. Al._
_____
Plaintiff

vs.

Case Number **15 - 0 0 0 1 4 2 5**

_District of Columbia, et. Al._
_____
Defendant

**SUMMONS**    _Serve: Sergeant_
_Jonathan Armstead_
_Official Capacity_

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6th St NW # 410_
_____
Address

_Washington, DC 20001_
_____

_202 423 3863_
_____
Telephone

By _____
Clerk of the Court

Deputy Clerk

Date _03 04 2015_

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                    Demandante
              contra

                                                    ·Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

   Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación.  Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante.  El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

   A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados.  Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante.  Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                            *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____
_____                        Subsecretario
Dirección

_____

                                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요         የትርጉም ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE:  SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.  SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.  SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

   Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

_James Brewer, et. AL._
_____
Plaintiff

vs.

15 - 0 0 0 1 4 2 5

Case Number _____

_District of Columbia, ET. AL._
_____
Defendant

**SUMMONS**

_Serve Corporal_
_Nicholas Clark_
_Official Capacity_

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6th St NW # 410_
_____
Address

_Washington, DC 20001_
_____

_202 423 3863_
_____
Telephone

By _____
Clerk of the Court

Deputy Clerk

Date _03/04/2015_

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오.    714ፕ·ኅ 7·ር7·ፖ ሰማዋፕ7 (202) 879-4828 ይደዉሱ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                             CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                              Demandante

contra

_____
                              Demandado

Número de Caso: _____

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
                              Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.   SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.   SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

James Brewer, et. AL.
_____
Plaintiff

vs.                                                    Case Number   15 - 0 0 0 1 4 2 5

District of Columbia, ET. AL.
_____
Defendant

SUMMONS    Serve: AG Karl
To the above named Defendant:        Racine For Warden
William Smith

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jane Norman
_____
Name of Plaintiff's Attorney

777 6th St NW #410            By  _____
_____                        Deputy Clerk
Address

Washington, DC 20001
_____
                                                      Date   03 04 2015

202 423 3863
_____
Telephone

Clerk of the Court

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오         የትርጉም አገልግሎት ከፈለጉ በ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                              Demandante

contra

_____        Número de Caso: _____
                              Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                  *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                              Por: _____
_____              Subsecretario
Dirección

                              Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오           የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                              CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer, et. Al._
_____
Plaintiff

vs.                                    Case Number **15 - 0001425**

_District of Columbia, et. Al._
_____
Defendant

**SUMMONS**     _Serve: Mayor Muriel_
_Bowser for Warden_
_William Smith_

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6th St NW # 410_
_____
Address

_Washington, DC 20001_
_____

_202 423 3863_
_____
Telephone

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화하십시오     ባኅግር ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

_Clerk of the Court_

By _____
                    Deputy Clerk

Date _03/04/2015_

     IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

     If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                        CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                                    Demandante

                contra

                                    Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después de que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

                                    Por: _____
_____
Dirección                                          Subsecretario

                                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

_JAMES BREWER, et. AL._
_____
Plaintiff

vs.                                Case Number **15 - 0 0 0 1 4 2 5**

_DISTRICT OF COLUMBIA, ET. AL._
_____
Defendant              _SERVE: AG KARL RACINE_
                       _FOR the DISTRICT_
**SUMMONS**          _OF COLUMBIA_

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_JANE NORMAN_
_____
Name of Plaintiff's Attorney

_777 6th ST NW # 410_              Clerk of the Court
_____
Address                            By _____
                                           Deputy Clerk
_Washington, DC 20001_
_____
_202 423 3863_                     Date _03 / 04 / 2015_
_____
Telephone

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      ናስጥቻቸ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    **Demandante**
        contra

                                                    Número de Caso: _____
_____
                                    **Demandado**

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____
_____
Dirección                                                    Subsecretario

_____
                                    Fecha _____
_____
Teléfono

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                    CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

James Brewer, et. AL.
_____
Plaintiff

vs.                                    Case Number _____

District of Columbia, ET. AL.
_____
Defendant

15 - 0 0 0 1 4 2 5

Serve: MAYOR MURIAL BOWSER SMITH
WARREN WILLIAM

SUMMONS for the District of Columbia official

**To the above named Defendant:**

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jane Norman
_____
Name of Plaintiff's Attorney

777 6th st NW # 410
_____
Address

Washington, DC 20001
_____

202 423 3863
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 03/04/2015

如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ·

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                        Demandante
                contra
                                                        Número de Caso:  _____

_____
                                        Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por:  _____
_____
Dirección                                                    Subsecretario

_____
                                        Fecha  _____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                                CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer, et. AL._
_____
Plaintiff

vs.

Case Number **15 - 0 0 0 1 4 2 5**

_District of Columbia, Et. AL._    Serve: Private
_____   Warden William Smith
Defendant                          Adebototo Sataku
                                   Individual

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6th st NW # 410_
_____
Address

_Washington, DC 2000l_

_202 423 3863_
_____
Telephone

    _Clerk of the Court_

By _____
             Deputy Clerk

Date _03  04  200_

如需翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                  CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                          Demandante

                    contra

                                          Número de Caso: _____

_____
                                          Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                          *SECRETARIO DEL TRIBUNAL*
_____
Nombre del abogado del Demandante

                                          Por: _____
_____
Dirección                                                 Subsecretario

                                          Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      ያስተርጉም ትፈልጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer et Al_
_____
Plaintiff

vs.                                                Case Number **15 - 0 0 0 1 4 2 5**

_District of Columbia et Al_
_____
Defendant

**SUMMONS**      _Serve: Officer_
_Joseph Alexander_
_Official_

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney                    Clerk of the Court

_777 6th St NW #410_                    By _____
Address                                                    Deputy Clerk
_DC 20001_

_202 423 5863_                        Date _08/04/2015_
Telephone

如需翻译, 请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      ያስተረጉም ከፈለጉ ስልክ ቁጥር (202) 879-4828 ይደውሉ

    **IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante

                contra

                                    Número de Caso: _____

_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____

_____
Dirección                                        Subsecretario

_____
                                    Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.  SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.  SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                            CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer et Al_
Plaintiff

vs.

**15 - 0001425**

Case Number _____

_District of Columbia et Al_
Defendant

**SUMMONS**

_Serve;_
_Officer Joseph_
_Alexander Individual_

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
Name of Plaintiff's Attorney

_777 6th St NW # 910_
Address

_D C 26601_

_202 423 3863_
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                        Demandante

            contra

                                    Número de Caso: _____

_____
                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                Por: _____

_____
Dirección                                       Subsecretario

_____

                                Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요         የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

**Vea al dorso el original en inglés**
**See reverse side for English original**

                                                                CASUM.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer et al_
Plaintiff

vs.

15 - 0 0 0 1 4 2 5

Case Number _____

_District of Columbia et al_
Defendant

**SUMMONS**

_serve Corporal_
_Nathaniel Robinson_
_official Capacity_

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
Name of Plaintiff's Attorney

_777 6th st NW #410_
Address

_DC 20001_

_202 423 3863_
Telephone

By _____
Clerk of the Court

_____
Deputy Clerk

Date _03/04/2015_

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오     ያስተረጉም የቐቸ አጣጥት (202) 879-4828 ያድውሱ

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                              Demandante

           contra

                                              Número de Caso:  _____

_____
                              Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                              _SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

                              Por:  _____

_____
Dirección                                          Subsecretario

_____
Teléfono                       Fecha  _____

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
         번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ትርጉም አማካኝነት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

**Vea al dorso el original en inglés**
**See reverse side for English original**

                                                                    CASUM.doc

JAmES Brewer
District Of Columbia
er AL

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_____ Plaintiff

vs.

Case Number **15- 0 0 0 1 4 2 5**

District of Columbia er AL
_____ Defendant

Secve cor-por AL

**SUMMONS**

Natheniel Robinson
InDiviDuAL

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jane Norman
Name of Plaintiff's Attorney

777 6th st NW F 410
Address

pc 20001

202 423 3863
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date 02/04/2015

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     ፖለማኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

                                                   Por: _____
_____
Dirección                                                        Subsecretario

_____

                                                   Fecha _____
_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

**Vea al dorso el original en inglés**
**See reverse side for English original**

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

James Brewer, et al    Case Number: 15 - 0 0 0 1 4 2 5

vs                              Date: 03/04/15

District of Columbia,      ☒ One of the defendants is being sued
et al.                        in their official capacity.

| Name: *(Please Print)* Jane Norman | Relationship to Lawsuit |
|---|---|
| Firm Name: Bond & Norman Law PC | ☒ Attorney for Plaintiff |
| Telephone No.: 202 423 3863   Six digit Unified Bar No.: 384030 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury        ☐ 12 Person Jury
Demand: $ 30 million Dollars  Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                                          **COLLECTION CASES**

☐ 01 Breach of Contract        ☐ 07 Personal Property        ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty        ☐ 09 Real Property-Real Estate  ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 12 Specific Performance      ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees     ☐ 13 Employment Discrimination ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure

**B. PROPERTY TORTS**

☐ 01 Automobile                 ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                 ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process           ☐ 09 Harassment              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection    ☐ 10 Invasion of Privacy         Not Malpractice)
☒ 03 Assault and Battery        ☐ 11 Libel and Slander        ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference   ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution    ☐ 20 Friendly Suit
☐ 06 False Accusation           ☐ 14 Malpractice Legal        ☐ 21 Asbestos
☐ 07 False Arrest               ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                      ☐ 16 Negligence- (Not Automobile, ☐ 23 Tobacco
                                    Not Malpractice)          ☐ 24 Lead Paint

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jun 13

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 04 Condemnation (Emin. Domain)
☐ 05 Ejectment
☐ 07 Insurance/Subrogation
　　Under $25,000 Pltf.
　　Grants Consent
☐ 08 Quiet Title
☐ 09 Special Writ/Warrants
　　(DC Code § 11-941)

☐ 10 T.R.O./ Injunction
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment
☐ 17 Merit Personnel Act (OEA)
　　(D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability
☐ 24 Application to Confirm, Modify,
　　Vacate Arbitration Award
　　(DC Code § 16-4401)

☐ 25 Liens: Tax/Water Consent Granted
☐ 26 Insurance/ Subrogation
　　Under $25,000 Consent Denied
☐ 27 Insurance/ Subrogation
　　Over $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
　　Award (Collection Cases Only)
☐ 29 Merit Personnel Act (OHR)
☐ 30 Liens: Tax/ Water Consent Denied
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower
☐ 34 Insurance/Subrogation
　　Over $25,000 Consent Denied

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
　　Certificate

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
　　Judgment [ D.C. Code §
　　2-1802.03 (h) or 32-1519 (a)]
☐ 20 Master Meter (D.C. Code §
　　42-3301, et seq.)

☐ 21 Petition for Subpoena
　　[Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a) (1)
　　(Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

_____
Attorney's Signature

_02/04/15_
Date

CV-496/Jun 13



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER et al
    Vs.                                    C.A. No.      2015 CA 001425 B
THE DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  March 4, 2015
Initial Conference: 9:30 am, Friday, May 15, 2015
Location:  Courtroom 221
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001                           Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Form 106A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### FAMILY COURT and CIVIL DIVISION

**Arik Sims**
_____

Plaintiff/Petitioner

v.                                                     Case no: **15 - 0 0 0 1 4 2 5**

**District of Columbia** et al

Defendant/Respondent

FILED
CIVIL ACTIONS BRANCH
MAR 0 4 2015
Superior Court
of the District of Columbia
Washington, D.C.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT
## OF COSTS, FEES, OR SECURITY (*In Forma Pauperis*)
### Form 106A

I, **Arik Sims** _____ am the (check one)

☑ Plaintiff/Petitioner    ☐ Defendant/Respondent

I need an interpreter for this case.   I speak the following language:
**N/A** _____ [Insert Language].

I respectfully ask permission to proceed in this case without pre-paying costs
or fees and without giving security for them because I am not able to do so
without substantial hardship to myself or to my family. In support of this
request, I state the following:

Check and answer only those that apply.

### INCOME

1. I receive the following public benefits, and the law presumes that I
am eligible to proceed without prepayment of costs, fees, or security
(see D.C. Code § 15-712):

☐ Temporary Assistance for Needy Families (TANF)
☐ General Assistance for Children (GAC)
☐ Program on Work, Employment and Responsibility (POWER)
☐ Supplemental Security Income (SSI)



2. Even though I do not receive the above public benefits, I receive the following similar benefits and, therefore, request that my Application be approved:

☐ Interim Disability Assistance (IDA) because my SSI application has not been approved/certified

☐ Medicaid

☑ DC Healthcare Alliance or the following similar health benefits (describe) Unity Healthcare, DC Jail                                        .

If you checked any of the above boxes, you do not need to answer any more questions and may skip to the section called "Declaration." Otherwise, you must answer the rest of the questions on this form. If additional information is required, you will be notified.

3. My total income over the past 12 months from all sources (including, but not limited to, my job, other wages or business income, rental income, pensions, annuities or life insurance payments, worker's compensation, unemployment compensation or insurance, annual interest or dividends, gifts, alimony or spousal support, inheritance or trust income) is $ N/A            .

4. I am presently unemployed.  The last date I worked was on
Unemployed more than one yr ,            .
—————————————     ————
      Month                    Year

## DEPENDENTS

5. How many people live in your household and depend on you for support:  N/A         .    Of these people, how many are minor children or elderly?  N/A         .

2                          Form 106A

## ASSETS

6. I state the following about my property:

I have $0_____ in cash, including money in savings or checking accounts.

I own the vehicles, personal home, other real estate, stock, bonds, or other valuable property, besides household furnishings and clothing, listed below:

0_____
_____
_____.

List the Property

## EXPENSES

7.  This is my best estimate of the monthly expenses for myself and the people in my household who depend on me for support:

Housing (rent, mortgage, taxes, & insurance): $ N/A Incarcerated
Public Transportation and Gasoline: $ N/A Incarcerated
Automobile Loan, Insurance, Maintenance: $ N/A Incarcerated
Health (medical, dental, vision, prescriptions, insurance): $ N/A Incarcerated
Food and other Household Necessities: $ N/A Incarcerated
Utilities (including gas, electric, water, phone, internet): $ N/A Incarcerated
Clothing: $ N/A Incarcerated
Child Support: $ N/A Incarcerated
Childcare (including diapers, daycare): $ N/A Incarcerated
Other (explain in detail): $ N/A Incarcerated _____

**Total Estimated Monthly Expenses**: $ N/A Incarcerated

Form 106A

## OTHER SPECIAL CIRCUMSTANCES

☑ 8. (Optional) Explain any other special circumstances that you want to have considered in support of your request, including any large monthly expenses, debts, wage or bank account garnishments, and/or judgments.

I am currently incarcerated at the District of Columbia Jail and expect to remain here for a significant amount of time

4                                               Form 106A

## DECLARATION

**REQUIRED**:   I solemnly swear or affirm under criminal penalties for the making of a false statement, which includes 180 days in jail or a $1,000 fine or both, that I have read this Application and that the factual statements made in it are true to the best of my personal knowledge, information and belief.[1]

_____
Signature

DC Jail 1901 "D" St. SE DC 20003
_____
Address

_____
Phone Number

03/04/15
_____
Date

## POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY

1.  D.C. Code § 15-712.
2.  D.C. Code § 22-2405.
3.  Civil Rule 54-II, Domestic Relations Proceedings Rule 54-II, and Family Rule R.
4.  *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331 (1948).
5.  *Harris v. Harris*, 137 U.S. App. D.C. 318, 322, 424 F.2d 806 (1970), *cert. denied,* 400 U.S. 826 (1970) ("*in forma pauperis* relief not limited to those who are public charges or absolutely destitute").
6.  *Green v. Green*, 562 A.2d 1214 (D.C. 1989) (statute "effectuates the fundamental principle that every litigant should be provided equal access to the courts without regard to financial ability").
7.  *Herbin v. Hoeffel*, 727 A.2d 883, 887 (D.C. 1999) (court officers serve process in *in forma pauperis* cases).
8.  *Cabillo v. Cabillo*, 317 A.2d 866, 866 (D.C. 1974) (per curiam) (reversing denial of *in forma pauperis* status and mandating granting of petition where litigant's income "only slightly above the welfare standard").

_____

[1] When you come to court, you may be asked questions about this Application.  If your responses are not truthful, you could face additional criminal penalties.

Form 106A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### FAMILY COURT and CIVIL DIVISION

**Arik Sims**
_____
Plaintiff/Petitioner

v.

**District of Columbia, et al.**
_____
Defendant/Respondent

> **FILED**
> **CIVIL ACTIONS BRANCH**
> **MAR 04 2015**
> Superior Court
> District of Columbia
> Washington, D.C.

**15 - 0 0 0 1 4 2 5**

Case No. _____

### ORDER

Having considered ☒ Plaintiff/Petitioner's   ☐ Defendant/Respondent's

Application to Proceed without Prepayment of Costs, Fees, or Security, it is

hereby ordered that the Application is:

☐   **GRANTED** in this Family Court case and, pursuant to Domestic

Relations Rule 54-II, witnesses will be subpoenaed without

prepayment of witness fees;

☒   **GRANTED** in this Civil Division case and, pursuant to Civil Rule 54-II,

the officers of the Court will issue and serve all process; witnesses will

be subpoenaed without prepayment of witness fees;

☐   **DENIED**

☐   For the following reasons: _____

_____

☐   For the reasons stated on the record in open court and in the

presence of the applicant or his or her counsel;

3/4/15
_____
Date

Stephanie Duncan-Peters
_____
Judge

6

Form 106A

Form 106A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FAMILY COURT and CIVIL DIVISION



Marquette Frazier
Plaintiff/Petitioner

v.

District of Columbia, et al.
Defendant/Respondent

**FILED**
**CIVIL ACTIONS BRANCH**

**MAR 0 4 2015**

Superior Court
of the District of Columbia
Washington, DC.

15 - 0 0 0 1 4 2

Case no:_____

## APPLICATION TO PROCEED WITHOUT PREPAYMENT
## OF COSTS, FEES, OR SECURITY (*In Forma Pauperis*)
### Form 106A

I, Marquette Frazier _____ am the (check one)

☑ Plaintiff/Petitioner     ☐ Defendant/Respondent

I need an interpreter for this case.   I speak the following language:
N/A _____ [Insert Language].

I respectfully ask permission to proceed in this case without pre-paying costs or fees and without giving security for them because I am not able to do so without substantial hardship to myself or to my family. In support of this request, I state the following:

Check and answer only those that apply.

## INCOME

1. I receive the following public benefits, and the law presumes that I am eligible to proceed without prepayment of costs, fees, or security (see D.C. Code § 15-712):

   ☐ Temporary Assistance for Needy Families (TANF)
   ☐ General Assistance for Children (GAC)
   ☐ Program on Work, Employment and Responsibility (POWER)
   ☐ Supplemental Security Income (SSI)



2. Even though I do not receive the above public benefits, I receive the following similar benefits and, therefore, request that my Application be approved:

☐ Interim Disability Assistance (IDA) because my SSI application has not been approved/certified

☐ Medicaid

☒ DC Healthcare Alliance or the following similar health benefits (describe) Medical Care,  Clarksburg Detention Center                                   .

If you checked any of the above boxes, you do not need to answer any more questions and may skip to the section called "Declaration." Otherwise, you must answer the rest of the questions on this form. If additional information is required, you will be notified.

3. My total income over the past 12 months from all sources (including, but not limited to, my job, other wages or business income, rental income, pensions, annuities or life insurance payments, worker's compensation, unemployment compensation or insurance, annual interest or dividends, gifts, alimony or spousal support, inheritance or trust income) is $ N/A            .

4. I am presently unemployed. The last date I worked was on
Unemployed more than one yr ,               .

    Month            Year

## DEPENDENTS

5. How many people live in your household and depend on you for support: N/A          .    Of these people, how many are minor children or elderly? N/A          .

2                                                                    Form 106A

## **ASSETS**

6. I state the following about my property:

I have $0_____ in cash, including money in savings or checking accounts.

I own the vehicles, personal home, other real estate, stock, bonds, or other valuable property, besides household furnishings and clothing, listed below:

0_____

_____

_____.

List the Property

## **EXPENSES**

7. This is my best estimate of the monthly expenses for myself and the people in my household who depend on me for support:

Housing (rent, mortgage, taxes, & insurance): $ N/A Incarcerated
Public Transportation and Gasoline: $ N/A Incarcerated
Automobile Loan, Insurance, Maintenance: $ N/A Incarcerated
Health (medical, dental, vision, prescriptions, insurance): $ N/A Incarcerated
Food and other Household Necessities: $ N/A Incarcerated
Utilities (including gas, electric, water, phone, internet): $ N/A Incarcerated
Clothing: $ N/A Incarcerated
Child Support: $ N/A Incarcerated
Childcare (including diapers, daycare): $ N/A Incarcerated
Other (explain in detail): $ N/A Incarcerated_____

**Total Estimated Monthly Expenses:** $ N/A Incarcerated

Form 106A

## OTHER SPECIAL CIRCUMSTANCES

☑ 8. (Optional) Explain any other special circumstances that you want to have considered in support of your request, including any large monthly expenses, debts, wage or bank account garnishments, and/or judgments.

I am currently incarcerated in the Clarksburg Detention Center in Montgomery County, Maryland. I just received a sentence of 18 months. Before that I was incarcerated in the District of Columbia Jail. I have not worked in well over one year.

4                                                         Form 106A

## DECLARATION

**REQUIRED**: I solemnly swear or affirm under criminal penalties for the making of a false statement, which includes 180 days in jail or a $1,000 fine or both, that I have read this Application and that the factual statements made in it are true to the best of my personal knowledge, information and belief.[1]

X _____
Signature

_Clarksburg Detention Center_
Address _Montgomery County, MD._

_____
Phone Number

_2-27-75_   _03/04/15_
Date

## POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY

1. D.C. Code § 15-712.
2. D.C. Code § 22-2405.
3. Civil Rule 54-II, Domestic Relations Proceedings Rule 54-II, and Family Rule R.
4. _Adkins v. E.I. Du Pont de Nemours & Co., Inc._, 335 U.S. 331 (1948).
5. _Harris v. Harris_, 137 U.S. App. D.C. 318, 322, 424 F.2d 806 (1970), _cert. denied,_ 400 U.S. 826 (1970) (_"in forma pauperis_ relief not limited to those who are public charges or absolutely destitute").
6. _Green v. Green_, 562 A.2d 1214 (D.C. 1989) (statute "effectuates the fundamental principle that every litigant should be provided equal access to the courts without regard to financial ability").
7. _Herbin v. Hoeffel_, 727 A.2d 883, 887 (D.C. 1999) (court officers serve process in _in forma pauperis_ cases).
8. _Cabillo v. Cabillo_, 317 A.2d 866, 866 (D.C. 1974) (per curiam) (reversing denial of _in forma pauperis_ status and mandating granting of petition where litigant's income "only slightly above the welfare standard").

---

[1] When you come to court, you may be asked questions about this Application. If your responses are not truthful, you could face additional criminal penalties.

Form 106A

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
FAMILY COURT and CIVIL DIVISION

<u>Marquette Frazier</u>
Plaintiff/Petitioner

v.

<u>District of Columbia, et al.</u>
Defendant/Respondent

**FILED**
**CIVIL ACTIONS BRANCH**
**MAR 04 2015**
Case No. 15 - 0001425
Superior Court
of the District of Columbia
Washington, DC

**ORDER**

Having considered ☐ Plaintiff/Petitioner's   ☐ Defendant/Respondent's

Application to Proceed without Prepayment of Costs, Fees, or Security, it is

hereby ordered that the Application is:

☐   **GRANTED** in this Family Court case and, pursuant to Domestic

    Relations Rule 54-II, witnesses will be subpoenaed without

    prepayment of witness fees;

☑   **GRANTED** in this Civil Division case and, pursuant to Civil Rule 54-II,

    the officers of the Court will issue and serve all process; witnesses will

    be subpoenaed without prepayment of witness fees;

☐   **DENIED**

    ☐   For the following reasons: _____

    _____

    ☐   For the reasons stated on the record in open court and in the

    presence of the applicant or his or her counsel;

3/4/15
Date

Stephanie Duncan-Peter
Judge

CASE: 2015 CA 001425 B

Form 106A
DKT: CIVCGRIFP

Form 106A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FAMILY COURT and CIVIL DIVISION

**James Brewer**
Plaintiff/Petitioner

v.

**District of Columbia, et al**
Defendant/Respondent

FILED
CIVIL ACTIONS BRANCH
MAR 04 2015
Superior Court
of the District of Columbia
Washington, D.C.

15 - 0 0 0 1 4 2 5

Case no:_____

---

## APPLICATION TO PROCEED WITHOUT PREPAYMENT
## OF COSTS, FEES, OR SECURITY (*In Forma Pauperis*)
### Form 106A

I, James Brewer _____ am the (check one)

☑ Plaintiff/Petitioner     ☐ Defendant/Respondent

I need an interpreter for this case. I speak the following language:
N/A _____ [Insert Language].

I respectfully ask permission to proceed in this case without pre-paying costs or fees and without giving security for them because I am not able to do so without substantial hardship to myself or to my family. In support of this request, I state the following:

Check and answer only those that apply.

### <u>INCOME</u>

1. I receive the following public benefits, and the law presumes that I am eligible to proceed without prepayment of costs, fees, or security (<u>see</u> D.C. Code § 15-712):

☐ Temporary Assistance for Needy Families (TANF)
☐ General Assistance for Children (GAC)
☐ Program on Work, Employment and Responsibility (POWER)
☐ Supplemental Security Income (SSI)



2. Even though I do not receive the above public benefits, I receive the following similar benefits and, therefore, request that my Application be approved:

□ Interim Disability Assistance (IDA) because my SSI application has not been approved/certified

□ Medicaid

☒ DC Healthcare Alliance or the following similar health benefits (describe) Unity Healthcare, DC Jail _____.

If you checked any of the above boxes, you do not need to answer any more questions and may skip to the section called "Declaration." Otherwise, you must answer the rest of the questions on this form. If additional information is required, you will be notified.

3. My total income over the past 12 months from all sources (including, but not limited to, my job, other wages or business income, rental income, pensions, annuities or life insurance payments, worker's compensation, unemployment compensation or insurance, annual interest or dividends, gifts, alimony or spousal support, inheritance or trust income) is $ N/A _____.

4. I am presently unemployed.  The last date I worked was on
Unemployed more than one yr , _____.
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾         ‾‾‾‾‾
    Month              Year

## DEPENDENTS

5. How many people live in your household and depend on you for support: N/A _____.    Of these people, how many are minor children or elderly? N/A _____.

Form 106A

## **ASSETS**

6. I state the following about my property:

I have $ 0_____ in cash, including money in savings or checking accounts.

I own the vehicles, personal home, other real estate, stock, bonds, or other valuable property, besides household furnishings and clothing, listed below:

0_____

_____

_____.

List the Property

## **EXPENSES**

7. This is my best estimate of the monthly expenses for myself and the people in my household who depend on me for support:

Housing (rent, mortgage, taxes, & insurance): $ N/A Incarcerated
Public Transportation and Gasoline: $ N/A Incarcerated
Automobile Loan, Insurance, Maintenance: $ N/A Incarcerated
Health (medical, dental, vision, prescriptions, insurance): $ N/A Incarcerated
Food and other Household Necessities: $ N/A Incarcerated
Utilities (including gas, electric, water, phone, internet): $ N/A Incarcerated
Clothing: $ N/A Incarcerated
Child Support: $ N/A Incarcerated
Childcare (including diapers, daycare): $ N/A Incarcerated
Other (explain in detail): $ N/A Incarcerated _____

**Total Estimated Monthly Expenses**: $ N/A Incarcerated

3

Form 106A

## OTHER SPECIAL CIRCUMSTANCES

☑ 8. (Optional) Explain any other special circumstances that you want to have considered in support of your request, including any large monthly expenses, debts, wage or bank account garnishments, and/or judgments.

I am currently incarcerated at the District of Columbia Jail and expect to remain here for a significant amount of time

Form 106A

## DECLARATION

**REQUIRED**: I solemnly swear or affirm under criminal penalties for the making of a false statement, which includes 180 days in jail or a $1,000 fine or both, that I have read this Application and that the factual statements made in it are true to the best of my personal knowledge, information and belief.[1]

Signature

DC Jail 1901 "D" St. SE DC 20003

Address

N/A

Phone Number

03/04/15

Date

## POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY

1.  D.C. Code § 15-712.
2.  D.C. Code § 22-2405.
3.  Civil Rule 54-II, Domestic Relations Proceedings Rule 54-II, and Family Rule R.
4.  *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331 (1948).
5.  *Harris v. Harris*, 137 U.S. App. D.C. 318, 322, 424 F.2d 806 (1970), *cert. denied,* 400 U.S. 826 (1970) ("*in forma pauperis* relief not limited to those who are public charges or absolutely destitute").
6.  *Green v. Green*, 562 A.2d 1214 (D.C. 1989) (statute "effectuates the fundamental principle that every litigant should be provided equal access to the courts without regard to financial ability").
7.  *Herbin v. Hoeffel*, 727 A.2d 883, 887 (D.C. 1999) (court officers serve process in *in forma pauperis* cases).
8.  *Cabillo v. Cabillo*, 317 A.2d 866, 866 (D.C. 1974) (per curiam) (reversing denial of *in forma pauperis* status and mandating granting of petition where litigant's income "only slightly above the welfare standard").

---

[1] When you come to court, you may be asked questions about this Application. If your responses are not truthful, you could face additional criminal penalties.

Form 106A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FAMILY COURT and CIVIL DIVISION

**James Brewer**
_____
Plaintiff/Petitioner

v.

**District of Columbia, et al.**
_____
Defendant/Respondent

**FILED**
~~ACTIONS BRANCH~~
**MAR 04 2015**
Case No. ___ 15 - 0 0 0 1 4 2 5

## ORDER

Having considered ☒ Plaintiff/Petitioner's ☐ Defendant/Respondent's

Application to Proceed without Prepayment of Costs, Fees, or Security, it is

hereby ordered that the Application is:

☐ **GRANTED** in this Family Court case and, pursuant to Domestic

Relations Rule 54-II, witnesses will be subpoenaed without

prepayment of witness fees;

☒ **GRANTED** in this Civil Division case and, pursuant to Civil Rule 54-II,

the officers of the Court will issue and serve all process; witnesses will

be subpoenaed without prepayment of witness fees;

☐ **DENIED**

☐ For the following reasons: _____

_____

☐ For the reasons stated on the record in open court and in the

presence of the applicant or his or her counsel;

3/4/15
_____
Date

Stephanie Duncan-Peters
_____
Judge

6                                                     Form 106A



Form CA 1-A: Notice and Acknowledge for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER, ET AL
_____
_Plaintiff(s)_

v.                                                Case No: 2015CA001425 B _____

THE DISTRICT OF COLUMBIA, ET AL
_____
_Defendant(s)_

## NOTICE

To (insert name and address of the party to be served):
SERGEANT JILES JOHNSON _____
(OFFICIAL CAPACITY)
1901 D STREET SE
WASHINGTON, DC 20003

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/04/2015 _____ .

_____                          _March 4, 2015_____
_Signature_                                       _Date of Signature_

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____    _____    _____
_Signature_                 _Relationship to Defendant/Authority    Date of Signature_
                            _to Receive Service_

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828          기자에 번호(기호) (202) 879-4828          번역을 원하시면, (202) 879-4828 로 전화주십시오



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER et al
    Vs.
THE DISTRICT OF COLUMBIA

C.A. No.    2015 CA 001425 B

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                   Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JEANETTE J CLARK
Date:  March 4, 2015
Initial Conference: 9:30 am, Friday, May 15, 2015
Location:  Courtroom 221
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING ,
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

James Brewer, et. AL.
_____
Plaintiff

vs.                                   **15 - 0 0 0 1 4 2 5**
                                      Case Number _____

District of Columbia, et. AL.    Serve: sergeant
_____          Tiles Johnson
Defendant
                                 Official Capacity
**SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jane Norman
_____
Name of Plaintiff's Attorney

777 6th St NW # 410
_____
Address

Washington, DC 20001
_____

202 423 3863
_____
Telephone

|  | Clerk of the Court |
|---|---|
| By | _____ |
|  | Deputy Clerk |
| Date | 03 04 2015 |

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요        የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ-

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                            CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                          Demandante

contra

                                                    Número de Caso: _____

_____
                          Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                              *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                            Por: _____
_____                              Subsecretario
Dirección

                            Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                                                CASUM.doc

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JAMES BREWER
c/o Bond & Norman Law, PC
777 6th St. NW #410
Washington, DC 20001

MARQUETTE FRAZIER
c/o Bond & Norman Law, PC
777 6th St. NW #410
Washington, DC 20001



ARIK SIMS
c/o Bond & Norman Law, PC
1901 "D" St. SE
Washington, DC 20001

      Plaintiffs,

Vs.

15 - 0 0 0 1 4 2 5

Civil Action #

THE DISTRICT OF COLUMBIA
A Municipal Corporation
441 4th St. NW
Washington, DC 20001

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

WARDEN WILLIAM SMITH
District of Columbia Jail
Individually and in His Official Capacity
1901 "D" Street SE
Washington, DC 20003

Serve: Warden William Smith and

1

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

SERGEANT JONATHAN ARMSTEAD
Individually and in His official capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL NICHOLAS CLARK
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

LIEUTENANT RONALD ADAMS
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JILES JOHNSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL THOMAS, III
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

2

CORPORAL DAMIAN BARNES
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER ALHAJI JABBIE
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER BOBBY GRAHAM
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JOSEPH STEVENSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

PRIVATE ADEBOWALE SALAKO
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

    Defendants.

  And

CORPORAL NATHANIEL ROBINSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

3

OFFICER JOSEPH ALEXANDER
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

JOHN DOES I-V
1901 "D" St. SE
Washington, DC 20001

## COMPLAINT

COME NOW the Plaintiffs, James Brewer, Marquette Frazier and Arik Sims, by and through their attorneys, Jane Carol Norman, Bond & Norman Law, PC, and for complaint against the Defendants hereby allege and state as follows:

## PARTIES

1. Plaintiff James Brewer is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the District of Columbia Central Detention Facility. ("D.C. Jail")

2. Plaintiff Marquette Frazier is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D. C. Jail.

3. Plaintiff Arik Sims is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D.C. Jail.

4. The Defendant, District of Columbia, is a municipal corporation. The District of Columbia Department of Corrections is an agency of the Defendant District of Columbia. (D.C. Department of Corrections).

5. The Defendant, Warden William Smith, was at all times mentioned herein and currently is the Warden of the D.C. Jail a correctional facility run by the D.C.

**4**

Department of Corrections, an agency of the District of Columbia. At all times mentioned herein Defendant Warden Smith was an employee of the D.C. Department of Corrections acting as an agent and employee of the District of Columbia and under color of state law. At all times mentioned herein Warden Smith , in his capacity as Warden, was responsible for the training, assignment, supervision, discipline and investigation of correctional officers and correctional employees assigned to or working at the D.C. Jail. Warden Smith was at all relevant times responsible for the custody, safety, protection, fair treatment and rehabilitation of prisoners at the D.C. Jail. Warden Smith was also, at all relevant times, responsible for ensuring that the facilities housing plaintiffs were operated according to proper correctional standards, developing procedures for implementing policies and for ensuring adequate and effective mechanism for safe reporting of staff misconduct and treatment of victims of custodial and sexual abuse. Defendant Warden Smith is being sued in both his individual and official capacity.

6. The Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark, Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III, Corporal Damian Barnes Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant Joseph Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson, Officer Joseph Alexander and John Does I-V at all times mentioned herein were and upon information and belief still are correctional officers employed by the District of Columbia Department of Corrections at the D.C. Jail. At all times mentioned herein they were acting under color of state law as an officer,

5

employee and agent of the Defendant District of Columbia. These defendants are being sued both individually and in their official capacity.

7. During the relevant time period Plaintiffs were all incarcerated at the D.C. Jail and all acts complained of herein took place at the District of Columbia Jail.

8. At sometime before the acts complained of herein, the D.C. Department of Corrections hired an employee, Defendant Sergeant Jonathan Armstead, as an adult corrections officer at the D.C. Jail.

9. Although Plaintiffs have a right to be free from physical abuse, sexual harassment, sexual assault, assault and battery, intentional and negligent infliction of emotional distress, retaliation, having their lives put in danger, and to be free from violation of their constitutional rights, including their right to counsel and access to the courts, between June 1, 2014 and July 31, 2014 plaintiffs were sexually assaulted, abused and harassed by Defendant Sergeant Armstead, and thereafter put in danger from other inmates by being called "snitches" or "hot" in front of other inmates by Defendant Armstead and the other Defendants.

10. Thereafter the Defendant Correctional Officers, and each of them, from on or about July 31, 2014 until the present time, engaged in a pattern of retaliation and harassment against Plaintiffs as a consequence of Defendants reporting the inappropriate behavior by Sergeant Armstead which included but is not limited to entering and/or searching their cells, throwing out and/or reading and/or destroying their confidential legal papers, confiscating and destroying their personal papers and belongings, physically assaulting them and falsely telling

6

other inmates that they were "snitches" or "hot" thereby putting their lives in danger.

11. On information and belief, sexual assault, sexual harassment, sexual discrimination and other forms of improper behavior by Defendant Armstead was known or should have been known to officials at the D.C. jail including but not limited to Defendant Warden William Smith, and the other named Defendants, but none of these Defendants took reasonable actions to ensure Plaintiffs' safety at this facility. Even after Defendant Warden was notified of Defendant Armstead's behavior and of the retaliation, the harassment continued.

## JURISDICTION

12. Plaintiffs seek damages from Defendants and each of them under the Civil Rights Act of §1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed to Plaintiffs by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek damages for the common law torts of negligence, assault and battery, intentional and negligent infliction of emotional distress, violation of D.C. Statute Section 24-261.03, and respondeat superior, all under District of Columbia law. All acts complained of took place in the District of Columbia. Therefore this Court has jurisdiction pursuant to D.C. Code Section 11-921 (1981 Edition) and D.C. Code Section 24-261.03.

## NATURE OF DEFENDANTS' CONDUCT

13. The Department of Corrections of the Defendant District of Columbia is charged by
D.C. Code Section 24-211.02 (1981 edition) with responsibility for the safekeeping,
care, protection, instruction and discipline of all persons committed to its penal
institutions.

### PLAINTIFF JAMES BREWER

The acts and omissions of Defendants complained of herein include but are not
limited to the following acts of wrongful and/ or outrageous misconduct as to Plaintiff
James Brewer :

14. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan
Armstead, acting in the course and scope of his employment with the Defendant District of
Columbia, through its agency D.C. Department of Corrections, while working at the D.C. Jail,
acting with deliberate indifference, malice and under color of state law and did engage in
multiple acts defined as sexual harassment and sexual assault towards Plaintiff James
Brewer. These acts included but are not limited to Defendant Sergeant Armstead
demanding that Plaintiff James Brewer masturbate himself in front of Defendant Sergeant
Armstead as a condition of being served his food through the food slot of his cell on
multiple occasions. Defendant Sergeant Armstead also forced James Brewer to strip, spread
his butt cheeks, and then rub his finger between the crack of his butt cheeks for no valid or
legal reason. If he refused to do it, Defendant Sergeant Armstead would tell him that he
would not get any food. James Brewer had no choice but to obey Defendant Sergeant
Armstead's demands. This happened on multiple occasions. Sometimes James Brewer

8

would in fact be denied food if he did not do the sexual acts that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about James Brewer that he would sing to him. All of these acts went on on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about James Brewer's cell on the South One Cellblock during at or about the midnight shift from 12:00 am – 8:00 am in the morning. During these times James Brewer was incarcerated in his cell, that being cell 68, unable to protect or defend himself and with no other source of food other than what Defendant Sergeant Armstead brought to him.

After James Brewer reported the sexual assaults, harassment and abuse inflicted upon him by Defendant Sergeant Armstead to Internal Affairs, he was retaliated against from on or about August 1, 2014 to the present time. During this continuing time period District of Columbia Jail guards/officials, including the above named Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while acting under color of state law did retaliate against and harass James Brewer on a continuing basis including but not limited to the following incidents which occurred on the night shift, from on or about 12:00 a.m. until 8:00 a.m. on Cellblock South One. All occurred in or about Cell 68 except for the two instances that occurred in Cell 67 as noted below:

    a. Between on or about August 1, 2014 until the present Defendant Sergeant Johnson told James Brewer that he was going crazy over what James Brewer did to Sergeant Armstead and then peed over all of Brewer's belongings in his cell, cell #68 causing James Brewer severe emotional distress;

9

b. The next day Defendant Officer Bobby Graham told James Brewer that he was going to pay for snitching causing James Brewer fear and severe emotional distress;

c. Multiple Correctional Officers, including the above named Defendants and John Does I-V started calling James Brewer a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff James Brewer's life in danger causing him fear and severe emotional distress;

d. Between on or about August 1, 2014 until the present James Brewer told Defendant Officer Bobby Graham, and Officers Smitty and Boyd about the sexual harassment, but they did nothing to stop it;

e. On or about 09/20/14 Defendant Corporal Nicholas Clark entered James Brewer's cell and pulled his arm all the way behind his back nearly breaking it. He then put his arm in the food slot smashing it down on his arm multiple times. The resulting injuries were so severe as to require medical care. The next day Defendant Corporal Nicholas Clark came back and took all of James Brewer's legal papers and personal photographs of his children and destroyed them. All of this caused James Brewer severe pain and suffering, physical injuries and severe emotional distress;

f. On or about October 26, 2014 Defendant Armstead approached James Brewer and said "Let me see your ass clasp." When James Brewer said that he was going to report Defendant Armstead to Ms. Thomas at Internal Affairs Defendant Armstead replied that "Ms. Thomas used to be one of them, and why did James Brewer think his complaint got thrown out so fast?" or words to that effect. Defendant Armstead then started screaming so other inmates could hear that James Brewer was a snitch

10

thereby putting James Brewer's life in danger causing James Brewer fear and severe emotional distress.

g. On or about October 29, 2014 at or about 1:30 a.m. Defendant Armstead walked past James Brewer's cell and said "I'm trying to see that asshole again" or words to that effect. When James Brewer refused, Sgt. Armstead walked over to Cell 80 and told the inmates in that cell that James Brewer was "hot" and a "snitch" thereby putting James Brewer's life in danger, causing him fear and severe emotional distress.

h. On or about September 2-3, 2014 Defendants Corporal Nathaniel Robinson, Corporal Clark, Corporal Thomas and Officer Joseph Alexander entered James Brewer's cell and threw away his confidential legal papers, personal photographs and other personal property in retaliation for having complained about Defendant Armstead. These officers jumped and assaulted James Brewer on that date. They punched him and stomped on him repeatedly causing grievous pain and suffering, bodily injury and severe emotional distress.

i. Between on or about August 1, 2014 and continuing until the present, in retaliation for complaining about Defendant Armstead and other Correctional Officers, the Defendants and John Does I-V, have routinely entered James Brewer's cell and in violation of regulations have confiscated and/or read and/or destroyed his protected confidential legal papers, personal papers, personal photographs, other personal property, destroyed this property and put it in the trash.

j. Between on or about August 1, 2014 and continuing until the present Lieutenant Ronald Adams has retaliated against James Brewer by taking his radio on numerous occasions causing James Brewer extreme emotional distress.

11

k. Between on or about August 1, 2014 until the present when James Brewer complained to Defendant Lieutenant Ronald Adams, a correctional officer, about Defendant Sergeant Armstead, he was told by Defendant Lieutenant Adams that he himself would make them all spread their butt cheeks and stick their fingers in it if it was up to him

l. The Defendants and John Does I-V have on a repeated basis during this time period called James Brewer names and threatened him because he reported Defendant Sergeant Armstead causing James Brewer severe emotional distress.

m. On or about September, 2014 Defendant Corporal Nicholas Clark slammed James Brewer's right hand repeatedly in the food slot when he tried to talk about what Sergeant Armstead had done. Corporal Nicholas Clark said he already knew "what Brewer's hard ass did" or words to that effect. This caused severe emotional distress, grievous bodily injury, and pain and suffering to James Brewer.

n. On or about between October 26, 2014 – October 29, 2014 Sergeant Armstead came to the lower bottom right tier of the hole of South One and he came down there. This was on the midnight shift. At this time James Brewer was in cell 67. Sergeant Armstead was drinking coffee and he said "you all motherfuckers really thought that you all was going to give me hell, huh." He said "I'm back and now I'm really going to make you all strip, squeeze your asses and smack your asses. I'm going to make y'all work for your food" or words to that effect. This caused James Brewer severe emotional distress.

o. The next day Defendant Sergeant Armstead said in front of other inmates, referring to the three Plaintiffs herein, "Brewer and you all are snitches, Brewer is hot, Brewer

12

is hot, he is a hot faggot, " or words to that effect. He said this in front of other inmates thereby putting Plaintiff Brewer's life in danger. He went on to say that "Ms. Thomas is my old co-worker and we all stick together", or words to that effect. Again Defendant Sergeant Armstead was on the tier and James Brewer was in cell 67. This put James Brewer's life in danger and caused him severe emotional distress.

p.  Defendant Sergeant Armstead has continued to harass James Brewer and to falsely tell other inmates that he is a "snitch" thereby continuing to put his life in danger and causing him severe emotional distress.

q.  On March 2, 2015 Corporal Alfred Hayes entered James Brewer's cell, confiscated a draft copy of this lawsuit that Plaintiffs' counsel had left for James Brewer to review, and then ripped up and destroyed all of his other confidential legal papers, personal papers and possessions causing James Brewer extreme emotional distress. Corporal Hayes came back later in the evening and ripped up the draft lawsuit in front of James Brewer.

As a proximate cause of the repeated sexual assault and harassment by Sergeant Armstead , the retaliation and threats, the beatings and physical assaults and dissemination of the falsehood that he was a "snitch" by the Defendants as well as the confiscation and/reading and/or destruction of his legal papers, personal papers and personal property James Brewer has suffered pain and suffering, lack of access to the courts and counsel, and severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. He has had to take anti-depression medication and undergo therapy. These emotional injuries appear to be permanent.

Also as a direct proximate cause of the above stated wrongful acts of the Defendants and each of them James Brewer has also suffered serious physical injuries from being physically beaten and assaulted, including having his arm twisted behind his back, slammed in the food slot and almost broken. His injuries have required medical attention. He has permanent scarring on his right hand and his right arm and shoulder is permanently injured. He has also suffered pecuniary loss.

WHEREFORE, James Brewer seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.


### PLAINTIFF MARQUETTE FRAZIER

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Marquette Frazier:

15. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the D.C. Jail, acting with deliberate indifference, malice and under color of state law and did engage in multiple acts defined as sexual harassment, sexual assault, and sexual discrimination towards Plaintiff Marquette Frazier, who is gay. These acts include but are not limited to Defendant Sergeant Armstead demanding that Plaintiff Marquette Frazier masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food on multiple occasions. Defendant Sergeant Armstead also forced Plaintiff Marquette Frazier to stick his finger up his anus before he was served his food on multiple occasions. Pllaintiff Marquette Frazier was also

14

made to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason and then told to bend down, spread his butt cheeks, and lift up his penis on multiple occasions for no valid or legal reason. Sometimes Marquette Frazier would be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead would also call Marquette Frazier, who is gay, "Faggot" and other pejorative terms for homosexual. Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Marquette Frazier that he would sing to him. All of these acts occurred on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about Marquette Frazier's cell on the South One Cellblock, at or about Cell 69 during mostly at or about the midnight shift from 12:00 am – 8:00 am in the morning, although sometimes a little later as can be seen below. During these times Marquette Frazier was incarcerated in his cell and was helpless to defend himself. Plaintiff Frazier had no other source of food except for Defendant Sergeant Armstead.

16. After Marquette Frazier reported the sexual assaults, harassment, discrimination and abuse inflicted upon him to Internal Affairs he was retaliated against from on or about August 1, 2014 until his release from the D.C. Jail on or about November 7, 2014. During that time period the Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference and while under color of state law and while in the scope of their employment with the District of Columbia did harass and retaliate against Marquette Frazier on a continuing basis including but not limited to the following dates and times:

a. Approximately 4:00 a.m. on August 31, 2014 Defendant Officer Bobby Graham slammed Marquette Frazier's hand in the food slot of his cell on the South One

15

Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

b. Approximately 4:30 a.m. on or about August 31, 2014 Defendant Officer Alhaji Jabbie hit Marquette Frazier in the face with a closed fist when Marquette Frazier had cuffs on in the sally port next to the control bubble on South One Cellblock causing pain, grievous bodily injury and emotional distress;

c. Approximately 9:30-9:45 a.m. on September 1, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot of his cell on the South One Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

d. On or about September 1, 2014 through on or about November 7, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot on the South One Cellblock, at or about Cell 69 or on multiple occasions during the abovementioned midnight shift causing pain, grievous bodily injury and emotional distress;

e. Defendants and John Does I-V on a repeated basis during this time period called Marquette Frazier names and threatened him because he reported Defendant Sergeant Armstead to authorities;

f. Defendant Corporal Nicholas Clark and the other Defendants repeatedly called Marquette Frazier a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff Marquette Frazier's life in danger and causing Marquette Frazier fear and severe emotional distress.

g.  The Defendants and John Does I-V repeatedly entered Marquette Frazier's cell and read and/or confiscated and/or destroyed confidential legal papers and personal papers.

17. Marquette Frazier was repeatedly sexually abused as a child. As a proximate cause of the repeated sexual harassment and abuse by Defendant Sergeant Armstead, and the retaliation, threats, physical assaults and harassment by the Defendants as well as the confiscation and/or destruction of his legal papers, personal papers and personal property he has suffered severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. Indeed, he made a suicide attempt in the D.C. Jail as a result of the above listed acts of the Defendants and each of them. These emotional injuries appear to be permanent. He has had to receive mental health treatment as a result of the treatment he received from the Defendants.

18. As a further proximate cause of the wrongful acts of the Defendants as set forth above Marquette Frazier has also suffered serious physical injuries from being punched in the face, beaten and having the food slot repeatedly slammed on his right hand. He needed medical attention when he was punched in the face and received a black eye on his right eye. He needed medical attention for his right hand multiple times as well. It appears that he has scarring that is permanent on his right hand and eye area.

WHEREFORE, Marquette Frazier seeks damages for physical injuries, pain and suffering, pecuniary loss, emotional distress and exemplary damages.

**ARIK SIMS**

The acts and omissions of Defendants complained of herein include but are not limited to
the following acts of wrongful and/or outrageous misconduct as to Plaintiff Arik Sims:

19. On or about June 1, 2014 through July 31, 2014, during the midnight shift from on or
about 12:00 a.m. to 8:00 a.m., Defendant Sergeant Jonathan Armstead, acting in the course
and scope of his employment with the District of Columbia Department of Corrections,
while working at the District of Columbia Jail, acting with deliberate indifference, malice
and under color of state law did engage in multiple acts defined as sexual harassment and
sexual assault towards Plaintiff Arik Sims. These acts include but are not limited to
Defendant Sergeant Armstead demanding that Arik Sims masturbate himself in front of
Defendant Sergeant Armstead as a condition of being served his food. This happened on
multiple occasions. Defendant Sergeant Armstead also forced Arik Sims to strip, spread his
butt cheeks, and then stick his finger up his anus while Defendant Sergeant Armstead
watched. On other occasions Arik Sims was simply told to strip naked in front of Defendant
Sergeant Armstead for no valid or legal reason. If he refused to do so, Defendant Sergeant
Armstead would tell him that he would not get any food. Arik Sims had no choice but to
obey Defendant Sergeant Armstead's demands. This happened on multiple occasions.
Sometimes Arik Sims would in fact be denied food if he did not do the sexual things that
Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made
up and sang suggestive, dirty and obscene songs about Arik Sims that he would sing to him.
All of these acts went on on multiple occasions from approximately June 1, 2014 through
July 31, 2014 at or about cell 79 on the South One Cellblock during the midnight shift from

18

at or about 12:00 am – 8:00 am in the morning. During these times Arik Sims was incarcerated in his cell and helpless. Defendant Armstead was his only source of food.

20. After Arik Sims reported the sexual abuse and harassment inflicted upon him by Defendant Sergeant Armstead to Internal Affairs he was retaliated against and harassed from on or about August 1, 2014 until the present time. During this time period Defendants, and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while under color of state law did retaliate against Arik Sims on a continuing basis including but not limited to the following incidents all occurring at or about between August 1, 2014 and continuing through the present on the South One Cellblock during the midnight shift at or about cell 79:

a. Between on or about August 1, 2014 continuing until the present time the Defendants Corporal Nathaniel Robinson, Corporal Alexander, Corporal Damian Barnes and Corporal Nicholas Clark, along with Lieutenant Newtonberg, have been coming into Arik Sims' cell and destroying and/or reading protected confidential legal papers, personal photographs, commissary, and other protected personal property including his radios. While ransacking the cell the first time Defendants Barnes and Nicholas Clark stated: "You are the jailhouse snitches. You are getting our officers in trouble. Maybe this will teach you a lesson that you fucked up. This will teach you," or words to that effect;

b. During the same time period Defendants Corporal Damian Barnes and Private Adebowale Salako slammed Arik Sims' left hand in the food slot of his cell causing pain and suffering, grave bodily injury and severe emotional distress;

19

c. During the same time period these same jail personnel have repeatedly called Arik Sims a "jailhouse snitch" in front of other inmates for getting their officers in trouble and have said that they will teach him a lesson causing Arik Sims thereby putting Arik Sims' life in danger and causing him fear and severe emotional distress;

d. During the same time period John Does I-V started calling Arik Sims a "snitch," also telling other inmates that he was a "snitch" and "hot" thereby putting his life in danger and causing Arik Sims fear and severe emotional distress;

e. From on or about August 1, 2014 and continuing until the present time Defendant Corporal Damian Barnes slammed Arik Sims' left hand in the food slot of his jail cell causing pain and suffering, severe bodily injury and severe emotional distress;

f. Between on or about August 1, 2014 and the present Defendant Sergeant Armstead came to Cellblock South One three nights in a row, although Arik Sims had a separation order from him, and said that he knew everything about the internal affairs investigation, that Ms. Thomas, who was conducting the Internal Affairs sexual assault/harassment investigation was a good friend of his, that they were not going to do anything to him because he was an officer and that Plaintiffs Brewer, Frazier and Sims were criminals. Sgt. Armstead knew everything that they had said about him in the investigation.

   Again these incidents occurred largely at or about the midnight shift, at or about 12:00 a.m. until 8:00 a.m.

g. Defendant Sergeant Armstead continues to come to the Unit and harass Arik Sims by singing dirty ditties directed towards Plaintiff and calling Arik Sims a snitch.

21. As a proximate result of the repeated sexual abuse, by Defendant Sergeant Armstead and the retaliation and threats, physical abuse and assaults by the Defendants, and the dissemination of the false allegation that he was a "snitch" to other inmates, as well as the confiscation and/ordestruction of his legal papers, personal papers and personal property, Plaintiff Arik Sims has suffered fear, severe psychological and emotional distress. He has felt "dirty, " humiliated and embarrassed." He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. These emotional injuries appear to be permanent. He requires mental health treatment as a proximate cause of all of the above.

22. As a proximate result of the beatings and physical assaults that Arik Sims has suffered at the hands of Defendants, Arik Sims has also suffered serious physical injuries from being beaten and from having the food slot repeatedly slammed on his left hand. He has permanent scarring on his left hand and he has nerve damage and permanent injury to his left hand as well as other physical injuries.

WHEREFORE, Arik Sims seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT ONE
### Violation of 42 U.S.C. § 1983
### EIGHTH AMENDMENT
### (District of Columbia, Warden William Smith)

23. Plaintiff incorporates by reference the paragraphs above.

24. Defendants Warden William Smith and the District of Columbia, through their

    policies, practices, acts, and omissions have and continue to exhibit deliberate

    indifference to the sexual harassment, sexual assault, sexual abuse, sexual

21

discrimination, and continued physical assaults, beatings and use of excessive force against Plaintiffs in violation of the rights of these Plaintiffs, to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

25. As a proximate result, Defendants, through their policies, practices, acts and omissions have subjected and continue to subject Plaintiffs to the unnecessary and wanton infliction of pain, and emotional and physical injury in violation of the Eighth Amendment of the United States Constitution that guarantees citizens of the United States to be free from cruel and unusual punishment.

26. With deliberate indifference to the substantial risk of serious harm to the Plaintiffs, Defendants have failed to, among other things, train, assign, and supervise staff, resulting in the Plaintiffs being exposed to and victimized by sexual abuse, sexual assault, sexual harassment, sexual discrimination, physical abuse, multiple beatings, physical assaults, and the use of excessive force in violation of the Eighth Amendment of the United States Constitution.

27. With deliberate indifference to the substantial risk of serious harm to Plaintiffs, Defendants have failed to and continue to fail to appropriately investigate and act upon complaints of sexual abuses and retaliation, and physical abuse, at the D.C. Jail, thereby subjecting Plaintiffs to ongoing sexual abuse, physical abuse, sexual discrimination and harassment and retaliation by staff for reporting staff sexual misconduct, physical abuse, beatings and other physical mistreatment in violation of the Eighth Amendment

of the United States Constitution.

28. In his unlawful treatment of Plaintiffs Defendant William Smith
has acted willfully, wantonly, and/or with malice or with conscious
and/or reckless indifference to Plaintiff's rights under law.

29.As a proximate result of the above wrongful and/or outrageous
acts of the Defendants, Plaintiffs have suffered great physical and
emotional pain and other damages.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,
emotional distress, pecuniary loss and exemplary damages.

## COUNT TWO
### Violation of 42 U.S.C. § 1983
### FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

30. Plaintiff incorporates by reference the paragraphs above.

31. Defendants Warden William Smith and the District of Columbia, by their policies,
practices and acts have deprived Plaintiffs of their right to be free from sexual abuse,
sexual harassment, and sexual discrimination and of their bodily integrity and of
their right to privacy, without due process of law, in violation of the Fourth,
Fourteenth and Fifth Amendments of the United States Constitution.

32. Defendants Warden William Smith and the District of Columbia, by their policies,
practices and acts were deliberately indifferent to and/or violated Plaintiff's
Fourth, Fourteenth and Fifth Amendment rights to be free from unreasonable
searches and seizures in searching their cells for no valid or legal reason and

without probable cause and also violating their rights to privacy under the same Amendments by entering their cells on multiple occasions for no valid reason and improperly seizing and destroying their personal property, personal papers and legal papers without due process of law.

33. As a proximate result of the above wrongful/outrageous acts of Defendants, Plaintiffs have suffered great emotional pain and suffering other damages. WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss and exemplary damages.

## COUNT THREE
### Violation of 42 U.S.C. § 1983
### FIRST AMENDMENT AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

34. Plaintiffs incorporate by reference the paragraphs above.

35. Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs in violation of their rights to freedom of speech and to seek redress of grievances under the First and Fourteenth Amendments to the United States Constitution.

36. Further, Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs by entering their cells and confiscating and/or destroying and/or reading their confidential legal and personal and business papers in violation of their First Amendment rights to freedom of speech and to correspond with others.

24

37. As a proximate cause of the wrongful and/or outrageous acts of Defendants, Plaintiffs have suffered extreme emotional distress, and physical injuries as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for pain and suffering, emotional distress, pecuniary loss and exemplary damages.

**COUNT FOUR**
**Violation of 42 U.S.C. § 1983**
**SIXTH, FIFTH AND FOURTEENTH AMENDMENTS**
**(District of Columbia, Warden William Smith)**

38. Plaintiffs incorporate by reference the paragraphs above.

39. Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs in violation of their rights to access to the courts and their right to counsel in violation of the Sixth, Fifth and Fourteenth Amendments to the United States Constitution.

40. Specifically, Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs by entering their cells and confiscating and/or destroying and/or reading their confidential legal papers in violation of their Sixth Amendment rights to access to the courts, right to counsel, and due process.

41. As a proximate cause of the wrongful and/or outrageous acts of Defendants, Plaintiffs have suffered extreme emotional distress, and lack of access to the courts and counsel as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss

and exemplary damages.

## COUNT FIVE
### Violation of 42 U.S.C. § 1983
**(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)**

42. Plaintiffs incorporate by reference the paragraphs above.

43.  42 U.S.C. Section 1983 states: "Every person who, under color of any statute,

ordinance, regulation, custom, or usage, of any State of Territory of the District of

Columbia, subjects, or causes to be subjected, any citizen of the United States or

other person within the jurisdiction thereof to the deprivation of any rights,

privileges or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law, suit in equity, or other proper proceeding for

redress."

44. Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark, Sergeant Jiles

Johnson, Corporal Thomas, Corporal Damian Barnes, Officer Bobby Graham, Officer

Alhaji Jabbie, Private Adebowale Salako, Officer Joseph Alexander and John Does I-V and

each of them have deprived Plaintiffs of their constitutional rights under the First,

Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as

set forth above and are therefore liable for damages under 42 U.S.C. Section 1983.

26

45. Specifically Defendant Sergeant Jonathan Armstead subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by subjecting Plaintiffs to acts of sexual harassment, sexual assault and sexual discrimination as set forth above. Sergeant Armstead also subjected Plaintiffs to a violation of their bodily integrity and right to privacy in violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution without due process of law.

46. The Defendants and each of them have subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by physically assaulting and/or subjecting them to the use of excessive force for no justifiable or legal reason as set forth above.

47. Defendants and each of them have breached Plaintiffs' right to privacy under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal and personal papers and belongings without legal cause or justification.

48. Defendants and each of them have breached Plaintiffs' First Amendment rights to freedom of speech by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal, personal and business papers without legal cause or justification.

49. Defendants and each of them have breached Plaintiffs' right of freedom of speech under the First Amendment to the United States Constitution by retaliating against Plaintiffs when they exercised their right of free speech to complain to Internal

27

Affairs about the sexual abuse/assault/harassment/discrimination being inflicted

upon them by Defendant Sergeant Armstead.

50. Defendants and each of them have breached Plaintiffs' right under the Sixth,

Fourteenth and Fifth Amendments to the Constitution to access to the courts, access

to counsel, and due process by seizing and/or reading and/or destroying

confidential legal papers supplied to Plaintiffs by their counsel.

51. As a proximate cause of Defendants wrongful and/or outrageous acts of misconduct

and violation of Plaintiffs aforesaid Constitutional rights, Plaintiffs have suffered

severe emotional and physical injuries and other injuries as set forth above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.


**COUNT SIX**
**Assault and Battery**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**


52. Plaintiff incorporates by reference the paragraphs above.

53. The defendants named in this count, during the course and scope of their

employment with the Department of Corrections, an agency of the Defendant District of

Columbia, assaulted and battered plaintiffs multiple times in the manner, time and places

28

described above. These include both the beatings described above, the slamming of

plaintiffs' hands in their food slots, Defendant Armstead's sexual

assaults/harassment/discrimination, and any other assaults described above.

54.   As a direct and proximate result of the above-described actions, plaintiffs suffered

serious bodily injury. They experienced suffering, bodily pain and mental anguish, and they

have suffered pecuniary loss and permanent injury.

55.   The multiple assaults and battery, including the sexual assaults, were allowed,

fomented and encouraged by the practices, policies, omissions and commissions of the

Defendants District of Columbia and Warden William Smith as described above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT SEVEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)**

56. Plaintiff incorporates by reference the paragraphs above.

57. By the conduct and actions described above, the acts of the

Defendants named in this count, acting in the course and scope

of their employment with the Defendant District of Columbia, in

29

intentionally physically assaulting Plaintiffs, and/or sexually

assaulting/harassing Plaintiffs, and/or searching/entering

Plaintiffs' cells without cause and destroying their personal

and/or legal papers and/or property and/or telling other

inmates that Plaintiffs were snitches thereby endangering their

lives and/or doing other physical harm to Plaintiffs while

Plaintiffs were locked in their cells and helpless, and posed no

risk of harm, were extreme, outrageous, and utterly intolerable

in a civilized society. This conduct exceeded all reasonable

bounds of decency. These acts caused Plaintiffs extreme

emotional distress and physical injury. These acts are

outrageous, shock the conscious of a civilized nation, and

constitute the tort of intentional infliction of emotional distress.

58. By the conduct and actions described above, the acts of

Defendants, and each of them, acting in the course and scope of

their employment with the District of Columbia described above,

were intended to and did cause severe emotional distress and

physical injury to Plaintiffs.

59.  By the conduct and actions described above, the acts of

Defendants acting in the course and scope of their employment with

the District of Columbia, was the direct and proximate cause of

emotional and physical injury and damage to Plaintiffs and violated

their statutory and common law rights as guaranteed by the laws of

the District of Columbia and Constitution of the United States.

60. As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury,

pecuniary loss and was otherwise damaged and injured. These

intentional and outrageous acts violate the consciousness of

society and the court and constitute the tort of intentional

infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

**COUNT EIGHT**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

61. Plaintiff incorporates by reference the paragraphs above.

62. The defendants and each of them owed Plaintiffs a duty to care for and protect them

without negligently inflicting emotional distress.

63. By the conduct and actions described above, the acts of the Defendants named in this

count, acting in the course and scope of their employment with the Defendant District

of Columbia, in negligently physically assaulting Plaintiffs, and/or sexually

31

assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without

cause and destroying their personal and/or legal papers and/or property and/or

telling other inmates that Plaintiffs were snitches thereby endangering their lives

and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their

cells and helpless, and posed no risk of harm, constitutes the tort of negligent infliction

of emotional distress.

64. Defendants were careless and negligent as to the emotional health of Plaintiffs, and

caused severe emotional distress to Plaintiffs as well as severe physical injury.

65. The acts of Defendants, acting in the course and scope of their employment with the

District of Columbia and the conduct of the District of Columbia were the direct and

proximate cause of injury and damage to Plaintiffs and violated their statutory and

common law rights as guaranteed by the laws of the District of Columbia and the

Constitution of the United States.

66.      As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and were otherwise damaged and injured. The negligence of

Defendants in breaching their duty to Plaintiffs and causing emotional

distress and physical injuries to Plaintiffs constitutes the tort of

negligent infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

**COUNT NINE**
**NEGLIGENCE**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

67. Plaintiff incorporates by reference the paragraphs above.

68. The Defendants and each of them owed a duty to Plaintiffs to perform their

    correctional officer duties without the use of excessive force and to care for and

    protect Plaintiffs.

69. The use of excessive force by the Defendants acting in the course and scope of their

    employment with the District of Columbia, and the conduct of the District of Columbia

    upon Plaintiffs, when they were unarmed and helpless and did not pose a threat of

    death or grievous bodily injury to them or to others constitutes a breach of that duty

    owed to Plaintiffs resulting in negligence for which the Defendants are liable both

    individually and vicariously.

70.      As a result of the foregoing, Plaintiffs were subjected to serious

    physical and emotional pain and suffering, bodily injury, pecuniary loss

    and was otherwise damaged and injured.

   WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT TEN
### NEGLIGENT SUPERVISION, RETENTION AND TRAINING
### (Warden William Smith and District of Columbia)

71. Plaintiffs incorporate by reference the paragraphs above.

72. Defendants Warden William Smith and the District of Columbia had a duty to properly train, retain and supervise the Defendant Correctional Officers.

73. These Defendants breached that duty by negligently training, retaining and supervising the said defendants.

74. The acts and conduct of these Defendants and each of them were the direct and proximate cause of the above stated injuries and damages to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the District of Columbia.

75.        As a result of the foregoing, Plaintiffs were subjected to serious physical and emotional pain and suffering, bodily injury, pecuniary loss and was otherwise damaged and injured.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT ELEVEN
### (RESPONDEAT SUPERIOR LIABILITY OF THE DISTRICT OF COLUMBIA)

76. Plaintiffs incorporate by reference the paragraphs above.

77. The misconduct of each of the correctional officers as alleged herein occurred while they were on duty as correctional officers employed by the District of Columbia and in uniform, in and during the course and scope of their duties as correctional officers and

34

while they were acting as an agent, officer, servant and employee of the Defendant

District of Columbia.

78. As a result, Defendant District of Columbia is liable to Plaintiffs pursuant to the

common law doctrine of respondeat superior.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays that this Honorable Court grant him the following relief,

jointly and severally, against all defendants:

## JAMES BREWER

1.   Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000,

000.00) as to each Defendant jointly and severally;

2.   Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00)

as to each Defendant jointly and severally;

3.   Costs and interest and attorney's fees;

4.   Any other award the Court deems just and equitable

**MARQUETTE FRAZIER**

1.    Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2.    Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.    Costs and interest and attorney's fees;

4.    Any other award the Court deems just and equitable

**ARIK SIMS**

1.    Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2.    Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.    Costs and interest and attorney's fees;

4.    Any other award the Court deems just and equitable.

## PRAYER FOR JURY TRIAL

Plaintiff demands trial by jury.

36

Respectfully submitted,


Jane Carol Norman, Esquire #384030
Bond & Norman Law, PC
American Association of Justice Building
777 Sixth Street NW
Suite 410
Washington, D.C. 20001
Telephone (202) 682-4100
Cell  Phone (202) 423-3863
Email Janenorman@bondandnorman.com

Attorney for Plaintiffs

37

 

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm—JM-170
### Washington, D.C.   20001

$$\left.\begin{array}{c} \textit{Plaintiff} \\ \\ \text{vs.} \\ \\ \textit{Defendant} \end{array}\right\}$$

Civil Action No. _____

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

_____

_____

_____

_____

_____

_____

_____

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: | ADDRESS: | TELEPHONE NO. |
|---|---|---|
| | | |
| COPY MAILED TO: (ATTORNEY FOR PLAINTIFF) | | |

**SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. 20001**

OFFICIAL BUSINESS
PENALTY FOR MISUSE



02 1R                    $ 00.48⁰
0002001051        MAR 03 2015
MAILED FROM ZIP CODE 20001

**Superior Court of the District of Columbia
Room 5000
500 Indiana Avenue NW
Washington, D.C.  20001**

Form CA 1-A: Notice and Acknowledge for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JAMES BREWER, ET AL
_____
*Plaintiff(s)*

v.                                                    Case No:  2015CA001425 B  _____

THE DISTRICT OF COLUMBIA, ET AL.
_____
*Defendant(s)*

## NOTICE

To (insert name and address of the party to be served):
THE DISTRICT OF COLUMBIA
SERVE: MAYOR MURIEL BOWSER
1350 PENNSYLVANIA AVE. NW #316
WASHINGTON, DC 20004

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) 03/04/2015_____.

_____
*Signature*

~~March 4, 2015~~
_____
*Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____          _____          _____
*Signature*                      *Relationship to Defendant/Authority    Date of Signature*
                                 *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828          （？？？？？？？？） (202) 879-4828 （？？？）          번역을 원하시면, (202) 879-4828 로 전화주십시오



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER et al
    Vs.                           C.A. No.       2015 CA 001425 B
THE DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  March 4, 2015
Initial Conference: 9:30 am, Friday, May 15, 2015
Location:  Courtroom 221
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001                      Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer, et. AL._
                              Plaintiff

vs.

_District of Columbia, et. AL._
                              Defendant

.15 - 0 0 0 1 4 2 5

Case Number _____

SUMMONS        _Serve: Mayor Muriel_
_Bowser for Warden_
_William Smith_

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
Name of Plaintiff's Attorney

_777 6ᵗʰ ST NW # 410_
Address
_Washington, DC 20001_

_202  423  3863_
Telephone

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

Clerk of the Court

By _____
              Deputy Clerk

Date _03 / 04 / 2015_


IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                              CASUM.doc

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

SERGEANT JONATHAN ARMSTEAD
Individually and in His official capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL NICHOLAS CLARK
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

LIEUTENANT RONALD ADAMS
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JILES JOHNSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL THOMAS, III
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

2

CORPORAL DAMIAN BARNES
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER ALHAJI JABBIE
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER BOBBY GRAHAM
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JOSEPH STEVENSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

PRIVATE ADEBOWALE SALAKO
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

    Defendants.

  And

CORPORAL NATHANIEL ROBINSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER JOSEPH ALEXANDER
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

JOHN DOES I-V
1901 "D" St. SE
Washington, DC 20001

## COMPLAINT

COME NOW the Plaintiffs, James Brewer, Marquette Frazier and Arik Sims, by

and through their attorneys, Jane Carol Norman, Bond & Norman Law, PC, and for

complaint against the Defendants hereby allege and state as follows:

### PARTIES

1. Plaintiff James Brewer is and was at all times relevant a citizen of the District of

   Columbia and was incarcerated in the District of Columbia Central Detention

   Facility. ("D.C. Jail")

2. Plaintiff Marquette Frazier is and was at all times relevant a citizen of the

   District of Columbia and was incarcerated in the D. C. Jail.

3. Plaintiff Arik Sims is and was at all times relevant a citizen of the District of

   Columbia and was incarcerated in the D.C. Jail.

4. The Defendant, District of Columbia, is a municipal corporation. The District of

   Columbia Department of Corrections is an agency of the Defendant District of

   Columbia. (D.C. Department of Corrections).

5. The Defendant, Warden William Smith, was at all times mentioned herein and

   currently is the Warden of the D.C. Jail a correctional facility run by the D.C.

4

Department of Corrections, an agency of the District of Columbia. At all times

mentioned herein Defendant Warden Smith was an employee of the D.C.

Department of Corrections acting as an agent and employee of the District of

Columbia and under color of state law. At all times mentioned herein Warden

Smith , in his capacity as Warden, was responsible for the training, assignment,

supervision, discipline and investigation of correctional officers and

correctional employees assigned to or working at the D.C. Jail. Warden Smith

was at all relevant times responsible for the custody, safety, protection, fair

treatment and rehabilitation of prisoners at the D.C. Jail. Warden Smith was

also, at all relevant times, responsible for ensuring that the facilities housing

plaintiffs were operated according to proper correctional standards, developing

procedures for implementing policies and for ensuring adequate and effective

mechanism for safe reporting of staff misconduct and treatment of victims of

custodial and sexual abuse. Defendant Warden Smith is being sued in both his

individual and official capacity.

6.  The Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark,

Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III,

Corporal Damian Barnes Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant

Joseph Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson,

Officer Joseph Alexander and John Does I-V at all times mentioned herein were

and upon information and belief still are correctional officers employed by the

District of Columbia Department of Corrections at the D.C. Jail. At all times

mentioned herein they were acting under color of state law as an officer,

5

employee and agent of the Defendant District of Columbia. These defendants are being sued both individually and in their official capacity.

7. During the relevant time period Plaintiffs were all incarcerated at the D.C. Jail and all acts complained of herein took place at the District of Columbia Jail.

8. At sometime before the acts complained of herein, the D.C. Department of Corrections hired an employee, Defendant Sergeant Jonathan Armstead, as an adult corrections officer at the D.C. Jail.

9. Although Plaintiffs have a right to be free from physical abuse, sexual harassment, sexual assault, assault and battery, intentional and negligent infliction of emotional distress, retaliation, having their lives put in danger, and to be free from violation of their constitutional rights, including their right to counsel and access to the courts, between June 1, 2014 and July 31, 2014 plaintiffs were sexually assaulted, abused and harassed by Defendant Sergeant Armstead, and thereafter put in danger from other inmates by being called "snitches" or "hot" in front of other inmates by Defendant Armstead and the other Defendants.

10. Thereafter the Defendant Correctional Officers, and each of them, from on or about July 31, 2014 until the present time, engaged in a pattern of retaliation and harassment against Plaintiffs as a consequence of Defendants reporting the inappropriate behavior by Sergeant Armstead which included but is not limited to entering and/or searching their cells, throwing out and/or reading and/or destroying their confidential legal papers, confiscating and destroying their personal papers and belongings, physically assaulting them and falsely telling

6

other inmates that they were "snitches" or "hot" thereby putting their lives in danger.

11. On information and belief, sexual assault, sexual harassment, sexual discrimination and other forms of improper behavior by Defendant Armstead was known or should have been known to officials at the D.C. jail including but not limited to Defendant Warden William Smith, and the other named Defendants, but none of these Defendants took reasonable actions to ensure Plaintiffs' safety at this facility. Even after Defendant Warden was notified of Defendant Armstead's behavior and of the retaliation, the harassment continued.

## JURISDICTION

12. Plaintiffs seek damages from Defendants and each of them under the Civil Rights Act of §1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed to Plaintiffs by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek damages for the common law torts of negligence, assault and battery, intentional and negligent infliction of emotional distress, violation of D.C. Statute Section 24-261.03, and respondeat superior, all under District of Columbia law. All acts complained of took place in the District of Columbia. Therefore this Court has jurisdiction pursuant to D.C. Code Section 11-921 (1981 Edition) and D.C. Code Section 24-261.03.

## NATURE OF DEFENDANTS' CONDUCT

13. The Department of Corrections of the Defendant District of Columbia is charged by
    D.C. Code Section 24-211.02 (1981 edition) with responsibility for the safekeeping,
    care, protection, instruction and discipline of all persons committed to its penal
    institutions.

### PLAINTIFF JAMES BREWER

The acts and omissions of Defendants complained of herein include but are not
limited to the following acts of wrongful and/ or outrageous misconduct as to Plaintiff
James Brewer :

14. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan
Armstead, acting in the course and scope of his employment with the Defendant District of
Columbia, through its agency D.C. Department of Corrections, while working at the D.C. Jail,
acting with deliberate indifference, malice and under color of state law and did engage in
multiple acts defined as sexual harassment and sexual assault towards Plaintiff James
Brewer. These acts included but are not limited to Defendant Sergeant Armstead
demanding that Plaintiff James Brewer masturbate himself in front of Defendant Sergeant
Armstead as a condition of being served his food through the food slot of his cell on
multiple occasions. Defendant Sergeant Armstead also forced James Brewer to strip, spread
his butt cheeks, and then rub his finger between the crack of his butt cheeks for no valid or
legal reason. If he refused to do it, Defendant Sergeant Armstead would tell him that he
would not get any food. James Brewer had no choice but to obey Defendant Sergeant
Armstead's demands. This happened on multiple occasions. Sometimes James Brewer

8

would in fact be denied food if he did not do the sexual acts that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about James Brewer that he would sing to him.  All of these acts went on on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about James Brewer's cell on the South One Cellblock during at or about the midnight shift from 12:00 am – 8:00 am in the morning. During these times James Brewer was incarcerated in his cell, that being cell 68, unable to protect or defend himself and with no other source of food other than what Defendant Sergeant Armstead brought to him.

   After James Brewer reported the sexual assaults, harassment and abuse inflicted upon him by Defendant Sergeant Armstead to Internal Affairs, he was retaliated against from on or about August 1, 2014 to the present time. During this continuing time period District of Columbia Jail guards/officials, including the above named Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while acting under color of state law did retaliate against and harass James Brewer on a continuing basis including but not limited to the following incidents which occurred on the night shift, from on or about 12:00 a.m. until 8:00 a.m. on Cellblock South One. All occurred in or about Cell 68 except for the two instances that occurred in Cell 67 as noted below:

   a. Between on or about August 1, 2014 until the present Defendant Sergeant Johnson told James Brewer that he was going crazy over what James Brewer did to Sergeant Armstead and then peed over all of Brewer's belongings in his cell, cell #68 causing James Brewer severe emotional distress;

9

b. The next day Defendant Officer Bobby Graham told James Brewer that he was going to pay for snitching causing James Brewer fear and severe emotional distress;

c. Multiple Correctional Officers, including the above named Defendants and John Does I-V started calling James Brewer a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff James Brewer's life in danger causing him fear and severe emotional distress;

d. Between on or about August 1, 2014 until the present James Brewer told Defendant Officer Bobby Graham, and Officers Smitty and Boyd about the sexual harassment, but they did nothing to stop it;

e. On or about 09/20/14 Defendant Corporal Nicholas Clark entered James Brewer's cell and pulled his arm all the way behind his back nearly breaking it. He then put his arm in the food slot smashing it down on his arm multiple times. The resulting injuries were so severe as to require medical care. The next day Defendant Corporal Nicholas Clark came back and took all of James Brewer's legal papers and personal photographs of his children and destroyed them. All of this caused James Brewer severe pain and suffering, physical injuries and severe emotional distress;

f. On or about October 26, 2014 Defendant Armstead approached James Brewer and said "Let me see your ass clasp." When James Brewer said that he was going to report Defendant Armstead to Ms. Thomas at Internal Affairs Defendant Armstead replied that "Ms. Thomas used to be one of them, and why did James Brewer think his complaint got thrown out so fast?" or words to that effect. Defendant Armstead then started screaming so other inmates could hear that James Brewer was a snitch

10

thereby putting James Brewer's life in danger causing James Brewer fear and severe emotional distress.

g. On or about October 29, 2014 at or about 1:30 a.m. Defendant Armstead walked past James Brewer's cell and said "I'm trying to see that asshole again" or words to that effect. When James Brewer refused, Sgt. Armstead walked over to Cell 80 and told the inmates in that cell that James Brewer was "hot" and a "snitch" thereby putting James Brewer's life in danger, causing him fear and severe emotional distress.

h. On or about September 2-3, 2014 Defendants Corporal Nathaniel Robinson, Corporal Clark, Corporal Thomas and Officer Joseph Alexander entered James Brewer's cell and threw away his confidential legal papers, personal photographs and other personal property in retaliation for having complained about Defendant Armstead. These officers jumped and assaulted James Brewer on that date. They punched him and stomped on him repeatedly causing grievous pain and suffering, bodily injury and severe emotional distress.

i. Between on or about August 1, 2014 and continuing until the present, in retaliation for complaining about Defendant Armstead and other Correctional Officers, the Defendants and John Does I-V, have routinely entered James Brewer's cell and in violation of regulations have confiscated and/or read and/or destroyed his protected confidential legal papers, personal papers, personal photographs, other personal property, destroyed this property and put it in the trash.

j. Between on or about August 1, 2014 and continuing until the present Lieutenant Ronald Adams has retaliated against James Brewer by taking his radio on numerous occasions causing James Brewer extreme emotional distress.

k.  Between on or about August 1, 2014 until the present when James Brewer complained to Defendant Lieutenant Ronald Adams, a correctional officer, about Defendant Sergeant Armstead, he was told by Defendant Lieutenant Adams that he himself would make them all spread their butt cheeks and stick their fingers in it if it was up to him

l.  The Defendants and John Does I-V have on a repeated basis during this time period called James Brewer names and threatened him because he reported Defendant Sergeant Armstead causing James Brewer severe emotional distress.

m.  On or about September, 2014 Defendant Corporal Nicholas Clark slammed James Brewer's right hand repeatedly in the food slot when he tried to talk about what Sergeant Armstead had done. Corporal Nicholas Clark said he already knew "what Brewer's hard ass did" or words to that effect. This caused severe emotional distress, grievous bodily injury, and pain and suffering to James Brewer.

n.  On or about between October 26, 2014 – October 29, 2014 Sergeant Armstead came to the lower bottom right tier of the hole of South One and he came down there. This was on the midnight shift. At this time James Brewer was in cell 67. Sergeant Armstead was drinking coffee and he said "you all motherfuckers really thought that you all was going to give me hell, huh." He said "I'm back and now I'm really going to make you all strip, squeeze your asses and smack your asses. I'm going to make y'all work for your food" or words to that effect. This caused James Brewer severe emotional distress.

o.  The next day Defendant Sergeant Armstead said in front of other inmates, referring to the three Plaintiffs herein, "Brewer and you all are snitches, Brewer is hot, Brewer

12

is hot, he is a hot faggot, " or words to that effect. He said this in front of other inmates thereby putting Plaintiff Brewer's life in danger. He went on to say that "Ms. Thomas is my old co-worker and we all stick together", or words to that effect. Again Defendant Sergeant Armstead was on the tier and James Brewer was in cell 67. This put James Brewer's life in danger and caused him severe emotional distress.

p.  Defendant Sergeant Armstead has continued to harass James Brewer and to falsely tell other inmates that he is a "snitch" thereby continuing to put his life in danger and causing him severe emotional distress.

q.  On March 2, 2015 Corporal Alfred Hayes entered James Brewer's cell, confiscated a draft copy of this lawsuit that Plaintiffs' counsel had left for James Brewer to review, and then ripped up and destroyed all of his other confidential legal papers, personal papers and possessions causing James Brewer extreme emotional distress. Corporal Hayes came back later in the evening and ripped up the draft lawsuit in front of James Brewer.

As a proximate cause of the repeated sexual assault and harassment by Sergeant Armstead , the retaliation and threats, the beatings and physical assaults and dissemination of the falsehood that he was a "snitch" by the Defendants as well as the confiscation and/reading and/or destruction of his legal papers, personal papers and personal property James Brewer has suffered pain and suffering, lack of access to the courts and counsel, and severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. He has had to take anti-depression medication and undergo therapy. These emotional injuries appear to be permanent.

Also as a direct proximate cause of the above stated wrongful acts of the Defendants and each of them James Brewer has also suffered serious physical injuries from being physically beaten and assaulted, including having his arm twisted behind his back, slammed in the food slot and almost broken. His injuries have required medical attention. He has permanent scarring on his right hand and his right arm and shoulder is permanently injured. He has also suffered pecuniary loss.

WHEREFORE, James Brewer seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

### PLAINTIFF MARQUETTE FRAZIER

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Marquette Frazier:

15. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the D.C. Jail, acting with deliberate indifference, malice and under color of state law and did engage in multiple acts defined as sexual harassment, sexual assault, and sexual discrimination towards Plaintiff Marquette Frazier, who is gay. These acts include but are not limited to Defendant Sergeant Armstead demanding that Plaintiff Marquette Frazier masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food on multiple occasions. Defendant Sergeant Armstead also forced Plaintiff Marquette Frazier to stick his finger up his anus before he was served his food on multiple occasions. Pllaintiff Marquette Frazier was also

14

made to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason and then told to bend down, spread his butt cheeks, and lift up his penis on multiple occasions for no valid or legal reason. Sometimes Marquette Frazier would be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead would also call Marquette Frazier, who is gay, "Faggot" and other pejorative terms for homosexual. Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Marquette Frazier that he would sing to him. All of these acts occurred on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about Marquette Frazier's cell on the South One Cellblock, at or about Cell 69 during mostly at or about the midnight shift from 12:00 am – 8:00 am in the morning, although sometimes a little later as can be seen below. During these times Marquette Frazier was incarcerated in his cell and was helpless to defend himself. Plaintiff Frazier had no other source of food except for Defendant Sergeant Armstead.

16. After Marquette Frazier reported the sexual assaults, harassment, discrimination and abuse inflicted upon him to Internal Affairs he was retaliated against from on or about August 1, 2014 until his release from the D.C. Jail on or about November 7, 2014. During that time period the Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference and while under color of state law and while in the scope of their employment with the District of Columbia did harass and retaliate against Marquette Frazier on a continuing basis including but not limited to the following dates and times:

   a. Approximately 4:00 a.m. on August 31, 2014 Defendant Officer Bobby Graham slammed Marquette Frazier's hand in the food slot of his cell on the South One

Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional
distress;

b.  Approximately 4:30 a.m. on or about August 31, 2014 Defendant Officer Alhaji Jabbie
hit Marquette Frazier in the face with a closed fist when Marquette Frazier had cuffs
on in the sally port next to the control bubble on South One Cellblock causing pain,
grievous bodily injury and emotional distress;

c.  Approximately 9:30-9:45 a.m. on September 1, 2014 Defendant Sergeant Stevenson
slammed Marquette Frazier's hand in the food slot of his cell on the South One
Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional
distress;

d.  On or about September 1, 2014 through on or about November 7, 2014 Defendant
Sergeant Stevenson slammed Marquette Frazier's hand in the food slot on the South
One Cellblock, at or about Cell 69 or on multiple occasions during the
abovementioned midnight shift causing pain, grievous bodily injury and emotional
distress;

e.  Defendants and John Does I-V on a repeated basis during this time period called
Marquette Frazier names and threatened him because he reported Defendant
Sergeant Armstead to authorities;

f.  Defendant Corporal Nicholas Clark and the other Defendants repeatedly called
Marquette Frazier a "snitch," telling other inmates on the cellblock that he was a
"snitch" and was "hot" thereby putting Plaintiff Marquette Frazier's life in danger
and causing Marquette Frazier fear and severe emotional distress.

16

g.  The Defendants and John Does I-V repeatedly entered Marquette Frazier's cell and

read and/or confiscated and/or destroyed confidential legal papers and personal

papers.

17. Marquette Frazier was repeatedly sexually abused as a child. As a proximate cause of

the repeated sexual harassment and abuse by Defendant Sergeant Armstead, and the

retaliation, threats, physical assaults and harassment by the Defendants as well as the

confiscation and/or destruction of his legal papers, personal papers and personal property

he has suffered severe psychological and emotional distress. He has felt "dirty," humiliated

and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty

sleeping, nightmares and flashbacks. Indeed, he made a suicide attempt in the D.C. Jail as a

result of the above listed acts of the Defendants and each of them. These emotional injuries

appear to be permanent. He has had to receive mental health treatment as a result of the

treatment he received from the Defendants.

18. As a further proximate cause of the wrongful acts of the Defendants as set forth

above Marquette Frazier has also suffered serious physical injuries from being punched in

the face, beaten and having the food slot repeatedly slammed on his right hand. He needed

medical attention when he was punched in the face and received a black eye on his right

eye. He needed medical attention for his right hand multiple times as well. It appears that

he has scarring that is permanent on his right hand and eye area.

WHEREFORE, Marquette Frazier seeks damages for physical injuries, pain and suffering,

pecuniary loss, emotional distress and exemplary damages.

**ARIK SIMS**

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Arik Sims:

19. On or about June 1, 2014 through July 31, 2014, during the midnight shift from on or about 12:00 a.m. to 8:00 a.m., Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the District of Columbia Jail, acting with deliberate indifference, malice and under color of state law did engage in multiple acts defined as sexual harassment and sexual assault towards Plaintiff Arik Sims. These acts include but are not limited to Defendant Sergeant Armstead demanding that Arik Sims masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food. This happened on multiple occasions. Defendant Sergeant Armstead also forced Arik Sims to strip, spread his butt cheeks, and then stick his finger up his anus while Defendant Sergeant Armstead watched. On other occasions Arik Sims was simply told to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason. If he refused to do so, Defendant Sergeant Armstead would tell him that he would not get any food. Arik Sims had no choice but to obey Defendant Sergeant Armstead's demands. This happened on multiple occasions. Sometimes Arik Sims would in fact be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Arik Sims that he would sing to him. All of these acts went on on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about cell 79 on the South One Cellblock during the midnight shift from

18

at or about 12:00 am – 8:00 am in the morning. During these times Arik Sims was incarcerated in his cell and helpless. Defendant Armstead was his only source of food.

20. After Arik Sims reported the sexual abuse and harassment inflicted upon him by Defendant Sergeant Armstead to Internal Affairs he was retaliated against and harassed from on or about August 1, 2014 until the present time. During this time period Defendants, and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while under color of state law did retaliate against Arik Sims on a continuing basis including but not limited to the following incidents all occurring at or about between August 1, 2014 and continuing through the present on the South One Cellblock during the midnight shift at or about cell 79:

a. Between on or about August 1, 2014 continuing until the present time the Defendants Corporal Nathaniel Robinson, Corporal Alexander, Corporal Damian Barnes and Corporal Nicholas Clark, along with Lieutenant Newtonberg, have been coming into Arik Sims' cell and destroying and/or reading protected confidential legal papers, personal photographs, commissary, and other protected personal property including his radios. While ransacking the cell the first time Defendants Barnes and Nicholas Clark stated: "You are the jailhouse snitches. You are getting our officers in trouble. Maybe this will teach you a lesson that you fucked up. This will teach you," or words to that effect;

b. During the same time period Defendants Corporal Damian Barnes and Private Adebowale Salako slammed Arik Sims' left hand in the food slot of his cell causing pain and suffering, grave bodily injury and severe emotional distress;

19

c. During the same time period these same jail personnel have repeatedly called Arik Sims a "jailhouse snitch" in front of other inmates for getting their officers in trouble and have said that they will teach him a lesson causing Arik Sims thereby putting Arik Sims' life in danger and causing him fear and severe emotional distress;

d. During the same time period John Does I-V started calling Arik Sims a "snitch," also telling other inmates that he was a "snitch" and "hot" thereby putting his life in danger and causing Arik Sims fear and severe emotional distress;

e. From on or about August 1, 2014 and continuing until the present time Defendant Corporal Damian Barnes slammed Arik Sims' left hand in the food slot of his jail cell causing pain and suffering, severe bodily injury and severe emotional distress;

f. Between on or about August 1, 2014 and the present Defendant Sergeant Armstead came to Cellblock South One three nights in a row, although Arik Sims had a separation order from him, and said that he knew everything about the internal affairs investigation, that Ms. Thomas, who was conducting the Internal Affairs sexual assault/harassment investigation was a good friend of his, that they were not going to do anything to him because he was an officer and that Plaintiffs Brewer, Frazier and Sims were criminals. Sgt. Armstead knew everything that they had said about him in the investigation.

Again these incidents occurred largely at or about the midnight shift, at or about 12:00 a.m. until 8:00 a.m.

g. Defendant Sergeant Armstead continues to come to the Unit and harass Arik Sims by singing dirty ditties directed towards Plaintiff and calling Arik Sims a snitch.

20

21. As a proximate result of the repeated sexual abuse, by Defendant Sergeant Armstead and the retaliation and threats, physical abuse and assaults by the Defendants, and the dissemination of the false allegation that he was a "snitch" to other inmates, as well as the confiscation and/ordestruction of his legal papers, personal papers and personal property, Plaintiff Arik Sims has suffered fear, severe psychological and emotional distress. He has felt "dirty, " humiliated and embarrassed." He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. These emotional injuries appear to be permanent. He requires mental health treatment as a proximate cause of all of the above.

22. As a proximate result of the beatings and physical assaults that Arik Sims has suffered at the hands of Defendants, Arik Sims has also suffered serious physical injuries from being beaten and from having the food slot repeatedly slammed on his left hand. He has permanent scarring on his left hand and he has nerve damage and permanent injury to his left hand as well as other physical injuries.

WHEREFORE, Arik Sims seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

### COUNT ONE
### Violation of 42 U.S.C. § 1983
### EIGHTH AMENDMENT
### (District of Columbia, Warden William Smith)

23. Plaintiff incorporates by reference the paragraphs above.

24. Defendants Warden William Smith and the District of Columbia, through their policies, practices, acts, and omissions have and continue to exhibit deliberate indifference to the sexual harassment, sexual assault, sexual abuse, sexual

21

discrimination, and continued physical assaults, beatings and use of excessive force against Plaintiffs in violation of the rights of these Plaintiffs, to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

25. As a proximate result, Defendants, through their policies, practices, acts and omissions have subjected and continue to subject Plaintiffs to the unnecessary and wanton infliction of pain, and emotional and physical injury in violation of the Eighth Amendment of the United States Constitution that guarantees citizens of the United States to be free from cruel and unusual punishment.

26. With deliberate indifference to the substantial risk of serious harm to the Plaintiffs, Defendants have failed to, among other things, train, assign, and supervise staff, resulting in the Plaintiffs being exposed to and victimized by sexual abuse, sexual assault, sexual harassment, sexual discrimination, physical abuse, multiple beatings, physical assaults, and the use of excessive force in violation of the Eighth Amendment of the United States Constitution.

27. With deliberate indifference to the substantial risk of serious harm to Plaintiffs, Defendants have failed to and continue to fail to appropriately investigate and act upon complaints of sexual abuses and retaliation, and physical abuse, at the D.C. Jail, thereby subjecting Plaintiffs to ongoing sexual abuse, physical abuse, sexual discrimination and harassment and retaliation by staff for reporting staff sexual misconduct, physical abuse, beatings and other physical mistreatment in violation of the Eighth Amendment

22

of the United States Constitution.

28. In his unlawful treatment of Plaintiffs Defendant William Smith

has acted willfully, wantonly, and/or with malice or with conscious

and/or reckless indifference to Plaintiff's rights under law.

29.As a proximate result of the above wrongful and/or outrageous

acts of the Defendants, Plaintiffs have suffered great physical and

emotional pain and other damages.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.


### COUNT TWO
### Violation of 42 U.S.C. § 1983
### FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

30. Plaintiff incorporates by reference the paragraphs above.

31.  Defendants Warden William Smith and the District of Columbia, by their policies,

practices and acts have deprived Plaintiffs of their right to be free from sexual abuse,

sexual harassment, and sexual discrimination and of their bodily integrity and of

their right to privacy, without due process of law, in violation of the Fourth,

Fourteenth and Fifth Amendments of the United States Constitution.

32. Defendants Warden William Smith and the District of Columbia, by their policies,

practices and acts were deliberately indifferent to and/or violated Plaintiff's

Fourth, Fourteenth and Fifth Amendment rights to be free from unreasonable

searches and seizures in searching their cells for no valid or legal reason and

23

without probable cause and also violating their rights to privacy under the same

Amendments by entering their cells on multiple occasions for no valid reason and

improperly seizing and destroying their personal property, personal papers and

legal papers without due process of law.

33. As a proximate result of the above wrongful/outrageous acts of Defendants,

Plaintiffs have suffered great emotional pain and suffering other damages.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss

and exemplary damages.


### COUNT THREE
### Violation of 42 U.S.C. § 1983
### FIRST AMENDMENT AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

34. Plaintiffs incorporate by reference the paragraphs above.

35. Defendants, through their policies, practices, and acts, subjected Plaintiffs to

retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to

Internal Affairs in violation of their rights to freedom of speech and to seek redress

of grievances under the First and Fourteenth Amendments to the United States

Constitution.

36. Further, Defendants, through their policies, practices, and acts, subjected Plaintiffs

to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to

Internal Affairs by entering their cells and confiscating and/or destroying and/or

reading their confidential legal and personal and business papers in violation of

their First Amendment rights to freedom of speech and to correspond with others.

24

37. As a proximate cause of the wrongful and/or outrageous acts of Defendants,

    Plaintiffs have suffered extreme emotional distress, and physical injuries as a result

    of the retaliation, and other damages as set forth above.

    WHEREFORE, Plaintiffs seek compensation for pain and suffering, emotional

    distress, pecuniary loss and exemplary damages.

### COUNT FOUR
### Violation of 42 U.S.C. § 1983
### SIXTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

38. Plaintiffs incorporate by reference the paragraphs above.

39. Defendants, through their policies, practices, and acts, subjected Plaintiffs to

    retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to

    Internal Affairs in violation of their rights to access to the courts and their right to

    counsel in violation of the Sixth, Fifth and Fourteenth Amendments to the United

    States Constitution.

40. Specifically, Defendants, through their policies, practices, and acts, subjected

    Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant

    Armstead to Internal Affairs by entering their cells and confiscating and/or

    destroying and/or reading their confidential legal papers in violation of their Sixth

    Amendment rights to access to the courts, right to counsel, and due process.

41. As a proximate cause of the wrongful and/or outrageous acts of Defendants,

    Plaintiffs have suffered extreme emotional distress, and lack of access to the courts

    and counsel as a result of the retaliation, and other damages as set forth above.

25

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss and exemplary damages.

**COUNT FIVE**
**Violation of 42 U.S.C. § 1983**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

42. Plaintiffs incorporate by reference the paragraphs above.

43. 42 U.S.C. Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

44. Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark, Sergeant Jiles Johnson, Corporal Thomas, Corporal Damian Barnes, Officer Bobby Graham, Officer Alhaji Jabbie, Private Adebowale Salako, Officer Joseph Alexander and John Does I-V and each of them have deprived Plaintiffs of their constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as set forth above and are therefore liable for damages under 42 U.S.C. Section 1983.

45. Specifically Defendant Sergeant Jonathan Armstead subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by subjecting Plaintiffs to acts of sexual harassment, sexual assault and sexual discrimination as set forth above.  Sergeant Armstead also subjected Plaintiffs to a violation of their bodily integrity and right to privacy in violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution without due process of law.

46. The Defendants and each of them have subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by physically assaulting and/or subjecting them to the use of excessive force for no justifiable or legal reason as set forth above.

47.  Defendants and each of them have breached Plaintiffs' right to privacy under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal and personal papers and belongings without legal cause or justification.

48.  Defendants and each of them have breached Plaintiffs' First Amendment rights to freedom of speech by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal, personal and business papers without legal cause or justification.

49.  Defendants and each of them have breached Plaintiffs' right of freedom of speech under the First Amendment to the United States Constitution by retaliating against Plaintiffs when they exercised their right of free speech to complain to Internal

27

Affairs about the sexual abuse/assault/harassment/discrimination being inflicted

upon them by Defendant Sergeant Armstead.

50. Defendants and each of them have breached Plaintiffs' right under the Sixth,

Fourteenth and Fifth Amendments to the Constitution to access to the courts, access

to counsel, and due process by seizing and/or reading and/or destroying

confidential legal papers supplied to Plaintiffs by their counsel.

51. As a proximate cause of Defendants wrongful and/or outrageous acts of misconduct

and violation of Plaintiffs aforesaid Constitutional rights, Plaintiffs have suffered

severe emotional and physical injuries and other injuries as set forth above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.


### COUNT SIX
**Assault and Battery**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**


52. Plaintiff incorporates by reference the paragraphs above.

53. The defendants named in this count, during the course and scope of their

employment with the Department of Corrections, an agency of the Defendant District of

Columbia, assaulted and battered plaintiffs multiple times in the manner, time and places

28

described above. These include both the beatings described above, the slamming of plaintiffs' hands in their food slots, Defendant Armstead's sexual assaults/harassment/discrimination, and any other assaults described above.

54. As a direct and proximate result of the above-described actions, plaintiffs suffered serious bodily injury. They experienced suffering, bodily pain and mental anguish, and they have suffered pecuniary loss and permanent injury.

55. The multiple assaults and battery, including the sexual assaults, were allowed, fomented and encouraged by the practices, policies, omissions and commissions of the Defendants District of Columbia and Warden William Smith as described above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT SEVEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)

56. Plaintiff incorporates by reference the paragraphs above.

57. By the conduct and actions described above, the acts of the

Defendants named in this count, acting in the course and scope

of their employment with the Defendant District of Columbia, in

29

intentionally physically assaulting Plaintiffs, and/or sexually assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without cause and destroying their personal and/or legal papers and/or property and/or telling other inmates that Plaintiffs were snitches thereby endangering their lives and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their cells and helpless, and posed no risk of harm, were extreme, outrageous, and utterly intolerable in a civilized society. This conduct exceeded all reasonable bounds of decency. These acts caused Plaintiffs extreme emotional distress and physical injury. These acts are outrageous, shock the conscious of a civilized nation, and constitute the tort of intentional infliction of emotional distress.

58. By the conduct and actions described above, the acts of Defendants, and each of them, acting in the course and scope of their employment with the District of Columbia described above, were intended to and did cause severe emotional distress and physical injury to Plaintiffs.

59. By the conduct and actions described above, the acts of Defendants acting in the course and scope of their employment with the District of Columbia, was the direct and proximate cause of emotional and physical injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of

the District of Columbia and Constitution of the United States.

60. As a result of the foregoing, Plaintiffs were subjected to serious

   physical and emotional pain and suffering, bodily injury,

   pecuniary loss and was otherwise damaged and injured. These

   intentional and outrageous acts violate the consciousness of

   society and the court and constitute the tort of intentional

   infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.


## COUNT EIGHT
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)


61. Plaintiff incorporates by reference the paragraphs above.

62. The defendants and each of them owed Plaintiffs a duty to care for and protect them

   without negligently inflicting emotional distress.

63. By the conduct and actions described above, the acts of the Defendants named in this

   count, acting in the course and scope of their employment with the Defendant District

   of Columbia, in negligently physically assaulting Plaintiffs, and/or sexually

31

assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without

cause and destroying their personal and/or legal papers and/or property and/or

telling other inmates that Plaintiffs were snitches thereby endangering their lives

and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their

cells and helpless, and posed no risk of harm, constitutes the tort of negligent infliction

of emotional distress.

64. Defendants were careless and negligent as to the emotional health of Plaintiffs, and

caused severe emotional distress to Plaintiffs as well as severe physical injury.

65. The acts of Defendants, acting in the course and scope of their employment with the

District of Columbia and the conduct of the District of Columbia were the direct and

proximate cause of injury and damage to Plaintiffs and violated their statutory and

common law rights as guaranteed by the laws of the District of Columbia and the

Constitution of the United States.

66.       As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and were otherwise damaged and injured. The negligence of

Defendants in breaching their duty to Plaintiffs and causing emotional

distress and physical injuries to Plaintiffs constitutes the tort of

negligent infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT NINE
## NEGLIGENCE
**(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)**

67. Plaintiff incorporates by reference the paragraphs above.

68. The Defendants and each of them owed a duty to Plaintiffs to perform their

correctional officer duties without the use of excessive force and to care for and

protect Plaintiffs.

69. The use of excessive force by the Defendants acting in the course and scope of their

employment with the District of Columbia, and the conduct of the District of Columbia

upon Plaintiffs, when they were unarmed and helpless and did not pose a threat of

death or grievous bodily injury to them or to others constitutes a breach of that duty

owed to Plaintiffs resulting in negligence for which the Defendants are liable both

individually and vicariously.

70.         As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and was otherwise damaged and injured.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

### COUNT TEN
### NEGLIGENT SUPERVISION, RETENTION AND TRAINING
### (Warden William Smith and District of Columbia)

71. Plaintiffs incorporate by reference the paragraphs above.

72. Defendants Warden William Smith and the District of Columbia had a duty to properly

    train, retain and supervise the Defendant Correctional Officers.

73. These Defendants breached that duty by negligently training, retaining and

    supervising the said defendants.

74. The acts and conduct of these Defendants and each of them were the direct and

    proximate cause of the above stated injuries and damages to Plaintiffs and violated

    their statutory and common law rights as guaranteed by the laws of the District of

    Columbia.

75.      As a result of the foregoing, Plaintiffs were subjected to serious

    physical and emotional pain and suffering, bodily injury, pecuniary loss

    and was otherwise damaged and injured.

    WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

    emotional distress, pecuniary loss and exemplary damages.

### COUNT ELEVEN
### (RESPONDEAT SUPERIOR LIABILITY OF THE DISTRICT OF COLUMBIA)

76. Plaintiffs incorporate by reference the paragraphs above.

77. The misconduct of each of the correctional officers as alleged herein occurred while

    they were on duty as correctional officers employed by the District of Columbia and in

    uniform, in and during the course and scope of their duties as correctional officers and

while they were acting as an agent, officer, servant and employee of the Defendant

District of Columbia.

78. As a result, Defendant District of Columbia is liable to Plaintiffs pursuant to the

common law doctrine of respondeat superior.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays that this Honorable Court grant him the following relief,

jointly and severally, against all defendants:

## **JAMES BREWER**

1.    Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000,

000.00) as to each Defendant jointly and severally;

2.    Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00)

as to each Defendant jointly and severally;

3.   Costs and interest and attorney's fees;

4.   Any other award the Court deems just and equitable

35

**MARQUETTE FRAZIER**

1.    Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000,

000.00) as to each Defendant jointly and severally;

2.    Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00)

as to each Defendant jointly and severally;

3.    Costs and interest and attorney's fees;

4.    Any other award the Court deems just and equitable

**ARIK SIMS**

1.    Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000,

000.00) as to each Defendant jointly and severally;

2.    Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00)

as to each Defendant jointly and severally;

3.    Costs and interest and attorney's fees;

4.    Any other award the Court deems just and equitable.

## PRAYER FOR JURY TRIAL

Plaintiff demands trial by jury.

Respectfully submitted,

Jane Carol Norman, Esquire #384030
Bond & Norman Law, PC
American Association of Justice Building
777 Sixth Street NW
Suite 410
Washington, D.C. 20001
Telephone (202) 682-4100
Cell Phone (202) 423-3863
Email Janenorman@bondandnorman.com

Attorney for Plaintiffs

37



Form CA 1-A: Notice and Acknowledge for Service by Mail

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER, ET AL
*Plaintiff(s)*

v.

Case No: 2015CA001425 B

THE DISTRICT OF COLUMBIA, ET AL
*Defendant(s)*

## NOTICE

To (insert name and address of the party to be served):
THE DISTRICT OF COLUMBIA
SERVE: AG KARL A. RACINE
441 4TH STREET, NW
WASHINGTON, DC 20001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/04/2015 .

*Signature*

*Date of Signature*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

_____

*Signature*

*Relationship to Defendant/Authority to Receive Service*

*Date of Signature*

Para pedir una traducción, llame al (202) 879-4828     如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828     (202) 879-4828     번역을 원하시면, (202) 879-4828 로 전화주십시오



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER et al
    Vs.                                    C.A. No.       2015 CA 001425 B
THE DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  March 4, 2015
Initial Conference: 9:30 am, Friday, May 15, 2015
Location:  Courtroom 221
              500 Indiana Avenue N.W.
              WASHINGTON, DC  20001                                 Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_James Brewer, et. AL._
Plaintiff

**15 - 0 0 0 1 4 2 5**

vs.

Case Number _____

_District of columbia, et. al._
Defendant

_Serve: AG Karl Racine_

**SUMMONS**    _for the District_
_of columbia_

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
Name of Plaintiff's Attorney

_777 6th St NW #410_
Address

_Washington, Dc 20001_

_202 423 3863_
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ከፈለጉ በ(202) 879-4828 ይደውሉ።

_Clerk of the Court_

By _____
Deputy Clerk

Date _03/04/2015_

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

SERGEANT JONATHAN ARMSTEAD
Individually and in His official capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL NICHOLAS CLARK
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

LIEUTENANT RONALD ADAMS
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JILES JOHNSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL THOMAS, III
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

2

CORPORAL DAMIAN BARNES
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER ALHAJI JABBIE
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER BOBBY GRAHAM
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JOSEPH STEVENSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

PRIVATE ADEBOWALE SALAKO
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

    Defendants.

And

CORPORAL NATHANIEL ROBINSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER JOSEPH ALEXANDER
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

JOHN DOES I-V
1901 "D" St. SE
Washington, DC 20001

## COMPLAINT

COME NOW the Plaintiffs, James Brewer, Marquette Frazier and Arik Sims, by and through their attorneys, Jane Carol Norman, Bond & Norman Law, PC, and for complaint against the Defendants hereby allege and state as follows:

## PARTIES

1. Plaintiff James Brewer is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the District of Columbia Central Detention Facility. ("D.C. Jail")

2. Plaintiff Marquette Frazier is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D. C. Jail.

3. Plaintiff Arik Sims is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D.C. Jail.

4. The Defendant, District of Columbia, is a municipal corporation. The District of Columbia Department of Corrections is an agency of the Defendant District of Columbia. (D.C. Department of Corrections).

5. The Defendant, Warden William Smith, was at all times mentioned herein and currently is the Warden of the D.C. Jail a correctional facility run by the D.C.

4

Department of Corrections, an agency of the District of Columbia. At all times

mentioned herein Defendant Warden Smith was an employee of the D.C.

Department of Corrections acting as an agent and employee of the District of

Columbia and under color of state law. At all times mentioned herein Warden

Smith , in his capacity as Warden, was responsible for the training, assignment,

supervision, discipline and investigation of correctional officers and

correctional employees assigned to or working at the D.C. Jail. Warden Smith

was at all relevant times responsible for the custody, safety, protection, fair

treatment and rehabilitation of prisoners at the D.C. Jail. Warden Smith was

also, at all relevant times, responsible for ensuring that the facilities housing

plaintiffs were operated according to proper correctional standards, developing

procedures for implementing policies and for ensuring adequate and effective

mechanism for safe reporting of staff misconduct and treatment of victims of

custodial and sexual abuse. Defendant Warden Smith is being sued in both his

individual and official capacity.

6. The Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark,

Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III,

Corporal Damian Barnes Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant

Joseph Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson,

Officer Joseph Alexander and John Does I-V at all times mentioned herein were

and upon information and belief still are correctional officers employed by the

District of Columbia Department of Corrections at the D.C. Jail. At all times

mentioned herein they were acting under color of state law as an officer,

5



employee and agent of the Defendant District of Columbia. These defendants are being sued both individually and in their official capacity.

7. During the relevant time period Plaintiffs were all incarcerated at the D.C. Jail and all acts complained of herein took place at the District of Columbia Jail.

8. At sometime before the acts complained of herein, the D.C. Department of Corrections hired an employee, Defendant Sergeant Jonathan Armstead, as an adult corrections officer at the D.C. Jail.

9. Although Plaintiffs have a right to be free from physical abuse, sexual harassment, sexual assault, assault and battery, intentional and negligent infliction of emotional distress, retaliation, having their lives put in danger, and to be free from violation of their constitutional rights, including their right to counsel and access to the courts, between June 1, 2014 and July 31, 2014 plaintiffs were sexually assaulted, abused and harassed by Defendant Sergeant Armstead, and thereafter put in danger from other inmates by being called "snitches" or "hot" in front of other inmates by Defendant Armstead and the other Defendants.

10. Thereafter the Defendant Correctional Officers, and each of them, from on or about July 31, 2014 until the present time, engaged in a pattern of retaliation and harassment against Plaintiffs as a consequence of Defendants reporting the inappropriate behavior by Sergeant Armstead which included but is not limited to entering and/or searching their cells, throwing out and/or reading and/or destroying their confidential legal papers, confiscating and destroying their personal papers and belongings, physically assaulting them and falsely telling

6

other inmates that they were "snitches" or "hot" thereby putting their lives in danger.

11. On information and belief, sexual assault, sexual harassment, sexual discrimination and other forms of improper behavior by Defendant Armstead was known or should have been known to officials at the D.C. jail including but not limited to Defendant Warden William Smith, and the other named Defendants, but none of these Defendants took reasonable actions to ensure Plaintiffs' safety at this facility. Even after Defendant Warden was notified of Defendant Armstead's behavior and of the retaliation, the harassment continued.

## JURISDICTION

12. Plaintiffs seek damages from Defendants and each of them under the Civil Rights Act of §1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed to Plaintiffs by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek damages for the common law torts of negligence, assault and battery, intentional and negligent infliction of emotional distress, violation of D.C. Statute Section 24-261.03, and respondeat superior, all under District of Columbia law. All acts complained of took place in the District of Columbia. Therefore this Court has jurisdiction pursuant to D.C. Code Section 11-921 (1981 Edition) and D.C. Code Section 24-261.03.

## NATURE OF DEFENDANTS' CONDUCT .

13. The Department of Corrections of the Defendant District of Columbia is charged by

   D.C. Code Section 24-211.02 (1981 edition) with responsibility for the safekeeping,

   care, protection, instruction and discipline of all persons committed to its penal

   institutions.

**PLAINTIFF JAMES BREWER**

The acts and omissions of Defendants complained of herein include but are not

limited to the following acts of wrongful and/ or outrageous misconduct as to Plaintiff

James Brewer :

14. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan

Armstead, acting in the course and scope of his employment with the Defendant District of

Columbia, through its agency D.C. Department of Corrections, while working at the D.C. Jail,

acting with deliberate indifference, malice and under color of state law and did engage in

multiple acts defined as sexual harassment and sexual assault towards Plaintiff James

Brewer. These acts included but are not limited to Defendant Sergeant Armstead

demanding that Plaintiff James Brewer masturbate himself in front of Defendant Sergeant

Armstead as a condition of being served his food through the food slot of his cell on

multiple occasions. Defendant Sergeant Armstead also forced James Brewer to strip, spread

his butt cheeks, and then rub his finger between the crack of his butt cheeks for no valid or

legal reason. If he refused to do it, Defendant Sergeant Armstead would tell him that he

would not get any food. James Brewer had no choice but to obey Defendant Sergeant

Armstead's demands. This happened on multiple occasions. Sometimes James Brewer

8

would in fact be denied food if he did not do the sexual acts that Defendant Sergeant
Armstead demanded of him. Defendant Sergeant Armstead also made up and sang
suggestive, dirty and obscene songs about James Brewer that he would sing to him. All of
these acts went on on multiple occasions from approximately June 1, 2014 through July 31,
2014 at or about James Brewer's cell on the South One Cellblock during at or about the
midnight shift from 12:00 am – 8:00 am in the morning. During these times James Brewer
was incarcerated in his cell, that being cell 68, unable to protect or defend himself and with
no other source of food other than what Defendant Sergeant Armstead brought to him.

After James Brewer reported the sexual assaults, harassment and abuse inflicted upon
him by Defendant Sergeant Armstead to Internal Affairs, he was retaliated against from on
or about August 1, 2014 to the present time. During this continuing time period District of
Columbia Jail guards/officials, including the above named Defendants and John Does I-V,
acting within the course and scope of their employment with the District of Columbia with
deliberate indifference while acting under color of state law did retaliate against and harass
James Brewer on a continuing basis including but not limited to the following incidents
which occurred on the night shift, from on or about 12:00 a.m. until 8:00 a.m. on Cellblock
South One. All occurred in or about Cell 68 except for the two instances that occurred in
Cell 67 as noted below:

   a. Between on or about August 1, 2014 until the present Defendant Sergeant Johnson
      told James Brewer that he was going crazy over what James Brewer did to Sergeant
      Armstead and then peed over all of Brewer's belongings in his cell, cell #68 causing
      James Brewer severe emotional distress;

9

b. The next day Defendant Officer Bobby Graham told James Brewer that he was going to pay for snitching causing James Brewer fear and severe emotional distress;

c. Multiple Correctional Officers, including the above named Defendants and John Does I-V started calling James Brewer a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff James Brewer's life in danger causing him fear and severe emotional distress;

d. Between on or about August 1, 2014 until the present James Brewer told Defendant Officer Bobby Graham, and Officers Smitty and Boyd about the sexual harassment, but they did nothing to stop it;

e. On or about 09/20/14 Defendant Corporal Nicholas Clark entered James Brewer's cell and pulled his arm all the way behind his back nearly breaking it. He then put his arm in the food slot smashing it down on his arm multiple times. The resulting injuries were so severe as to require medical care. The next day Defendant Corporal Nicholas Clark came back and took all of James Brewer's legal papers and personal photographs of his children and destroyed them. All of this caused James Brewer severe pain and suffering, physical injuries and severe emotional distress;

f. On or about October 26, 2014 Defendant Armstead approached James Brewer and said "Let me see your ass clasp." When James Brewer said that he was going to report Defendant Armstead to Ms. Thomas at Internal Affairs Defendant Armstead replied that "Ms. Thomas used to be one of them, and why did James Brewer think his complaint got thrown out so fast?" or words to that effect. Defendant Armstead then started screaming so other inmates could hear that James Brewer was a snitch

10

thereby putting James Brewer's life in danger causing James Brewer fear and severe emotional distress.

g. On or about October 29, 2014 at or about 1:30 a.m. Defendant Armstead walked past James Brewer's cell and said "I'm trying to see that asshole again" or words to that effect. When James Brewer refused, Sgt. Armstead walked over to Cell 80 and told the inmates in that cell that James Brewer was "hot" and a "snitch" thereby putting James Brewer's life in danger, causing him fear and severe emotional distress.

h. On or about September 2-3, 2014 Defendants Corporal Nathaniel Robinson, Corporal Clark, Corporal Thomas and Officer Joseph Alexander entered James Brewer's cell and threw away his confidential legal papers, personal photographs and other personal property in retaliation for having complained about Defendant Armstead. These officers jumped and assaulted James Brewer on that date. They punched him and stomped on him repeatedly causing grievous pain and suffering, bodily injury and severe emotional distress.

i. Between on or about August 1, 2014 and continuing until the present, in retaliation for complaining about Defendant Armstead and other Correctional Officers, the Defendants and John Does I-V, have routinely entered James Brewer's cell and in violation of regulations have confiscated and/or read and/or destroyed his protected confidential legal papers, personal papers, personal photographs, other personal property, destroyed this property and put it in the trash.

j. Between on or about August 1, 2014 and continuing until the present Lieutenant Ronald Adams has retaliated against James Brewer by taking his radio on numerous occasions causing James Brewer extreme emotional distress.

k.  Between on or about August 1, 2014 until the present when James Brewer
    complained to Defendant Lieutenant Ronald Adams, a correctional officer, about
    Defendant Sergeant Armstead, he was told by Defendant Lieutenant Adams that he
    himself would make them all spread their butt cheeks and stick their fingers in it if it
    was up to him

l.  The Defendants and John Does I-V have on a repeated basis during this time period
    called James Brewer names and threatened him because he reported Defendant
    Sergeant Armstead causing James Brewer severe emotional distress.

m.  On or about September, 2014 Defendant Corporal Nicholas Clark slammed James
    Brewer's right hand repeatedly in the food slot when he tried to talk about what
    Sergeant Armstead had done. Corporal Nicholas Clark said he already knew "what
    Brewer's hard ass did" or words to that effect. This caused severe emotional distress,
    grievous bodily injury, and pain and suffering to James Brewer.

n.  On or about between October 26, 2014 – October 29, 2014 Sergeant Armstead came
    to the lower bottom right tier of the hole of South One and he came down there. This
    was on the midnight shift. At this time James Brewer was in cell 67. Sergeant
    Armstead was drinking coffee and he said "you all motherfuckers really thought that
    you all was going to give me hell, huh." He said "I'm back and now I'm really going to
    make you all strip, squeeze your asses and smack your asses. I'm going to make y'all
    work for your food" or words to that effect. This caused James Brewer severe
    emotional distress.

o.  The next day Defendant Sergeant Armstead said in front of other inmates, referring
    to the three Plaintiffs herein, "Brewer and you all are snitches, Brewer is hot, Brewer

12

is hot, he is a hot faggot, " or words to that effect. He said this in front of other inmates thereby putting Plaintiff Brewer's life in danger. He went on to say that "Ms. Thomas is my old co-worker and we all stick together", or words to that effect. Again Defendant Sergeant Armstead was on the tier and James Brewer was in cell 67. This put James Brewer's life in danger and caused him severe emotional distress.

p. Defendant Sergeant Armstead has continued to harass James Brewer and to falsely tell other inmates that he is a "snitch" thereby continuing to put his life in danger and causing him severe emotional distress.

q. On March 2, 2015 Corporal Alfred Hayes entered James Brewer's cell, confiscated a draft copy of this lawsuit that Plaintiffs' counsel had left for James Brewer to review, and then ripped up and destroyed all of his other confidential legal papers, personal papers and possessions causing James Brewer extreme emotional distress. Corporal Hayes came back later in the evening and ripped up the draft lawsuit in front of James Brewer.

As a proximate cause of the repeated sexual assault and harassment by Sergeant Armstead , the retaliation and threats, the beatings and physical assaults and dissemination of the falsehood that he was a "snitch" by the Defendants as well as the confiscation and/reading and/or destruction of his legal papers, personal papers and personal property James Brewer has suffered pain and suffering, lack of access to the courts and counsel, and severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. He has had to take anti-depression medication and undergo therapy. These emotional injuries appear to be permanent.

13

Also as a direct proximate cause of the above stated wrongful acts of the Defendants and each of them James Brewer has also suffered serious physical injuries from being physically beaten and assaulted, including having his arm twisted behind his back, slammed in the food slot and almost broken. His injuries have required medical attention. He has permanent scarring on his right hand and his right arm and shoulder is permanently injured. He has also suffered pecuniary loss.

WHEREFORE, James Brewer seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

### PLAINTIFF MARQUETTE FRAZIER

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Marquette Frazier:

15. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the D.C. Jail, acting with deliberate indifference, malice and under color of state law and did engage in multiple acts defined as sexual harassment, sexual assault, and sexual discrimination towards Plaintiff Marquette Frazier, who is gay. These acts include but are not limited to Defendant Sergeant Armstead demanding that Plaintiff Marquette Frazier masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food on multiple occasions. Defendant Sergeant Armstead also forced Plaintiff Marquette Frazier to stick his finger up his anus before he was served his food on multiple occasions. Pllaintiff Marquette Frazier was also

14

made to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason and then told to bend down, spread his butt cheeks, and lift up his penis on multiple occasions for no valid or legal reason. Sometimes Marquette Frazier would be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead would also call Marquette Frazier, who is gay, "Faggot" and other pejorative terms for homosexual. Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Marquette Frazier that he would sing to him.  All of these acts occurred on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about Marquette Frazier's cell on the South One Cellblock, at or about Cell 69 during mostly at or about the midnight shift from 12:00 am – 8:00 am in the morning, although sometimes a little later as can be seen below. During these times Marquette Frazier was incarcerated in his cell and was helpless to defend himself. Plaintiff Frazier had no other source of food except for Defendant Sergeant Armstead.

16. After Marquette Frazier reported the sexual assaults, harassment, discrimination and abuse inflicted upon him to Internal Affairs he was retaliated against from on or about August 1, 2014 until his release from the D.C. Jail on or about November 7, 2014. During that time period the Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference and while under color of state law and while in the scope of their employment with the District of Columbia did harass and retaliate against Marquette Frazier on a continuing basis including but not limited to the following dates and times:

   a. Approximately 4:00 a.m. on August 31, 2014 Defendant Officer Bobby Graham slammed Marquette Frazier's hand in the food slot of his cell on the South One

15

Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

b.  Approximately 4:30 a.m. on or about August 31, 2014 Defendant Officer Alhaji Jabbie hit Marquette Frazier in the face with a closed fist when Marquette Frazier had cuffs on in the sally port next to the control bubble on South One Cellblock causing pain, grievous bodily injury and emotional distress;

c.  Approximately 9:30-9:45 a.m. on September 1, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot of his cell on the South One Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

d.  On or about September 1, 2014 through on or about November 7, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot on the South One Cellblock, at or about Cell 69 or on multiple occasions during the abovementioned midnight shift causing pain, grievous bodily injury and emotional distress;

e.  Defendants and John Does I-V on a repeated basis during this time period called Marquette Frazier names and threatened him because he reported Defendant Sergeant Armstead to authorities;

f.  Defendant Corporal Nicholas Clark and the other Defendants repeatedly called Marquette Frazier a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff Marquette Frazier's life in danger and causing Marquette Frazier fear and severe emotional distress.

16

g. The Defendants and John Does I-V repeatedly entered Marquette Frazier's cell and read and/or confiscated and/or destroyed confidential legal papers and personal papers.

17. Marquette Frazier was repeatedly sexually abused as a child. As a proximate cause of the repeated sexual harassment and abuse by Defendant Sergeant Armstead, and the retaliation, threats, physical assaults and harassment by the Defendants as well as the confiscation and/or destruction of his legal papers, personal papers and personal property he has suffered severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. Indeed, he made a suicide attempt in the D.C. Jail as a result of the above listed acts of the Defendants and each of them. These emotional injuries appear to be permanent. He has had to receive mental health treatment as a result of the treatment he received from the Defendants.

18. As a further proximate cause of the wrongful acts of the Defendants as set forth above Marquette Frazier has also suffered serious physical injuries from being punched in the face, beaten and having the food slot repeatedly slammed on his right hand. He needed medical attention when he was punched in the face and received a black eye on his right eye. He needed medical attention for his right hand multiple times as well. It appears that he has scarring that is permanent on his right hand and eye area.

WHEREFORE, Marquette Frazier seeks damages for physical injuries, pain and suffering, pecuniary loss, emotional distress and exemplary damages.

**ARIK SIMS**

The acts and omissions of Defendants complained of herein include but are not limited to

the following acts of wrongful and/or outrageous misconduct as to Plaintiff Arik Sims:

19. On or about June 1, 2014 through July 31, 2014, during the midnight shift from on or

about 12:00 a.m. to 8:00 a.m., Defendant Sergeant Jonathan Armstead, acting in the course

and scope of his employment with the District of Columbia Department of Corrections,

while working at the District of Columbia Jail, acting with deliberate indifference, malice

and under color of state law did engage in multiple acts defined as sexual harassment and

sexual assault towards Plaintiff Arik Sims. These acts include but are not limited to

Defendant Sergeant Armstead demanding that Arik Sims masturbate himself in front of

Defendant Sergeant Armstead as a condition of being served his food. This happened on

multiple occasions. Defendant Sergeant Armstead also forced Arik Sims to strip, spread his

butt cheeks, and then stick his finger up his anus while Defendant Sergeant Armstead

watched. On other occasions Arik Sims was simply told to strip naked in front of Defendant

Sergeant Armstead for no valid or legal reason.  If he refused to do so, Defendant Sergeant

Armstead would tell him that he would not get any food. Arik Sims had no choice but to

obey Defendant Sergeant Armstead's demands. This happened on multiple occasions.

Sometimes Arik Sims would in fact be denied food if he did not do the sexual things that

Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made

up and sang suggestive, dirty and obscene songs about Arik Sims that he would sing to him.

All of these acts went on on multiple occasions from approximately June 1, 2014 through

July 31, 2014 at or about cell 79 on the South One Cellblock during the midnight shift from

18

at or about 12:00 am – 8:00 am in the morning. During these times Arik Sims was incarcerated in his cell and helpless. Defendant Armstead was his only source of food.

20. After Arik Sims reported the sexual abuse and harassment inflicted upon him by Defendant Sergeant Armstead to Internal Affairs he was retaliated against and harassed from on or about August 1, 2014 until the present time. During this time period Defendants, and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while under color of state law did retaliate against Arik Sims on a continuing basis including but not limited to the following incidents all occurring at or about between August 1, 2014 and continuing through the present on the South One Cellblock during the midnight shift at or about cell 79:

    a.  Between on or about August 1, 2014 continuing until the present time the Defendants Corporal Nathaniel Robinson, Corporal Alexander, Corporal Damian Barnes and Corporal Nicholas Clark, along with Lieutenant Newtonberg, have been coming into Arik Sims' cell and destroying and/or reading protected confidential legal papers, personal photographs, commissary, and other protected personal property including his radios. While ransacking the cell the first time Defendants Barnes and Nicholas Clark stated: "You are the jailhouse snitches. You are getting our officers in trouble. Maybe this will teach you a lesson that you fucked up. This will teach you," or words to that effect;

    b.  During the same time period Defendants Corporal Damian Barnes and Private Adebowale Salako slammed Arik Sims' left hand in the food slot of his cell causing pain and suffering, grave bodily injury and severe emotional distress;

19

c. During the same time period these same jail personnel have repeatedly called Arik Sims a "jailhouse snitch" in front of other inmates for getting their officers in trouble and have said that they will teach him a lesson causing Arik Sims thereby putting Arik Sims' life in danger and causing him fear and severe emotional distress;

d. During the same time period John Does I-V started calling Arik Sims a "snitch," also telling other inmates that he was a "snitch" and "hot" thereby putting his life in danger and causing Arik Sims fear and severe emotional distress;

e. From on or about August 1, 2014 and continuing until the present time Defendant Corporal Damian Barnes slammed Arik Sims' left hand in the food slot of his jail cell causing pain and suffering, severe bodily injury and severe emotional distress;

f. Between on or about August 1, 2014 and the present Defendant Sergeant Armstead came to Cellblock South One three nights in a row, although Arik Sims had a separation order from him, and said that he knew everything about the internal affairs investigation, that Ms. Thomas, who was conducting the Internal Affairs sexual assault/harassment investigation was a good friend of his, that they were not going to do anything to him because he was an officer and that Plaintiffs Brewer, Frazier and Sims were criminals. Sgt. Armstead knew everything that they had said about him in the investigation.

Again these incidents occurred largely at or about the midnight shift, at or about 12:00 a.m. until 8:00 a.m.

g. Defendant Sergeant Armstead continues to come to the Unit and harass Arik Sims by singing dirty ditties directed towards Plaintiff and calling Arik Sims a snitch.

20

21. As a proximate result of the repeated sexual abuse, by Defendant Sergeant Armstead and the retaliation and threats, physical abuse and assaults by the Defendants, and the dissemination of the false allegation that he was a "snitch" to other inmates, as well as the confiscation and/or destruction of his legal papers, personal papers and personal property, Plaintiff Arik Sims has suffered fear, severe psychological and emotional distress. He has felt "dirty, " humiliated and embarrassed." He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. These emotional injuries appear to be permanent. He requires mental health treatment as a proximate cause of all of the above.

22. As a proximate result of the beatings and physical assaults that Arik Sims has suffered at the hands of Defendants, Arik Sims has also suffered serious physical injuries from being beaten and from having the food slot repeatedly slammed on his left hand. He has permanent scarring on his left hand and he has nerve damage and permanent injury to his left hand as well as other physical injuries.

WHEREFORE, Arik Sims seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

<u>COUNT ONE</u>
**Violation of 42 U.S.C. § 1983**
**EIGHTH AMENDMENT**
**(District of Columbia, Warden William Smith)**

23. Plaintiff incorporates by reference the paragraphs above.

24. Defendants Warden William Smith and the District of Columbia, through their policies, practices, acts, and omissions have and continue to exhibit deliberate indifference to the sexual harassment, sexual assault, sexual abuse, sexual

21

discrimination, and continued physical assaults, beatings and use of excessive force against Plaintiffs in violation of the rights of these Plaintiffs, to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

25. As a proximate result, Defendants, through their policies, practices, acts and omissions have subjected and continue to subject Plaintiffs to the unnecessary and wanton infliction of pain, and emotional and physical injury in violation of the Eighth Amendment of the United States Constitution that guarantees citizens of the United States to be free from cruel and unusual punishment.

26. With deliberate indifference to the substantial risk of serious harm to the Plaintiffs, Defendants have failed to, among other things, train, assign, and supervise staff, resulting in the Plaintiffs being exposed to and victimized by sexual abuse, sexual assault, sexual harassment, sexual discrimination, physical abuse, multiple beatings, physical assaults, and the use of excessive force in violation of the Eighth Amendment of the United States Constitution.

27.  With deliberate indifference to the substantial risk of serious harm to Plaintiffs, Defendants have failed to and continue to fail to appropriately investigate and act upon complaints of sexual abuses and retaliation, and physical abuse, at the D.C. Jail, thereby subjecting Plaintiffs to ongoing sexual abuse, physical abuse, sexual discrimination and harassment and retaliation by staff for reporting staff sexual misconduct, physical abuse, beatings and other physical mistreatment in violation of the Eighth Amendment

22

of the United States Constitution.

28. In his unlawful treatment of Plaintiffs Defendant William Smith

has acted willfully, wantonly, and/or with malice or with conscious

and/or reckless indifference to Plaintiff's rights under law.

29.As a proximate result of the above wrongful and/or outrageous

acts of the Defendants, Plaintiffs have suffered great physical and

emotional pain and other damages.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT TWO
### Violation of 42 U.S.C. § 1983
### FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

30. Plaintiff incorporates by reference the paragraphs above.

31. Defendants Warden William Smith and the District of Columbia, by their policies,

practices and acts have deprived Plaintiffs of their right to be free from sexual abuse,

sexual harassment, and sexual discrimination and of their bodily integrity and of

their right to privacy, without due process of law, in violation of the Fourth,

Fourteenth and Fifth Amendments of the United States Constitution.

32. Defendants Warden William Smith and the District of Columbia, by their policies,

practices and acts were deliberately indifferent to and/or violated Plaintiff's

Fourth, Fourteenth and Fifth Amendment rights to be free from unreasonable

searches and seizures in searching their cells for no valid or legal reason and

23

without probable cause and also violating their rights to privacy under the same Amendments by entering their cells on multiple occasions for no valid reason and improperly seizing and destroying their personal property, personal papers and legal papers without due process of law.

33. As a proximate result of the above wrongful/outrageous acts of Defendants, Plaintiffs have suffered great emotional pain and suffering other damages.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss and exemplary damages.

## COUNT THREE
### Violation of 42 U.S.C. § 1983
### FIRST AMENDMENT AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

34. Plaintiffs incorporate by reference the paragraphs above.

35. Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs in violation of their rights to freedom of speech and to seek redress of grievances under the First and Fourteenth Amendments to the United States Constitution.

36. Further, Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs by entering their cells and confiscating and/or destroying and/or reading their confidential legal and personal and business papers in violation of their First Amendment rights to freedom of speech and to correspond with others.

24

37. As a proximate cause of the wrongful and/or outrageous acts of Defendants, Plaintiffs have suffered extreme emotional distress, and physical injuries as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for pain and suffering, emotional distress, pecuniary loss and exemplary damages.

**COUNT FOUR**
**Violation of 42 U.S.C. § 1983**
**SIXTH, FIFTH AND FOURTEENTH AMENDMENTS**
**(District of Columbia, Warden William Smith)**

38. Plaintiffs incorporate by reference the paragraphs above.

39. Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs in violation of their rights to access to the courts and their right to counsel in violation of the Sixth, Fifth and Fourteenth Amendments to the United States Constitution.

40. Specifically, Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs by entering their cells and confiscating and/or destroying and/or reading their confidential legal papers in violation of their Sixth Amendment rights to access to the courts, right to counsel, and due process.

41. As a proximate cause of the wrongful and/or outrageous acts of Defendants, Plaintiffs have suffered extreme emotional distress, and lack of access to the courts and counsel as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss and exemplary damages.

**COUNT FIVE**
**Violation of 42 U.S.C. § 1983**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

42. Plaintiffs incorporate by reference the paragraphs above.

43. 42 U.S.C. Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

44. Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark, Sergeant Jiles Johnson, Corporal Thomas, Corporal Damian Barnes, Officer Bobby Graham, Officer Alhaji Jabbie, Private Adebowale Salako, Officer Joseph Alexander and John Does I-V and each of them have deprived Plaintiffs of their constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as set forth above and are therefore liable for damages under 42 U.S.C. Section 1983.

26

45. Specifically Defendant Sergeant Jonathan Armstead subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by subjecting Plaintiffs to acts of sexual harassment, sexual assault and sexual discrimination as set forth above. Sergeant Armstead also subjected Plaintiffs to a violation of their bodily integrity and right to privacy in violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution without due process of law.

46. The Defendants and each of them have subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by physically assaulting and/or subjecting them to the use of excessive force for no justifiable or legal reason as set forth above.

47. Defendants and each of them have breached Plaintiffs' right to privacy under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal and personal papers and belongings without legal cause or justification.

48. Defendants and each of them have breached Plaintiffs' First Amendment rights to freedom of speech by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal, personal and business papers without legal cause or justification.

49. Defendants and each of them have breached Plaintiffs' right of freedom of speech under the First Amendment to the United States Constitution by retaliating against Plaintiffs when they exercised their right of free speech to complain to Internal

27

Affairs about the sexual abuse/assault/harassment/discrimination being inflicted

upon them by Defendant Sergeant Armstead.

50. Defendants and each of them have breached Plaintiffs' right under the Sixth,

Fourteenth and Fifth Amendments to the Constitution to access to the courts, access

to counsel, and due process by seizing and/or reading and/or destroying

confidential legal papers supplied to Plaintiffs by their counsel.

51. As a proximate cause of Defendants wrongful and/or outrageous acts of misconduct

and violation of Plaintiffs aforesaid Constitutional rights, Plaintiffs have suffered

severe emotional and physical injuries and other injuries as set forth above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

**COUNT SIX**
**Assault and Battery**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

52. Plaintiff incorporates by reference the paragraphs above.

53. The defendants named in this count, during the course and scope of their

employment with the Department of Corrections, an agency of the Defendant District of

Columbia, assaulted and battered plaintiffs multiple times in the manner, time and places

28

described above. These include both the beatings described above, the slamming of plaintiffs' hands in their food slots, Defendant Armstead's sexual assaults/harassment/discrimination, and any other assaults described above.

54.    As a direct and proximate result of the above-described actions, plaintiffs suffered serious bodily injury. They experienced suffering, bodily pain and mental anguish, and they have suffered pecuniary loss and permanent injury.

55.    The multiple assaults and battery, including the sexual assaults, were allowed, fomented and encouraged by the practices, policies, omissions and commissions of the Defendants District of Columbia and Warden William Smith as described above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(District of Columbia, Warden William Smith, Sergeant Jonathan Armstead, Corporal Nicholas Clark, Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III, Corporal Damian Barnes, Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson, Officer Joseph Alexander)**

56. Plaintiff incorporates by reference the paragraphs above.

57. By the conduct and actions described above, the acts of the

Defendants named in this count, acting in the course and scope

of their employment with the Defendant District of Columbia, in

29

intentionally physically assaulting Plaintiffs, and/or sexually
assaulting/harassing Plaintiffs, and/or searching/entering
Plaintiffs' cells without cause and destroying their personal
and/or legal papers and/or property and/or telling other
inmates that Plaintiffs were snitches thereby endangering their
lives and/or doing other physical harm to Plaintiffs while
Plaintiffs were locked in their cells and helpless, and posed no
risk of harm, were extreme, outrageous, and utterly intolerable
in a civilized society. This conduct exceeded all reasonable
bounds of decency. These acts caused Plaintiffs extreme
emotional distress and physical injury. These acts are
outrageous, shock the conscious of a civilized nation, and
constitute the tort of intentional infliction of emotional distress.

58. By the conduct and actions described above, the acts of
Defendants, and each of them, acting in the course and scope of
their employment with the District of Columbia described above,
were intended to and did cause severe emotional distress and
physical injury to Plaintiffs.

59. By the conduct and actions described above, the acts of
Defendants acting in the course and scope of their employment with
the District of Columbia, was the direct and proximate cause of
emotional and physical injury and damage to Plaintiffs and violated
their statutory and common law rights as guaranteed by the laws of

30

the District of Columbia and Constitution of the United States.

60. As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury,

pecuniary loss and was otherwise damaged and injured. These

intentional and outrageous acts violate the consciousness of

society and the court and constitute the tort of intentional

infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT EIGHT
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)**

61. Plaintiff incorporates by reference the paragraphs above.

62. The defendants and each of them owed Plaintiffs a duty to care for and protect them

without negligently inflicting emotional distress.

63. By the conduct and actions described above, the acts of the Defendants named in this

count, acting in the course and scope of their employment with the Defendant District

of Columbia, in negligently physically assaulting Plaintiffs, and/or sexually

assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without cause and destroying their personal and/or legal papers and/or property and/or telling other inmates that Plaintiffs were snitches thereby endangering their lives and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their cells and helpless, and posed no risk of harm, constitutes the tort of negligent infliction of emotional distress.

64. Defendants were careless and negligent as to the emotional health of Plaintiffs, and caused severe emotional distress to Plaintiffs as well as severe physical injury.

65. The acts of Defendants, acting in the course and scope of their employment with the District of Columbia and the conduct of the District of Columbia were the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the District of Columbia and the Constitution of the United States.

66.         As a result of the foregoing, Plaintiffs were subjected to serious physical and emotional pain and suffering, bodily injury, pecuniary loss and were otherwise damaged and injured. The negligence of Defendants in breaching their duty to Plaintiffs and causing emotional distress and physical injuries to Plaintiffs constitutes the tort of negligent infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

**COUNT NINE**
**NEGLIGENCE**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

67. Plaintiff incorporates by reference the paragraphs above.

68. The Defendants and each of them owed a duty to Plaintiffs to perform their

    correctional officer duties without the use of excessive force and to care for and

    protect Plaintiffs.

69. The use of excessive force by the Defendants acting in the course and scope of their

    employment with the District of Columbia, and the conduct of the District of Columbia

    upon Plaintiffs, when they were unarmed and helpless and did not pose a threat of

    death or grievous bodily injury to them or to others constitutes a breach of that duty

    owed to Plaintiffs resulting in negligence for which the Defendants are liable both

    individually and vicariously.

70.        As a result of the foregoing, Plaintiffs were subjected to serious

    physical and emotional pain and suffering, bodily injury, pecuniary loss

    and was otherwise damaged and injured.

    WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

33

## COUNT TEN
## NEGLIGENT SUPERVISION, RETENTION AND TRAINING
### (Warden William Smith and District of Columbia)

71. Plaintiffs incorporate by reference the paragraphs above.

72. Defendants Warden William Smith and the District of Columbia had a duty to properly

train, retain and supervise the Defendant Correctional Officers.

73. These Defendants breached that duty by negligently training, retaining and

supervising the said defendants.

74. The acts and conduct of these Defendants and each of them were the direct and

proximate cause of the above stated injuries and damages to Plaintiffs and violated

their statutory and common law rights as guaranteed by the laws of the District of

Columbia.

75.        As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and was otherwise damaged and injured.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.


## COUNT ELEVEN
### (RESPONDEAT SUPERIOR LIABILITY OF THE DISTRICT OF COLUMBIA)

76. Plaintiffs incorporate by reference the paragraphs above.

77. The misconduct of each of the correctional officers as alleged herein occurred while

they were on duty as correctional officers employed by the District of Columbia and in

uniform, in and during the course and scope of their duties as correctional officers and

34

while they were acting as an agent, officer, servant and employee of the Defendant

District of Columbia.

78. As a result, Defendant District of Columbia is liable to Plaintiffs pursuant to the

common law doctrine of respondeat superior.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays that this Honorable Court grant him the following relief,

jointly and severally, against all defendants:

**JAMES BREWER**

1.     Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000,

000.00) as to each Defendant jointly and severally;

2.     Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00)

as to each Defendant jointly and severally;

3.     Costs and interest and attorney's fees;

4.   Any other award the Court deems just and equitable

35

**MARQUETTE FRAZIER**

1.     Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2.     Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.     Costs and interest and attorney's fees;

4.     Any other award the Court deems just and equitable

**ARIK SIMS**

1.     Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2.     Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.     Costs and interest and attorney's fees;

4.     Any other award the Court deems just and equitable.

**PRAYER FOR JURY TRIAL**

Plaintiff demands trial by jury.

36

Respectfully submitted,

Jane Carol Norman, Esquire #384030
Bond & Norman Law, PC
American Association of Justice Building
777 Sixth Street NW
Suite 410
Washington, D.C. 20001
Telephone (202) 682-4100
Cell  Phone (202) 423-3863
Email Janenorman@bondandnorman.com

Attorney for Plaintiffs



Form CA 1-A: Notice and Acknowledge for Service by Mail

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JAMES BREWER, ET AL
_____
*Plaintiff(s)*

v.                                                     Case No: 2015CA001425 B

THE DISTRICT OF COLUMBIA, ET AL
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
SERVING: AG KARL RACINE C/O
(WARDEN WILLIAM SMITH)
441 4TH STREET NW
WASHINGTON, DC 20001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/04/2015 _____.

_____                          _____
*Signature*                                       *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____        _____        _____
*Signature*                     *Relationship to Defendant/Authority*    *Date of Signature*
                                *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828        만역을 원하시면, (202) 879-4828 로 전화주십시요



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER et al
    Vs.                                          C.A. No.        2015 CA 001425 B
THE DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge JEANETTE J CLARK
Date:  March 4, 2015
Initial Conference: 9:30 am, Friday, May 15, 2015
Location:  Courtroom 221
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



Form CA 1-A: Notice and Acknowledge for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JAMES BREWER, ET AL
_____
*Plaintiff(s)*

v.                                          Case No: 2015CA001425 B _____

THE DISTRICT OF COLUMBIA, ET AL
_____
*Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
THE DISTRICT OF COLUMBIA _____
SERVE: AG KARL A. RACINE _____
441 4TH STREET, NW _____
WASHINGTON, DC 20001 _____

    The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

    If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/04/2015 _____.

_____                      _____
*Signature*                                    *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

    I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____

_____
_____

_____        _____     _____
*Signature*                *Relationship to Defendant/Authority*   *Date of Signature*
                           *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828                 ʼ(202) 879-4828                          번역을 원하시면, (202) 879-4828 로 전화주십시오



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER et al
   Vs.                            C.A. No.     2015 CA 001425 B
THE DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  March 4, 2015
Initial Conference: 9:30 am, Friday, May 15, 2015
Location:  Courtroom 221
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001                           Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

_James Brewer, et. AL._
_____
Plaintiff

**15 - 0 0 0 1 4 2 5**

vs.

Case Number _____

_District of Columbia, et. AL._
_____
Defendant

_Serve : AG Karl Racine_
**SUMMONS** _for the District_
_of Columbia_

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____
Name of Plaintiff's Attorney

_777 6th st NW #410_
_____
Address

_Washington, DC 20001_

_202 423 3863_
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _03/04/2015_

如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                    CASUM.doc

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

SERGEANT JONATHAN ARMSTEAD
Individually and in His official capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL NICHOLAS CLARK
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

LIEUTENANT RONALD ADAMS
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JILES JOHNSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL THOMAS, III
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

2

CORPORAL DAMIAN BARNES
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER ALHAJI JABBIE
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER BOBBY GRAHAM
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JOSEPH STEVENSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

PRIVATE ADEBOWALE SALAKO
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

    Defendants.

  And

CORPORAL NATHANIEL ROBINSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

3

OFFICER JOSEPH ALEXANDER
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

JOHN DOES I-V
1901 "D" St. SE
Washington, DC 20001

## COMPLAINT

COME NOW the Plaintiffs, James Brewer, Marquette Frazier and Arik Sims, by and through their attorneys, Jane Carol Norman, Bond & Norman Law, PC, and for complaint against the Defendants hereby allege and state as follows:

## PARTIES

1. Plaintiff James Brewer is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the District of Columbia Central Detention Facility. ("D.C. Jail")

2. Plaintiff Marquette Frazier is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D. C. Jail.

3. Plaintiff Arik Sims is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D.C. Jail.

4. The Defendant, District of Columbia, is a municipal corporation. The District of Columbia Department of Corrections is an agency of the Defendant District of Columbia. (D.C. Department of Corrections).

5. The Defendant, Warden William Smith, was at all times mentioned herein and currently is the Warden of the D.C. Jail a correctional facility run by the D.C.

4

Department of Corrections, an agency of the District of Columbia. At all times

mentioned herein Defendant Warden Smith was an employee of the D.C.

Department of Corrections acting as an agent and employee of the District of

Columbia and under color of state law. At all times mentioned herein Warden

Smith , in his capacity as Warden, was responsible for the training, assignment,

supervision, discipline and investigation of correctional officers and

correctional employees assigned to or working at the D.C. Jail. Warden Smith

was at all relevant times responsible for the custody, safety, protection, fair

treatment and rehabilitation of prisoners at the D.C. Jail. Warden Smith was

also, at all relevant times, responsible for ensuring that the facilities housing

plaintiffs were operated according to proper correctional standards, developing

procedures for implementing policies and for ensuring adequate and effective

mechanism for safe reporting of staff misconduct and treatment of victims of

custodial and sexual abuse. Defendant Warden Smith is being sued in both his

individual and official capacity.

6.  The Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark,

    Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III,

    Corporal Damian Barnes Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant

    Joseph Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson,

    Officer Joseph Alexander and John Does I-V at all times mentioned herein were

    and upon information and belief still are correctional officers employed by the

    District of Columbia Department of Corrections at the D.C. Jail. At all times

    mentioned herein they were acting under color of state law as an officer,

5



employee and agent of the Defendant District of Columbia. These defendants are being sued both individually and in their official capacity.

7. During the relevant time period Plaintiffs were all incarcerated at the D.C. Jail and all acts complained of herein took place at the District of Columbia Jail.

8. At sometime before the acts complained of herein, the D.C. Department of Corrections hired an employee, Defendant Sergeant Jonathan Armstead, as an adult corrections officer at the D.C. Jail.

9. Although Plaintiffs have a right to be free from physical abuse, sexual harassment, sexual assault, assault and battery, intentional and negligent infliction of emotional distress, retaliation, having their lives put in danger, and to be free from violation of their constitutional rights, including their right to counsel and access to the courts, between June 1, 2014 and July 31, 2014 plaintiffs were sexually assaulted, abused and harassed by Defendant Sergeant Armstead, and thereafter put in danger from other inmates by being called "snitches" or "hot" in front of other inmates by Defendant Armstead and the other Defendants.

10. Thereafter the Defendant Correctional Officers, and each of them, from on or about July 31, 2014 until the present time, engaged in a pattern of retaliation and harassment against Plaintiffs as a consequence of Defendants reporting the inappropriate behavior by Sergeant Armstead which included but is not limited to entering and/or searching their cells, throwing out and/or reading and/or destroying their confidential legal papers, confiscating and destroying their personal papers and belongings, physically assaulting them and falsely telling

6

other inmates that they were "snitches" or "hot" thereby putting their lives in danger.

11. On information and belief, sexual assault, sexual harassment, sexual discrimination and other forms of improper behavior by Defendant Armstead was known or should have been known to officials at the D.C. jail including but not limited to Defendant Warden William Smith, and the other named Defendants, but none of these Defendants took reasonable actions to ensure Plaintiffs' safety at this facility. Even after Defendant Warden was notified of Defendant Armstead's behavior and of the retaliation, the harassment continued.

## JURISDICTION

12. Plaintiffs seek damages from Defendants and each of them under the Civil Rights Act of §1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed to Plaintiffs by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek damages for the common law torts of negligence, assault and battery, intentional and negligent infliction of emotional distress, violation of D.C. Statute Section 24-261.03, and respondeat superior, all under District of Columbia law. All acts complained of took place in the District of Columbia. Therefore this Court has jurisdiction pursuant to D.C. Code Section 11-921 (1981 Edition) and D.C. Code Section 24-261.03.

## NATURE OF DEFENDANTS' CONDUCT .

13. The Department of Corrections of the Defendant District of Columbia is charged by D.C. Code Section 24-211.02 (1981 edition) with responsibility for the safekeeping, care, protection, instruction and discipline of all persons committed to its penal institutions.

### PLAINTIFF JAMES BREWER

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/ or outrageous misconduct as to Plaintiff James Brewer :

14. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the Defendant District of Columbia, through its agency D.C. Department of Corrections, while working at the D.C. Jail, acting with deliberate indifference, malice and under color of state law and did engage in multiple acts defined as sexual harassment and sexual assault towards Plaintiff James Brewer. These acts included but are not limited to Defendant Sergeant Armstead demanding that Plaintiff James Brewer masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food through the food slot of his cell on multiple occasions. Defendant Sergeant Armstead also forced James Brewer to strip, spread his butt cheeks, and then rub his finger between the crack of his butt cheeks for no valid or legal reason. If he refused to do it, Defendant Sergeant Armstead would tell him that he would not get any food. James Brewer had no choice but to obey Defendant Sergeant Armstead's demands. This happened on multiple occasions. Sometimes James Brewer

8

would in fact be denied food if he did not do the sexual acts that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about James Brewer that he would sing to him. All of these acts went on on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about James Brewer's cell on the South One Cellblock during at or about the midnight shift from 12:00 am – 8:00 am in the morning. During these times James Brewer was incarcerated in his cell, that being cell 68, unable to protect or defend himself and with no other source of food other than what Defendant Sergeant Armstead brought to him.

After James Brewer reported the sexual assaults, harassment and abuse inflicted upon him by Defendant Sergeant Armstead to Internal Affairs, he was retaliated against from on or about August 1, 2014 to the present time. During this continuing time period District of Columbia Jail guards/officials, including the above named Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while acting under color of state law did retaliate against and harass James Brewer on a continuing basis including but not limited to the following incidents which occurred on the night shift, from on or about 12:00 a.m. until 8:00 a.m. on Cellblock South One. All occurred in or about Cell 68 except for the two instances that occurred in Cell 67 as noted below:

a. Between on or about August 1, 2014 until the present Defendant Sergeant Johnson told James Brewer that he was going crazy over what James Brewer did to Sergeant Armstead and then peed over all of Brewer's belongings in his cell, cell #68 causing James Brewer severe emotional distress;

9

b. The next day Defendant Officer Bobby Graham told James Brewer that he was going to pay for snitching causing James Brewer fear and severe emotional distress;

c. Multiple Correctional Officers, including the above named Defendants and John Does I-V started calling James Brewer a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff James Brewer's life in danger causing him fear and severe emotional distress;

d. Between on or about August 1, 2014 until the present James Brewer told Defendant Officer Bobby Graham, and Officers Smitty and Boyd about the sexual harassment, but they did nothing to stop it;

e. On or about 09/20/14 Defendant Corporal Nicholas Clark entered James Brewer's cell and pulled his arm all the way behind his back nearly breaking it. He then put his arm in the food slot smashing it down on his arm multiple times. The resulting injuries were so severe as to require medical care. The next day Defendant Corporal Nicholas Clark came back and took all of James Brewer's legal papers and personal photographs of his children and destroyed them. All of this caused James Brewer severe pain and suffering, physical injuries and severe emotional distress;

f. On or about October 26, 2014 Defendant Armstead approached James Brewer and said "Let me see your ass clasp." When James Brewer said that he was going to report Defendant Armstead to Ms. Thomas at Internal Affairs Defendant Armstead replied that "Ms. Thomas used to be one of them, and why did James Brewer think his complaint got thrown out so fast?" or words to that effect. Defendant Armstead then started screaming so other inmates could hear that James Brewer was a snitch

10

thereby putting James Brewer's life in danger causing James Brewer fear and severe emotional distress.

g. On or about October 29, 2014 at or about 1:30 a.m. Defendant Armstead walked past James Brewer's cell and said "I'm trying to see that asshole again" or words to that effect. When James Brewer refused, Sgt. Armstead walked over to Cell 80 and told the inmates in that cell that James Brewer was "hot" and a "snitch" thereby putting James Brewer's life in danger, causing him fear and severe emotional distress.

h. On or about September 2-3, 2014 Defendants Corporal Nathaniel Robinson, Corporal Clark, Corporal Thomas and Officer Joseph Alexander entered James Brewer's cell and threw away his confidential legal papers, personal photographs and other personal property in retaliation for having complained about Defendant Armstead. These officers jumped and assaulted James Brewer on that date. They punched him and stomped on him repeatedly causing grievous pain and suffering, bodily injury and severe emotional distress.

i. Between on or about August 1, 2014 and continuing until the present, in retaliation for complaining about Defendant Armstead and other Correctional Officers, the Defendants and John Does I-V, have routinely entered James Brewer's cell and in violation of regulations have confiscated and/or read and/or destroyed his protected confidential legal papers, personal papers, personal photographs, other personal property, destroyed this property and put it in the trash.

j. Between on or about August 1, 2014 and continuing until the present Lieutenant Ronald Adams has retaliated against James Brewer by taking his radio on numerous occasions causing James Brewer extreme emotional distress.

k. Between on or about August 1, 2014 until the present when James Brewer complained to Defendant Lieutenant Ronald Adams, a correctional officer, about Defendant Sergeant Armstead, he was told by Defendant Lieutenant Adams that he himself would make them all spread their butt cheeks and stick their fingers in it if it was up to him

l. The Defendants and John Does I-V have on a repeated basis during this time period called James Brewer names and threatened him because he reported Defendant Sergeant Armstead causing James Brewer severe emotional distress.

m. On or about September, 2014 Defendant Corporal Nicholas Clark slammed James Brewer's right hand repeatedly in the food slot when he tried to talk about what Sergeant Armstead had done. Corporal Nicholas Clark said he already knew "what Brewer's hard ass did" or words to that effect. This caused severe emotional distress, grievous bodily injury, and pain and suffering to James Brewer.

n. On or about between October 26, 2014 – October 29, 2014 Sergeant Armstead came to the lower bottom right tier of the hole of South One and he came down there. This was on the midnight shift. At this time James Brewer was in cell 67. Sergeant Armstead was drinking coffee and he said "you all motherfuckers really thought that you all was going to give me hell, huh." He said "I'm back and now I'm really going to make you all strip, squeeze your asses and smack your asses. I'm going to make y'all work for your food" or words to that effect. This caused James Brewer severe emotional distress.

o. The next day Defendant Sergeant Armstead said in front of other inmates, referring to the three Plaintiffs herein, "Brewer and you all are snitches, Brewer is hot, Brewer

12

is hot, he is a hot faggot, " or words to that effect. He said this in front of other inmates thereby putting Plaintiff Brewer's life in danger. He went on to say that "Ms. Thomas is my old co-worker and we all stick together", or words to that effect. Again Defendant Sergeant Armstead was on the tier and James Brewer was in cell 67. This put James Brewer's life in danger and caused him severe emotional distress.

p. Defendant Sergeant Armstead has continued to harass James Brewer and to falsely tell other inmates that he is a "snitch" thereby continuing to put his life in danger and causing him severe emotional distress.

q. On March 2, 2015 Corporal Alfred Hayes entered James Brewer's cell, confiscated a draft copy of this lawsuit that Plaintiffs' counsel had left for James Brewer to review, and then ripped up and destroyed all of his other confidential legal papers, personal papers and possessions causing James Brewer extreme emotional distress. Corporal Hayes came back later in the evening and ripped up the draft lawsuit in front of James Brewer.

As a proximate cause of the repeated sexual assault and harassment by Sergeant Armstead , the retaliation and threats, the beatings and physical assaults and dissemination of the falsehood that he was a "snitch" by the Defendants as well as the confiscation and/reading and/or destruction of his legal papers, personal papers and personal property James Brewer has suffered pain and suffering, lack of access to the courts and counsel, and severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. He has had to take anti-depression medication and undergo therapy. These emotional injuries appear to be permanent.

13

Also as a direct proximate cause of the above stated wrongful acts of the Defendants and each of them James Brewer has also suffered serious physical injuries from being physically beaten and assaulted, including having his arm twisted behind his back, slammed in the food slot and almost broken. His injuries have required medical attention. He has permanent scarring on his right hand and his right arm and shoulder is permanently injured. He has also suffered pecuniary loss.

WHEREFORE, James Brewer seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

### PLAINTIFF MARQUETTE FRAZIER

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Marquette Frazier:

15. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the D.C. Jail, acting with deliberate indifference, malice and under color of state law and did engage in multiple acts defined as sexual harassment, sexual assault, and sexual discrimination towards Plaintiff Marquette Frazier, who is gay. These acts include but are not limited to Defendant Sergeant Armstead demanding that Plaintiff Marquette Frazier masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food on multiple occasions. Defendant Sergeant Armstead also forced Plaintiff Marquette Frazier to stick his finger up his anus before he was served his food on multiple occasions. Pllaintiff Marquette Frazier was also

14

made to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason and then told to bend down, spread his butt cheeks, and lift up his penis on multiple occasions for no valid or legal reason. Sometimes Marquette Frazier would be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead would also call Marquette Frazier, who is gay, "Faggot" and other pejorative terms for homosexual. Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Marquette Frazier that he would sing to him. All of these acts occurred on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about Marquette Frazier's cell on the South One Cellblock, at or about Cell 69 during mostly at or about the midnight shift from 12:00 am – 8:00 am in the morning, although sometimes a little later as can be seen below. During these times Marquette Frazier was incarcerated in his cell and was helpless to defend himself. Plaintiff Frazier had no other source of food except for Defendant Sergeant Armstead.

16. After Marquette Frazier reported the sexual assaults, harassment, discrimination and abuse inflicted upon him to Internal Affairs he was retaliated against from on or about August 1, 2014 until his release from the D.C. Jail on or about November 7, 2014. During that time period the Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference and while under color of state law and while in the scope of their employment with the District of Columbia did harass and retaliate against Marquette Frazier on a continuing basis including but not limited to the following dates and times:

   a. Approximately 4:00 a.m. on August 31, 2014 Defendant Officer Bobby Graham
      slammed Marquette Frazier's hand in the food slot of his cell on the South One

15

Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

b. Approximately 4:30 a.m. on or about August 31, 2014 Defendant Officer Alhaji Jabbie hit Marquette Frazier in the face with a closed fist when Marquette Frazier had cuffs on in the sally port next to the control bubble on South One Cellblock causing pain, grievous bodily injury and emotional distress;

c. Approximately 9:30-9:45 a.m. on September 1, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot of his cell on the South One Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

d. On or about September 1, 2014 through on or about November 7, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot on the South One Cellblock, at or about Cell 69 or on multiple occasions during the abovementioned midnight shift causing pain, grievous bodily injury and emotional distress;

e. Defendants and John Does I-V on a repeated basis during this time period called Marquette Frazier names and threatened him because he reported Defendant Sergeant Armstead to authorities;

f. Defendant Corporal Nicholas Clark and the other Defendants repeatedly called Marquette Frazier a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff Marquette Frazier's life in danger and causing Marquette Frazier fear and severe emotional distress.

16

g. The Defendants and John Does I-V repeatedly entered Marquette Frazier's cell and read and/or confiscated and/or destroyed confidential legal papers and personal papers.

17. Marquette Frazier was repeatedly sexually abused as a child. As a proximate cause of the repeated sexual harassment and abuse by Defendant Sergeant Armstead, and the retaliation, threats, physical assaults and harassment by the Defendants as well as the confiscation and/or destruction of his legal papers, personal papers and personal property he has suffered severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. Indeed, he made a suicide attempt in the D.C. Jail as a result of the above listed acts of the Defendants and each of them. These emotional injuries appear to be permanent. He has had to receive mental health treatment as a result of the treatment he received from the Defendants.

18. As a further proximate cause of the wrongful acts of the Defendants as set forth above Marquette Frazier has also suffered serious physical injuries from being punched in the face, beaten and having the food slot repeatedly slammed on his right hand. He needed medical attention when he was punched in the face and received a black eye on his right eye. He needed medical attention for his right hand multiple times as well. It appears that he has scarring that is permanent on his right hand and eye area.

WHEREFORE, Marquette Frazier seeks damages for physical injuries, pain and suffering, pecuniary loss, emotional distress and exemplary damages.

**ARIK SIMS**

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Arik Sims:

19.  On or about June 1, 2014 through July 31, 2014, during the midnight shift from on or about 12:00 a.m. to 8:00 a.m., Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the District of Columbia Jail, acting with deliberate indifference, malice and under color of state law did engage in multiple acts defined as sexual harassment and sexual assault towards Plaintiff Arik Sims. These acts include but are not limited to Defendant Sergeant Armstead demanding that Arik Sims masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food. This happened on multiple occasions. Defendant Sergeant Armstead also forced Arik Sims to strip, spread his butt cheeks, and then stick his finger up his anus while Defendant Sergeant Armstead watched. On other occasions Arik Sims was simply told to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason.  If he refused to do so, Defendant Sergeant Armstead would tell him that he would not get any food. Arik Sims had no choice but to obey Defendant Sergeant Armstead's demands. This happened on multiple occasions. Sometimes Arik Sims would in fact be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Arik Sims that he would sing to him. All of these acts went on on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about cell 79 on the South One Cellblock during the midnight shift from

18

at or about 12:00 am – 8:00 am in the morning. During these times Arik Sims was incarcerated in his cell and helpless. Defendant Armstead was his only source of food.

20.  After Arik Sims reported the sexual abuse and harassment inflicted upon him by Defendant Sergeant Armstead to Internal Affairs he was retaliated against and harassed from on or about August 1, 2014 until the present time. During this time period Defendants, and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while under color of state law did retaliate against Arik Sims on a continuing basis including but not limited to the following incidents all occurring at or about between August 1, 2014 and continuing through the present on the South One Cellblock during the midnight shift at or about cell 79:

a.  Between on or about August 1, 2014 continuing until the present time the Defendants Corporal Nathaniel Robinson, Corporal Alexander,  Corporal Damian Barnes and Corporal Nicholas Clark, along with Lieutenant Newtonberg, have been coming into Arik Sims' cell and destroying and/or reading protected confidential legal papers, personal photographs, commissary, and other protected personal property including his radios. While ransacking the cell the first time Defendants Barnes and Nicholas Clark stated: "You are the jailhouse snitches. You are getting our officers in trouble. Maybe this will teach you a lesson that you fucked up. This will teach you," or words to that effect;

b.  During the same time period Defendants Corporal Damian Barnes and Private Adebowale Salako slammed Arik Sims' left hand in the food slot of his cell causing pain and suffering, grave bodily injury and severe emotional distress;

19

c. During the same time period these same jail personnel have repeatedly called Arik Sims a "jailhouse snitch" in front of other inmates for getting their officers in trouble and have said that they will teach him a lesson causing Arik Sims thereby putting Arik Sims' life in danger and causing him fear and severe emotional distress;

d. During the same time period John Does I-V started calling Arik Sims a "snitch," also telling other inmates that he was a "snitch" and "hot" thereby putting his life in danger and causing Arik Sims fear and severe emotional distress;

e. From on or about August 1, 2014 and continuing until the present time Defendant Corporal Damian Barnes slammed Arik Sims' left hand in the food slot of his jail cell causing pain and suffering, severe bodily injury and severe emotional distress;

f. Between on or about August 1, 2014 and the present Defendant Sergeant Armstead came to Cellblock South One three nights in a row, although Arik Sims had a separation order from him, and said that he knew everything about the internal affairs investigation, that Ms. Thomas, who was conducting the Internal Affairs sexual assault/harassment investigation was a good friend of his, that they were not going to do anything to him because he was an officer and that Plaintiffs Brewer, Frazier and Sims were criminals. Sgt. Armstead knew everything that they had said about him in the investigation.

Again these incidents occurred largely at or about the midnight shift, at or about 12:00 a.m. until 8:00 a.m.

g. Defendant Sergeant Armstead continues to come to the Unit and harass Arik Sims by singing dirty ditties directed towards Plaintiff and calling Arik Sims a snitch.

20

21. As a proximate result of the repeated sexual abuse, by Defendant Sergeant Armstead and the retaliation and threats, physical abuse and assaults by the Defendants, and the dissemination of the false allegation that he was a "snitch" to other inmates, as well as the confiscation and/or destruction of his legal papers, personal papers and personal property, Plaintiff Arik Sims has suffered fear, severe psychological and emotional distress. He has felt "dirty, " humiliated and embarrassed." He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. These emotional injuries appear to be permanent. He requires mental health treatment as a proximate cause of all of the above.

22. As a proximate result of the beatings and physical assaults that Arik Sims has suffered at the hands of Defendants, Arik Sims has also suffered serious physical injuries from being beaten and from having the food slot repeatedly slammed on his left hand. He has permanent scarring on his left hand and he has nerve damage and permanent injury to his left hand as well as other physical injuries.

WHEREFORE, Arik Sims seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

### COUNT ONE
### Violation of 42 U.S.C. § 1983
### EIGHTH AMENDMENT
### (District of Columbia, Warden William Smith)

23. Plaintiff incorporates by reference the paragraphs above.

24. Defendants Warden William Smith and the District of Columbia, through their

policies, practices, acts, and omissions have and continue to exhibit deliberate

indifference to the sexual harassment, sexual assault, sexual abuse, sexual

21

discrimination, and continued physical assaults, beatings and use of excessive force

against Plaintiffs in violation of the rights of these Plaintiffs, to be free from cruel

and unusual punishment under the Eighth Amendment of the United States

Constitution.

25. As a proximate result, Defendants, through their policies, practices, acts and

omissions have subjected and continue to subject Plaintiffs to the unnecessary and

wanton infliction of pain, and emotional and physical injury in violation of the

Eighth Amendment of the United States Constitution that guarantees citizens of the

United States to be free from cruel and unusual punishment.

26. With deliberate indifference to the substantial risk of serious harm to the Plaintiffs,

Defendants have failed to, among other things, train, assign, and supervise staff,

resulting in the Plaintiffs being exposed to and victimized by sexual abuse, sexual

assault, sexual harassment, sexual discrimination, physical abuse, multiple beatings,

physical assaults, and the use of excessive force in violation of the Eighth

Amendment of the United States Constitution.

27.   With deliberate indifference to the substantial risk of serious

harm to Plaintiffs, Defendants have failed to and continue to fail to

appropriately investigate and act upon complaints of sexual

abuses and retaliation, and physical abuse, at the D.C. Jail, thereby

subjecting Plaintiffs to ongoing sexual abuse, physical abuse,

sexual discrimination and harassment and retaliation by staff for

reporting staff sexual misconduct, physical abuse, beatings and

other physical mistreatment in violation of the Eighth Amendment

22

of the United States Constitution.

28. In his unlawful treatment of Plaintiffs Defendant William Smith
has acted willfully, wantonly, and/or with malice or with conscious
and/or reckless indifference to Plaintiff's rights under law.

29.As a proximate result of the above wrongful and/or outrageous
acts of the Defendants, Plaintiffs have suffered great physical and
emotional pain and other damages.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,
emotional distress, pecuniary loss and exemplary damages.

## COUNT TWO
### Violation of 42 U.S.C. § 1983
### FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

30. Plaintiff incorporates by reference the paragraphs above.

31. Defendants Warden William Smith and the District of Columbia, by their policies,
practices and acts have deprived Plaintiffs of their right to be free from sexual abuse,
sexual harassment, and sexual discrimination and of their bodily integrity and of
their right to privacy, without due process of law, in violation of the Fourth,
Fourteenth and Fifth Amendments of the United States Constitution.

32. Defendants Warden William Smith and the District of Columbia, by their policies,
practices and acts were deliberately indifferent to and/or violated Plaintiff's
Fourth, Fourteenth and Fifth Amendment rights to be free from unreasonable
searches and seizures in searching their cells for no valid or legal reason and

without probable cause and also violating their rights to privacy under the same

Amendments by entering their cells on multiple occasions for no valid reason and

improperly seizing and destroying their personal property, personal papers and

legal papers without due process of law.

33. As a proximate result of the above wrongful/outrageous acts of Defendants,

Plaintiffs have suffered great emotional pain and suffering other damages.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss

and exemplary damages.


## COUNT THREE
### Violation of 42 U.S.C. § 1983
### FIRST AMENDMENT AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

34. Plaintiffs incorporate by reference the paragraphs above.

35. Defendants, through their policies, practices, and acts, subjected Plaintiffs to

retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to

Internal Affairs in violation of their rights to freedom of speech and to seek redress

of grievances under the First and Fourteenth Amendments to the United States

Constitution.

36. Further, Defendants, through their policies, practices, and acts, subjected Plaintiffs

to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to

Internal Affairs by entering their cells and confiscating and/or destroying and/or

reading their confidential legal and personal and business papers in violation of

their First Amendment rights to freedom of speech and to correspond with others.

24

37. As a proximate cause of the wrongful and/or outrageous acts of Defendants, Plaintiffs have suffered extreme emotional distress, and physical injuries as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT FOUR
### Violation of 42 U.S.C. § 1983
### SIXTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

38. Plaintiffs incorporate by reference the paragraphs above.

39. Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs in violation of their rights to access to the courts and their right to counsel in violation of the Sixth, Fifth and Fourteenth Amendments to the United States Constitution.

40. Specifically, Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs by entering their cells and confiscating and/or destroying and/or reading their confidential legal papers in violation of their Sixth Amendment rights to access to the courts, right to counsel, and due process.

41. As a proximate cause of the wrongful and/or outrageous acts of Defendants, Plaintiffs have suffered extreme emotional distress, and lack of access to the courts and counsel as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss and exemplary damages.

### COUNT FIVE
**Violation of 42 U.S.C. § 1983**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

42. Plaintiffs incorporate by reference the paragraphs above.

43. 42 U.S.C. Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

44. Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark, Sergeant Jiles Johnson, Corporal Thomas, Corporal Damian Barnes, Officer Bobby Graham, Officer Alhaji Jabbie, Private Adebowale Salako, Officer Joseph Alexander and John Does I-V and each of them have deprived Plaintiffs of their constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as set forth above and are therefore liable for damages under 42 U.S.C. Section 1983.

45. Specifically Defendant Sergeant Jonathan Armstead subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by subjecting Plaintiffs to acts of sexual harassment, sexual assault and sexual discrimination as set forth above.  Sergeant Armstead also subjected Plaintiffs to a violation of their bodily integrity and right to privacy in violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution without due process of law.

46. The Defendants and each of them have subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by physically assaulting and/or subjecting them to the use of excessive force for no justifiable or legal reason as set forth above.

47. Defendants and each of them have breached Plaintiffs' right to privacy under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal and personal papers and belongings without legal cause or justification.

48. Defendants and each of them have breached Plaintiffs' First Amendment rights to freedom of speech by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal, personal and business papers without legal cause or justification.

49. Defendants and each of them have breached Plaintiffs' right of freedom of speech under the First Amendment to the United States Constitution by retaliating against Plaintiffs when they exercised their right of free speech to complain to Internal

27

Affairs about the sexual abuse/assault/harassment/discrimination being inflicted

upon them by Defendant Sergeant Armstead.

50. Defendants and each of them have breached Plaintiffs' right under the Sixth,

Fourteenth and Fifth Amendments to the Constitution to access to the courts, access

to counsel, and due process by seizing and/or reading and/or destroying

confidential legal papers supplied to Plaintiffs by their counsel.

51. As a proximate cause of Defendants wrongful and/or outrageous acts of misconduct

and violation of Plaintiffs aforesaid Constitutional rights, Plaintiffs have suffered

severe emotional and physical injuries and other injuries as set forth above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

**COUNT SIX**
**Assault and Battery**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

52. Plaintiff incorporates by reference the paragraphs above.

53. The defendants named in this count, during the course and scope of their

employment with the Department of Corrections, an agency of the Defendant District of

Columbia, assaulted and battered plaintiffs multiple times in the manner, time and places

28

described above. These include both the beatings described above, the slamming of plaintiffs' hands in their food slots, Defendant Armstead's sexual assaults/harassment/discrimination, and any other assaults described above.

54.   As a direct and proximate result of the above-described actions, plaintiffs suffered serious bodily injury. They experienced suffering, bodily pain and mental anguish, and they have suffered pecuniary loss and permanent injury.

55.   The multiple assaults and battery, including the sexual assaults, were allowed, fomented and encouraged by the practices, policies, omissions and commissions of the Defendants District of Columbia and Warden William Smith as described above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT SEVEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)

56. Plaintiff incorporates by reference the paragraphs above.

57. By the conduct and actions described above, the acts of the

Defendants named in this count, acting in the course and scope

of their employment with the Defendant District of Columbia, in

intentionally physically assaulting Plaintiffs, and/or sexually assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without cause and destroying their personal and/or legal papers and/or property and/or telling other inmates that Plaintiffs were snitches thereby endangering their lives and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their cells and helpless, and posed no risk of harm, were extreme, outrageous, and utterly intolerable in a civilized society. This conduct exceeded all reasonable bounds of decency. These acts caused Plaintiffs extreme emotional distress and physical injury. These acts are outrageous, shock the conscious of a civilized nation, and constitute the tort of intentional infliction of emotional distress.

58. By the conduct and actions described above, the acts of Defendants, and each of them, acting in the course and scope of their employment with the District of Columbia described above, were intended to and did cause severe emotional distress and physical injury to Plaintiffs.

59. By the conduct and actions described above, the acts of Defendants acting in the course and scope of their employment with the District of Columbia, was the direct and proximate cause of emotional and physical injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of

the District of Columbia and Constitution of the United States.

60. As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury,

pecuniary loss and was otherwise damaged and injured. These

intentional and outrageous acts violate the consciousness of

society and the court and constitute the tort of intentional

infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT EIGHT
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
**(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)**

61. Plaintiff incorporates by reference the paragraphs above.

62. The defendants and each of them owed Plaintiffs a duty to care for and protect them

without negligently inflicting emotional distress.

63. By the conduct and actions described above, the acts of the Defendants named in this

count, acting in the course and scope of their employment with the Defendant District

of Columbia, in negligently physically assaulting Plaintiffs, and/or sexually

assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without

cause and destroying their personal and/or legal papers and/or property and/or

telling other inmates that Plaintiffs were snitches thereby endangering their lives

and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their

cells and helpless, and posed no risk of harm, constitutes the tort of negligent infliction

of emotional distress.

64. Defendants were careless and negligent as to the emotional health of Plaintiffs, and

caused severe emotional distress to Plaintiffs as well as severe physical injury.

65. The acts of Defendants, acting in the course and scope of their employment with the

District of Columbia and the conduct of the District of Columbia were the direct and

proximate cause of injury and damage to Plaintiffs and violated their statutory and

common law rights as guaranteed by the laws of the District of Columbia and the

Constitution of the United States.

66.      As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and were otherwise damaged and injured. The negligence of

Defendants in breaching their duty to Plaintiffs and causing emotional

distress and physical injuries to Plaintiffs constitutes the tort of

negligent infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

**COUNT NINE**
**NEGLIGENCE**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

67. Plaintiff incorporates by reference the paragraphs above.

68. The Defendants and each of them owed a duty to Plaintiffs to perform their correctional officer duties without the use of excessive force and to care for and protect Plaintiffs.

69. The use of excessive force by the Defendants acting in the course and scope of their employment with the District of Columbia, and the conduct of the District of Columbia upon Plaintiffs, when they were unarmed and helpless and did not pose a threat of death or grievous bodily injury to them or to others constitutes a breach of that duty owed to Plaintiffs resulting in negligence for which the Defendants are liable both individually and vicariously.

70.     As a result of the foregoing, Plaintiffs were subjected to serious physical and emotional pain and suffering, bodily injury, pecuniary loss and was otherwise damaged and injured.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT TEN
### NEGLIGENT SUPERVISION, RETENTION AND TRAINING
### (Warden William Smith and District of Columbia)

71. Plaintiffs incorporate by reference the paragraphs above.

72. Defendants Warden William Smith and the District of Columbia had a duty to properly

    train, retain and supervise the Defendant Correctional Officers.

73. These Defendants breached that duty by negligently training, retaining and

    supervising the said defendants.

74. The acts and conduct of these Defendants and each of them were the direct and

    proximate cause of the above stated injuries and damages to Plaintiffs and violated

    their statutory and common law rights as guaranteed by the laws of the District of

    Columbia.

75.     As a result of the foregoing, Plaintiffs were subjected to serious

    physical and emotional pain and suffering, bodily injury, pecuniary loss

    and was otherwise damaged and injured.

    WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

    emotional distress, pecuniary loss and exemplary damages.

## COUNT ELEVEN
### (RESPONDEAT SUPERIOR LIABILITY OF THE DISTRICT OF COLUMBIA)

76. Plaintiffs incorporate by reference the paragraphs above.

77. The misconduct of each of the correctional officers as alleged herein occurred while

    they were on duty as correctional officers employed by the District of Columbia and in

    uniform, in and during the course and scope of their duties as correctional officers and

34

while they were acting as an agent, officer, servant and employee of the Defendant

District of Columbia.

78. As a result, Defendant District of Columbia is liable to Plaintiffs pursuant to the

common law doctrine of respondeat superior.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays that this Honorable Court grant him the following relief,

jointly and severally, against all defendants:

## JAMES BREWER

1.    Compensatory damages in the amount of TEN MILLION DOLLARS  ($10, 000,

000.00) as to each Defendant jointly and severally;

2.    Exemplary damages in the amount of THIRTY MILLION DOLLARS  ($30,000,000.00)

as to each Defendant jointly and severally;

3.    Costs and interest and attorney's fees;

4.  Any other award the Court deems just and equitable

**MARQUETTE FRAZIER**

1.    Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2.    Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.    Costs and interest and attorney's fees;

4.    Any other award the Court deems just and equitable

**ARIK SIMS**

1.    Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000, 000.00) as to each Defendant jointly and severally;

2.    Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.    Costs and interest and attorney's fees;

4.    Any other award the Court deems just and equitable.

## PRAYER FOR JURY TRIAL

Plaintiff demands trial by jury.

Respectfully submitted,

Jane Carol Norman, Esquire #384030
Bond & Norman Law, PC
American Association of Justice Building
777 Sixth Street NW
Suite 410
Washington, D.C. 20001
Telephone (202) 682-4100
Cell Phone (202) 423-3863
Email Janenorman@bondandnorman.com

Attorney for Plaintiffs

Form CA 1-A: Notice and Acknowledge for Service by Mail



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER, ET AL
_____
            *Plaintiff(s)*

     v.                          Case No: 2015CA001425 B _____

THE DISTRICT OF COLUMBIA, ET AL
_____
            *Defendant(s)*

### NOTICE

To (insert name and address of the party to be served):
SERVING: AG KARL RACINE C/O
_____
(WARDEN WILLIAM SMITH)
_____
441 4TH STREET NW
_____
WASHINGTON, DC 20001
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/04/2015 _____.

_____
*Signature*

                                  March 4, 2015
                                 *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): _____
_____
_____

_____   _____   _____
*Signature*                          *Relationship to Defendant/Authority*   *Date of Signature*
                                       *to Receive Service*



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES BREWER et al
    Vs.                                C.A. No.     2015 CA 001425 B
THE DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  March 4, 2015
Initial Conference: 9:30 am, Friday, May 15, 2015
Location: Courtroom 221
        500 Indiana Avenue N.W.
        WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_JAMES BREWER, et. AL._
_____
Plaintiff

vs.                                    Case Number **15 - 0 0 0 1 4 2 5**

_DISTRICT OF COLUMBIA, ET. AL._
_____
Defendant

SUMMONS   _SERVE : AG KARL_
_RACINE FOR Warden_
_William SmiTH_

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

_Jane Norman_
_____        Clerk of the Court
Name of Plaintiff's Attorney

_777 6ᵗʰ ST NW # 410_                  By _____
Address                                                   Deputy Clerk
_Washington, DC 20001_

_202  423  3863_                        Date _05/04/2015_
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                          Demandante

        contra
                                                      Número de Caso: _____

_____
                          Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                    *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                    Por: _____
_____
Dirección                                              Subsecretario

                                    Fecha _____
_____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._**

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JAMES BREWER
c/o Bond & Norman Law, PC
777 6th St. NW #410
Washington, DC 20001

MARQUETTE FRAZIER
c/o Bond & Norman Law, PC
777 6th St. NW #410
Washington, DC 20001

ARIK SIMS
c/o Bond & Norman Law, PC
1901 "D" St. SE
Washington, DC 20001

       Plaintiffs,

Vs.

                                      Civil Action #

THE DISTRICT OF COLUMBIA
A Municipal Corporation
441 4th St. NW
Washington, DC 20001

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

WARDEN WILLIAM SMITH
District of Columbia Jail
Individually and in His Official Capacity
1901 "D" Street SE
Washington, DC 20003

Serve: Warden William Smith and



15 - 0001425

RECEIVED
Civil Clerk's Office

MAR 04 2015

Superior Court of the
District of Columbia
Washington, D.C.

1

Serve: Mayor Muriel Bowser
1350 Pennsylvania Ave. NW #316
Washington, DC 20004

Serve: Attorney General Karl A. Racine
Office of the Attorney General
441 4th St. NW
Washington, DC 20001

And

SERGEANT JONATHAN ARMSTEAD
Individually and in His official capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL NICHOLAS CLARK
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

LIEUTENANT RONALD ADAMS
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JILES JOHNSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL THOMAS, III
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

CORPORAL DAMIAN BARNES
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER ALHAJI JABBIE
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

OFFICER BOBBY GRAHAM
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

SERGEANT JOSEPH STEVENSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

PRIVATE ADEBOWALE SALAKO
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

 Defendants.

And

CORPORAL NATHANIEL ROBINSON
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

3

OFFICER JOSEPH ALEXANDER
Individually and in His Official Capacity
1901 "D" St. SE
Washington, DC 20003

And

JOHN DOES I-V
1901 "D" St. SE
Washington, DC 20001

## COMPLAINT

COME NOW the Plaintiffs, James Brewer, Marquette Frazier and Arik Sims, by and through their attorneys, Jane Carol Norman, Bond & Norman Law, PC, and for complaint against the Defendants hereby allege and state as follows:

## PARTIES

1. Plaintiff James Brewer is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the District of Columbia Central Detention Facility. ("D.C. Jail")

2. Plaintiff Marquette Frazier is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D. C. Jail.

3. Plaintiff Arik Sims is and was at all times relevant a citizen of the District of Columbia and was incarcerated in the D.C. Jail.

4. The Defendant, District of Columbia, is a municipal corporation. The District of Columbia Department of Corrections is an agency of the Defendant District of Columbia. (D.C. Department of Corrections).

5. The Defendant, Warden William Smith, was at all times mentioned herein and currently is the Warden of the D.C. Jail a correctional facility run by the D.C.

4

Department of Corrections, an agency of the District of Columbia. At all times mentioned herein Defendant Warden Smith was an employee of the D.C. Department of Corrections acting as an agent and employee of the District of Columbia and under color of state law. At all times mentioned herein Warden Smith , in his capacity as Warden, was responsible for the training, assignment, supervision, discipline and investigation of correctional officers and correctional employees assigned to or working at the D.C. Jail. Warden Smith was at all relevant times responsible for the custody, safety, protection, fair treatment and rehabilitation of prisoners at the D.C. Jail. Warden Smith was also, at all relevant times, responsible for ensuring that the facilities housing plaintiffs were operated according to proper correctional standards, developing procedures for implementing policies and for ensuring adequate and effective mechanism for safe reporting of staff misconduct and treatment of victims of custodial and sexual abuse. Defendant Warden Smith is being sued in both his individual and official capacity.

6. The Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark, Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III, Corporal Damian Barnes Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant Joseph Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson, Officer Joseph Alexander and John Does I-V at all times mentioned herein were and upon information and belief still are correctional officers employed by the District of Columbia Department of Corrections at the D.C. Jail. At all times mentioned herein they were acting under color of state law as an officer,

5

employee and agent of the Defendant District of Columbia. These defendants
are being sued both individually and in their official capacity.

7.  During the relevant time period Plaintiffs were all incarcerated at the D.C. Jail
    and all acts complained of herein took place at the District of Columbia Jail.

8.  At sometime before the acts complained of herein, the D.C. Department of
    Corrections hired an employee, Defendant Sergeant Jonathan Armstead, as an
    adult corrections officer at the D.C. Jail.

9.  Although Plaintiffs have a right to be free from physical abuse, sexual
    harassment, sexual assault, assault and battery, intentional and negligent
    infliction of emotional distress, retaliation, having their lives put in danger, and
    to be free from violation of their constitutional rights, including their right to
    counsel and access to the courts, between June 1, 2014 and July 31, 2014
    plaintiffs were sexually assaulted, abused and harassed by Defendant Sergeant
    Armstead, and thereafter put in danger from other inmates by being called
    "snitches" or "hot" in front of other inmates by Defendant Armstead and the
    other Defendants.

10. Thereafter the Defendant Correctional Officers, and each of them, from on or
    about July 31, 2014 until the present time, engaged in a pattern of retaliation
    and harassment against Plaintiffs as a consequence of Defendants reporting the
    inappropriate behavior by Sergeant Armstead which included but is not limited
    to entering and/or searching their cells, throwing out and/or reading and/or
    destroying their confidential legal papers, confiscating and destroying their
    personal papers and belongings, physically assaulting them and falsely telling

other inmates that they were "snitches" or "hot" thereby putting their lives in danger.

11.  On information and belief, sexual assault, sexual harassment, sexual discrimination and other forms of improper behavior by Defendant Armstead was known or should have been known to officials at the D.C. jail including but not limited to Defendant Warden William Smith, and the other named Defendants, but none of these Defendants took reasonable actions to ensure Plaintiffs' safety at this facility. Even after Defendant Warden was notified of Defendant Armstead's behavior and of the retaliation, the harassment continued.

## JURISDICTION

12. Plaintiffs seek damages from Defendants and each of them under the Civil Rights Act of §1871, 42 U.S.C. § 1983, for gross and unconscionable violations of the rights, privileges, and immunities guaranteed to Plaintiffs by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs also seek damages for the common law torts of negligence, assault and battery, intentional and negligent infliction of emotional distress, violation of D.C. Statute Section 24-261.03, and respondeat superior, all under District of Columbia law. All acts complained of took place in the District of Columbia. Therefore this Court has jurisdiction pursuant to D.C. Code Section 11-921 (1981 Edition) and D.C. Code Section 24-261.03.

7

## NATURE OF DEFENDANTS' CONDUCT

13. The Department of Corrections of the Defendant District of Columbia is charged by

D.C. Code Section 24-211.02 (1981 edition) with responsibility for the safekeeping,

care, protection, instruction and discipline of all persons committed to its penal

institutions.

### PLAINTIFF JAMES BREWER

The acts and omissions of Defendants complained of herein include but are not

limited to the following acts of wrongful and/ or outrageous misconduct as to Plaintiff

James Brewer :

14. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan

Armstead, acting in the course and scope of his employment with the Defendant District of

Columbia, through its agency D.C. Department of Corrections, while working at the D.C. Jail,

acting with deliberate indifference, malice and under color of state law and did engage in

multiple acts defined as sexual harassment and sexual assault towards Plaintiff James

Brewer. These acts included but are not limited to Defendant Sergeant Armstead

demanding that Plaintiff James Brewer masturbate himself in front of Defendant Sergeant

Armstead as a condition of being served his food through the food slot of his cell on

multiple occasions. Defendant Sergeant Armstead also forced James Brewer to strip, spread

his butt cheeks, and then rub his finger between the crack of his butt cheeks for no valid or

legal reason. If he refused to do it, Defendant Sergeant Armstead would tell him that he

would not get any food. James Brewer had no choice but to obey Defendant Sergeant

Armstead's demands. This happened on multiple occasions. Sometimes James Brewer

8

would in fact be denied food if he did not do the sexual acts that Defendant Sergeant
Armstead demanded of him. Defendant Sergeant Armstead also made up and sang
suggestive, dirty and obscene songs about James Brewer that he would sing to him.  All of
these acts went on on multiple occasions from approximately June 1, 2014 through July 31,
2014 at or about James Brewer's cell on the South One Cellblock during at or about the
midnight shift from 12:00 am – 8:00 am in the morning. During these times James Brewer
was incarcerated in his cell, that being cell 68, unable to protect or defend himself and with
no other source of food other than what Defendant Sergeant Armstead brought to him.

    After James Brewer reported the sexual assaults, harassment and abuse inflicted upon
him by Defendant Sergeant Armstead to Internal Affairs, he was retaliated against from on
or about August 1, 2014 to the present time. During this continuing time period District of
Columbia Jail guards/officials, including the above named Defendants and John Does I-V,
acting within the course and scope of their employment with the District of Columbia with
deliberate indifference while acting under color of state law did retaliate against and harass
James Brewer on a continuing basis including but not limited to the following incidents
which occurred on the night shift, from on or about 12:00 a.m. until 8:00 a.m. on Cellblock
South One. All occurred in or about Cell 68 except for the two instances that occurred in
Cell 67 as noted below:

   a.  Between on or about August 1, 2014 until the present Defendant Sergeant Johnson
       told James Brewer that he was going crazy over what James Brewer did to Sergeant
       Armstead and then peed over all of Brewer's belongings in his cell, cell #68 causing
       James Brewer severe emotional distress;

9

b. The next day Defendant Officer Bobby Graham told James Brewer that he was going to pay for snitching causing James Brewer fear and severe emotional distress;

c. Multiple Correctional Officers, including the above named Defendants and John Does I-V started calling James Brewer a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff James Brewer's life in danger causing him fear and severe emotional distress;

d. Between on or about August 1, 2014 until the present James Brewer told Defendant Officer Bobby Graham, and Officers Smitty and Boyd about the sexual harassment, but they did nothing to stop it;

e. On or about 09/20/14 Defendant Corporal Nicholas Clark entered James Brewer's cell and pulled his arm all the way behind his back nearly breaking it. He then put his arm in the food slot smashing it down on his arm multiple times. The resulting injuries were so severe as to require medical care. The next day Defendant Corporal Nicholas Clark came back and took all of James Brewer's legal papers and personal photographs of his children and destroyed them. All of this caused James Brewer severe pain and suffering, physical injuries and severe emotional distress;

f. On or about October 26, 2014 Defendant Armstead approached James Brewer and said "Let me see your ass clasp." When James Brewer said that he was going to report Defendant Armstead to Ms. Thomas at Internal Affairs Defendant Armstead replied that "Ms. Thomas used to be one of them, and why did James Brewer think his complaint got thrown out so fast?" or words to that effect. Defendant Armstead then started screaming so other inmates could hear that James Brewer was a snitch

10

thereby putting James Brewer's life in danger causing James Brewer fear and severe emotional distress.

g. On or about October 29, 2014 at or about 1:30 a.m. Defendant Armstead walked past James Brewer's cell and said "I'm trying to see that asshole again" or words to that effect. When James Brewer refused, Sgt. Armstead walked over to Cell 80 and told the inmates in that cell that James Brewer was "hot" and a "snitch" thereby putting James Brewer's life in danger, causing him fear and severe emotional distress.

h. On or about September 2-3, 2014 Defendants Corporal Nathaniel Robinson, Corporal Clark, Corporal Thomas and Officer Joseph Alexander entered James Brewer's cell and threw away his confidential legal papers, personal photographs and other personal property in retaliation for having complained about Defendant Armstead. These officers jumped and assaulted James Brewer on that date. They punched him and stomped on him repeatedly causing grievous pain and suffering, bodily injury and severe emotional distress.

i. Between on or about August 1, 2014 and continuing until the present, in retaliation for complaining about Defendant Armstead and other Correctional Officers, the Defendants and John Does I-V, have routinely entered James Brewer's cell and in violation of regulations have confiscated and/or read and/or destroyed his protected confidential legal papers, personal papers, personal photographs, other personal property, destroyed this property and put it in the trash.

j. Between on or about August 1, 2014 and continuing until the present Lieutenant Ronald Adams has retaliated against James Brewer by taking his radio on numerous occasions causing James Brewer extreme emotional distress.

11

k. Between on or about August 1, 2014 until the present when James Brewer complained to Defendant Lieutenant Ronald Adams, a correctional officer, about Defendant Sergeant Armstead, he was told by Defendant Lieutenant Adams that he himself would make them all spread their butt cheeks and stick their fingers in it if it was up to him

l. The Defendants and John Does I-V have on a repeated basis during this time period called James Brewer names and threatened him because he reported Defendant Sergeant Armstead causing James Brewer severe emotional distress.

m. On or about September, 2014 Defendant Corporal Nicholas Clark slammed James Brewer's right hand repeatedly in the food slot when he tried to talk about what Sergeant Armstead had done. Corporal Nicholas Clark said he already knew "what Brewer's hard ass did" or words to that effect. This caused severe emotional distress, grievous bodily injury, and pain and suffering to James Brewer.

n. On or about between October 26, 2014 – October 29, 2014 Sergeant Armstead came to the lower bottom right tier of the hole of South One and he came down there. This was on the midnight shift. At this time James Brewer was in cell 67. Sergeant Armstead was drinking coffee and he said "you all motherfuckers really thought that you all was going to give me hell, huh." He said "I'm back and now I'm really going to make you all strip, squeeze your asses and smack your asses. I'm going to make y'all work for your food" or words to that effect. This caused James Brewer severe emotional distress.

o. The next day Defendant Sergeant Armstead said in front of other inmates, referring to the three Plaintiffs herein, "Brewer and you all are snitches, Brewer is hot, Brewer

12

is hot, he is a hot faggot, " or words to that effect. He said this in front of other inmates thereby putting Plaintiff Brewer's life in danger. He went on to say that "Ms. Thomas is my old co-worker and we all stick together", or words to that effect. Again Defendant Sergeant Armstead was on the tier and James Brewer was in cell 67. This put James Brewer's life in danger and caused him severe emotional distress.

p.  Defendant Sergeant Armstead has continued to harass James Brewer and to falsely tell other inmates that he is a "snitch" thereby continuing to put his life in danger and causing him severe emotional distress.

q.  On March 2, 2015 Corporal Alfred Hayes entered James Brewer's cell, confiscated a draft copy of this lawsuit that Plaintiffs' counsel had left for James Brewer to review, and then ripped up and destroyed all of his other confidential legal papers, personal papers and possessions causing James Brewer extreme emotional distress. Corporal Hayes came back later in the evening and ripped up the draft lawsuit in front of James Brewer.

As a proximate cause of the repeated sexual assault and harassment by Sergeant Armstead , the retaliation and threats, the beatings and physical assaults and dissemination of the falsehood that he was a "snitch" by the Defendants as well as the confiscation and/reading and/or destruction of his legal papers, personal papers and personal property James Brewer has suffered pain and suffering, lack of access to the courts and counsel, and severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. He has had to take anti-depression medication and undergo therapy. These emotional injuries appear to be permanent.

13

Also as a direct proximate cause of the above stated wrongful acts of the Defendants and each of them James Brewer has also suffered serious physical injuries from being physically beaten and assaulted, including having his arm twisted behind his back, slammed in the food slot and almost broken. His injuries have required medical attention. He has permanent scarring on his right hand and his right arm and shoulder is permanently injured. He has also suffered pecuniary loss.

WHEREFORE, James Brewer seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

### PLAINTIFF MARQUETTE FRAZIER

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Marquette Frazier:

15. On or about June 1, 2014 through July 31, 2014 Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the D.C. Jail, acting with deliberate indifference, malice and under color of state law and did engage in multiple acts defined as sexual harassment, sexual assault, and sexual discrimination towards Plaintiff Marquette Frazier, who is gay. These acts include but are not limited to Defendant Sergeant Armstead demanding that Plaintiff Marquette Frazier masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food on multiple occasions. Defendant Sergeant Armstead also forced Plaintiff Marquette Frazier to stick his finger up his anus before he was served his food on multiple occasions. Pllaintiff Marquette Frazier was also

14

made to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason and then told to bend down, spread his butt cheeks, and lift up his penis on multiple occasions for no valid or legal reason. Sometimes Marquette Frazier would be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead would also call Marquette Frazier, who is gay, "Faggot" and other pejorative terms for homosexual. Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Marquette Frazier that he would sing to him. All of these acts occurred on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about Marquette Frazier's cell on the South One Cellblock, at or about Cell 69 during mostly at or about the midnight shift from 12:00 am – 8:00 am in the morning, although sometimes a little later as can be seen below. During these times Marquette Frazier was incarcerated in his cell and was helpless to defend himself. Plaintiff Frazier had no other source of food except for Defendant Sergeant Armstead.

16. After Marquette Frazier reported the sexual assaults, harassment, discrimination and abuse inflicted upon him to Internal Affairs he was retaliated against from on or about August 1, 2014 until his release from the D.C. Jail on or about November 7, 2014. During that time period the Defendants and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference and while under color of state law and while in the scope of their employment with the District of Columbia did harass and retaliate against Marquette Frazier on a continuing basis including but not limited to the following dates and times:

   a. Approximately 4:00 a.m. on August 31, 2014 Defendant Officer Bobby Graham slammed Marquette Frazier's hand in the food slot of his cell on the South One

15

Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

b. Approximately 4:30 a.m. on or about August 31, 2014 Defendant Officer Alhaji Jabbie hit Marquette Frazier in the face with a closed fist when Marquette Frazier had cuffs on in the sally port next to the control bubble on South One Cellblock causing pain, grievous bodily injury and emotional distress;

c. Approximately 9:30-9:45 a.m. on September 1, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot of his cell on the South One Cellblock, at or about Cell 69 causing pain, grievous bodily injury and emotional distress;

d. On or about September 1, 2014 through on or about November 7, 2014 Defendant Sergeant Stevenson slammed Marquette Frazier's hand in the food slot on the South One Cellblock, at or about Cell 69 or on multiple occasions during the abovementioned midnight shift causing pain, grievous bodily injury and emotional distress;

e. Defendants and John Does I-V on a repeated basis during this time period called Marquette Frazier names and threatened him because he reported Defendant Sergeant Armstead to authorities;

f. Defendant Corporal Nicholas Clark and the other Defendants repeatedly called Marquette Frazier a "snitch," telling other inmates on the cellblock that he was a "snitch" and was "hot" thereby putting Plaintiff Marquette Frazier's life in danger and causing Marquette Frazier fear and severe emotional distress.

16

g. The Defendants and John Does I-V repeatedly entered Marquette Frazier's cell and read and/or confiscated and/or destroyed confidential legal papers and personal papers.

17. Marquette Frazier was repeatedly sexually abused as a child. As a proximate cause of the repeated sexual harassment and abuse by Defendant Sergeant Armstead, and the retaliation, threats, physical assaults and harassment by the Defendants as well as the confiscation and/or destruction of his legal papers, personal papers and personal property he has suffered severe psychological and emotional distress. He has felt "dirty," humiliated and embarrassed. He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. Indeed, he made a suicide attempt in the D.C. Jail as a result of the above listed acts of the Defendants and each of them. These emotional injuries appear to be permanent. He has had to receive mental health treatment as a result of the treatment he received from the Defendants.

18. As a further proximate cause of the wrongful acts of the Defendants as set forth above Marquette Frazier has also suffered serious physical injuries from being punched in the face, beaten and having the food slot repeatedly slammed on his right hand. He needed medical attention when he was punched in the face and received a black eye on his right eye. He needed medical attention for his right hand multiple times as well. It appears that he has scarring that is permanent on his right hand and eye area.

WHEREFORE, Marquette Frazier seeks damages for physical injuries, pain and suffering, pecuniary loss, emotional distress and exemplary damages.

**ARIK SIMS**

The acts and omissions of Defendants complained of herein include but are not limited to the following acts of wrongful and/or outrageous misconduct as to Plaintiff Arik Sims:

19.  On or about June 1, 2014 through July 31, 2014, during the midnight shift from on or about 12:00 a.m. to 8:00 a.m., Defendant Sergeant Jonathan Armstead, acting in the course and scope of his employment with the District of Columbia Department of Corrections, while working at the District of Columbia Jail, acting with deliberate indifference, malice and under color of state law did engage in multiple acts defined as sexual harassment and sexual assault towards Plaintiff Arik Sims. These acts include but are not limited to Defendant Sergeant Armstead demanding that Arik Sims masturbate himself in front of Defendant Sergeant Armstead as a condition of being served his food. This happened on multiple occasions. Defendant Sergeant Armstead also forced Arik Sims to strip, spread his butt cheeks, and then stick his finger up his anus while Defendant Sergeant Armstead watched. On other occasions Arik Sims was simply told to strip naked in front of Defendant Sergeant Armstead for no valid or legal reason.  If he refused to do so, Defendant Sergeant Armstead would tell him that he would not get any food. Arik Sims had no choice but to obey Defendant Sergeant Armstead's demands. This happened on multiple occasions. Sometimes Arik Sims would in fact be denied food if he did not do the sexual things that Defendant Sergeant Armstead demanded of him. Defendant Sergeant Armstead also made up and sang suggestive, dirty and obscene songs about Arik Sims that he would sing to him. All of these acts went on on multiple occasions from approximately June 1, 2014 through July 31, 2014 at or about cell 79 on the South One Cellblock during the midnight shift from

18

at or about 12:00 am – 8:00 am in the morning. During these times Arik Sims was incarcerated in his cell and helpless. Defendant Armstead was his only source of food.

20. After Arik Sims reported the sexual abuse and harassment inflicted upon him by Defendant Sergeant Armstead to Internal Affairs he was retaliated against and harassed from on or about August 1, 2014 until the present time. During this time period Defendants, and John Does I-V, acting within the course and scope of their employment with the District of Columbia with deliberate indifference while under color of state law did retaliate against Arik Sims on a continuing basis including but not limited to the following incidents all occurring at or about between August 1, 2014 and continuing through the present on the South One Cellblock during the midnight shift at or about cell 79:

    a. Between on or about August 1, 2014 continuing until the present time the Defendants Corporal Nathaniel Robinson, Corporal Alexander, Corporal Damian Barnes and Corporal Nicholas Clark, along with Lieutenant Newtonberg, have been coming into Arik Sims' cell and destroying and/or reading protected confidential legal papers, personal photographs, commissary, and other protected personal property including his radios. While ransacking the cell the first time Defendants Barnes and Nicholas Clark stated: "You are the jailhouse snitches. You are getting our officers in trouble. Maybe this will teach you a lesson that you fucked up. This will teach you," or words to that effect;

    b. During the same time period Defendants Corporal Damian Barnes and Private Adebowale Salako slammed Arik Sims' left hand in the food slot of his cell causing pain and suffering, grave bodily injury and severe emotional distress;

c. During the same time period these same jail personnel have repeatedly called Arik Sims a "jailhouse snitch" in front of other inmates for getting their officers in trouble and have said that they will teach him a lesson causing Arik Sims thereby putting Arik Sims' life in danger and causing him fear and severe emotional distress;

d. During the same time period John Does I-V started calling Arik Sims a "snitch," also telling other inmates that he was a "snitch" and "hot" thereby putting his life in danger and causing Arik Sims fear and severe emotional distress;

e. From on or about August 1, 2014 and continuing until the present time Defendant Corporal Damian Barnes slammed Arik Sims' left hand in the food slot of his jail cell causing pain and suffering, severe bodily injury and severe emotional distress;

f. Between on or about August 1, 2014 and the present Defendant Sergeant Armstead came to Cellblock South One three nights in a row, although Arik Sims had a separation order from him, and said that he knew everything about the internal affairs investigation, that Ms. Thomas, who was conducting the Internal Affairs sexual assault/harassment investigation was a good friend of his, that they were not going to do anything to him because he was an officer and that Plaintiffs Brewer, Frazier and Sims were criminals. Sgt. Armstead knew everything that they had said about him in the investigation.

Again these incidents occurred largely at or about the midnight shift, at or about 12:00 a.m. until 8:00 a.m.

g. Defendant Sergeant Armstead continues to come to the Unit and harass Arik Sims by singing dirty ditties directed towards Plaintiff and calling Arik Sims a snitch.

21. As a proximate result of the repeated sexual abuse, by Defendant Sergeant Armstead and the retaliation and threats, physical abuse and assaults by the Defendants, and the dissemination of the false allegation that he was a "snitch" to other inmates, as well as the confiscation and/ordestruction of his legal papers, personal papers and personal property, Plaintiff Arik Sims has suffered fear, severe psychological and emotional distress. He has felt "dirty, " humiliated and embarrassed." He has experienced depression and has had thoughts of suicide, difficulty sleeping, nightmares and flashbacks. These emotional injuries appear to be permanent. He requires mental health treatment as a proximate cause of all of the above.

22. As a proximate result of the beatings and physical assaults that Arik Sims has suffered at the hands of Defendants, Arik Sims has also suffered serious physical injuries from being beaten and from having the food slot repeatedly slammed on his left hand. He has permanent scarring on his left hand and he has nerve damage and permanent injury to his left hand as well as other physical injuries.

WHEREFORE, Arik Sims seeks compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT ONE
### Violation of 42 U.S.C. § 1983
### EIGHTH AMENDMENT
### (District of Columbia, Warden William Smith)

23. Plaintiff incorporates by reference the paragraphs above.

24. Defendants Warden William Smith and the District of Columbia, through their
    policies, practices, acts, and omissions have and continue to exhibit deliberate
    indifference to the sexual harassment, sexual assault, sexual abuse, sexual

21

discrimination, and continued physical assaults, beatings and use of excessive force against Plaintiffs in violation of the rights of these Plaintiffs, to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

25. As a proximate result, Defendants, through their policies, practices, acts and omissions have subjected and continue to subject Plaintiffs to the unnecessary and wanton infliction of pain, and emotional and physical injury in violation of the Eighth Amendment of the United States Constitution that guarantees citizens of the United States to be free from cruel and unusual punishment.

26. With deliberate indifference to the substantial risk of serious harm to the Plaintiffs, Defendants have failed to, among other things, train, assign, and supervise staff, resulting in the Plaintiffs being exposed to and victimized by sexual abuse, sexual assault, sexual harassment, sexual discrimination, physical abuse, multiple beatings, physical assaults, and the use of excessive force in violation of the Eighth Amendment of the United States Constitution.

27. With deliberate indifference to the substantial risk of serious harm to Plaintiffs, Defendants have failed to and continue to fail to appropriately investigate and act upon complaints of sexual abuses and retaliation, and physical abuse, at the D.C. Jail, thereby subjecting Plaintiffs to ongoing sexual abuse, physical abuse, sexual discrimination and harassment and retaliation by staff for reporting staff sexual misconduct, physical abuse, beatings and other physical mistreatment in violation of the Eighth Amendment

22

of the United States Constitution.

28. In his unlawful treatment of Plaintiffs Defendant William Smith

has acted willfully, wantonly, and/or with malice or with conscious

and/or reckless indifference to Plaintiff's rights under law.

29. As a proximate result of the above wrongful and/or outrageous

acts of the Defendants, Plaintiffs have suffered great physical and

emotional pain and other damages.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT TWO
### Violation of 42 U.S.C. § 1983
### FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

30. Plaintiff incorporates by reference the paragraphs above.

31. Defendants Warden William Smith and the District of Columbia, by their policies,

practices and acts have deprived Plaintiffs of their right to be free from sexual abuse,

sexual harassment, and sexual discrimination and of their bodily integrity and of

their right to privacy, without due process of law, in violation of the Fourth,

Fourteenth and Fifth Amendments of the United States Constitution.

32. Defendants Warden William Smith and the District of Columbia, by their policies,

practices and acts were deliberately indifferent to and/or violated Plaintiff's

Fourth, Fourteenth and Fifth Amendment rights to be free from unreasonable

searches and seizures in searching their cells for no valid or legal reason and

23

without probable cause and also violating their rights to privacy under the same

Amendments by entering their cells on multiple occasions for no valid reason and

improperly seizing and destroying their personal property, personal papers and

legal papers without due process of law.

33. As a proximate result of the above wrongful/outrageous acts of Defendants,

Plaintiffs have suffered great emotional pain and suffering other damages.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss

and exemplary damages.


## COUNT THREE
### Violation of 42 U.S.C. § 1983
### FIRST AMENDMENT AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

34. Plaintiffs incorporate by reference the paragraphs above.

35. Defendants, through their policies, practices, and acts, subjected Plaintiffs to

retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to

Internal Affairs in violation of their rights to freedom of speech and to seek redress

of grievances under the First and Fourteenth Amendments to the United States

Constitution.

36. Further, Defendants, through their policies, practices, and acts, subjected Plaintiffs

to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to

Internal Affairs by entering their cells and confiscating and/or destroying and/or

reading their confidential legal and personal and business papers in violation of

their First Amendment rights to freedom of speech and to correspond with others.

37. As a proximate cause of the wrongful and/or outrageous acts of Defendants, Plaintiffs have suffered extreme emotional distress, and physical injuries as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT FOUR
### Violation of 42 U.S.C. § 1983
### SIXTH, FIFTH AND FOURTEENTH AMENDMENTS
### (District of Columbia, Warden William Smith)

38. Plaintiffs incorporate by reference the paragraphs above.

39. Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs in violation of their rights to access to the courts and their right to counsel in violation of the Sixth, Fifth and Fourteenth Amendments to the United States Constitution.

40. Specifically, Defendants, through their policies, practices, and acts, subjected Plaintiffs to retaliation for reporting sexual misconduct by Defendant Sergeant Armstead to Internal Affairs by entering their cells and confiscating and/or destroying and/or reading their confidential legal papers in violation of their Sixth Amendment rights to access to the courts, right to counsel, and due process.

41. As a proximate cause of the wrongful and/or outrageous acts of Defendants, Plaintiffs have suffered extreme emotional distress, and lack of access to the courts and counsel as a result of the retaliation, and other damages as set forth above.

WHEREFORE, Plaintiffs seek compensation for emotional distress, pecuniary loss and exemplary damages.

## COUNT FIVE
### Violation of 42 U.S.C. § 1983
#### (District of Columbia, Warden William Smith, Sergeant Jonathan Armstead, Corporal Nicholas Clark, Lieutenant Ronald Adams, Sergeant Jiles Johnson, Corporal Thomas, III, Corporal Damian Barnes, Officer Alhaji Jabbie, Officer Bobby Graham, Sergeant Stevenson, Private Adebowale Salako, Corporal Nathaniel Robinson, Officer Joseph Alexander)

42. Plaintiffs incorporate by reference the paragraphs above.

43.  42 U.S.C. Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

44. Defendants Sergeant Jonathan Armstead, Corporal Nicholas Clark, Sergeant Jiles Johnson, Corporal Thomas, Corporal Damian Barnes, Officer Bobby Graham, Officer Alhaji Jabbie, Private Adebowale Salako, Officer Joseph Alexander and John Does I-V and each of them have deprived Plaintiffs of their constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as set forth above and are therefore liable for damages under 42 U.S.C. Section 1983.

45. Specifically Defendant Sergeant Jonathan Armstead subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by subjecting Plaintiffs to acts of sexual harassment, sexual assault and sexual discrimination as set forth above. Sergeant Armstead also subjected Plaintiffs to a violation of their bodily integrity and right to privacy in violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution without due process of law.

46. The Defendants and each of them have subjected Plaintiffs to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution by physically assaulting and/or subjecting them to the use of excessive force for no justifiable or legal reason as set forth above.

47. Defendants and each of them have breached Plaintiffs' right to privacy under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal and personal papers and belongings without legal cause or justification.

48. Defendants and each of them have breached Plaintiffs' First Amendment rights to freedom of speech by going into Plaintiffs' cells and/or searching their cells and confiscating and throwing away their legal, personal and business papers without legal cause or justification.

49. Defendants and each of them have breached Plaintiffs' right of freedom of speech under the First Amendment to the United States Constitution by retaliating against Plaintiffs when they exercised their right of free speech to complain to Internal

Affairs about the sexual abuse/assault/harassment/discrimination being inflicted

upon them by Defendant Sergeant Armstead.

50. Defendants and each of them have breached Plaintiffs' right under the Sixth,

Fourteenth and Fifth Amendments to the Constitution to access to the courts, access

to counsel, and due process by seizing and/or reading and/or destroying

confidential legal papers supplied to Plaintiffs by their counsel.

51. As a proximate cause of Defendants wrongful and/or outrageous acts of misconduct

and violation of Plaintiffs aforesaid Constitutional rights, Plaintiffs have suffered

severe emotional and physical injuries and other injuries as set forth above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

**COUNT SIX**
**Assault and Battery**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

52. Plaintiff incorporates by reference the paragraphs above.

53. The defendants named in this count, during the course and scope of their

employment with the Department of Corrections, an agency of the Defendant District of

Columbia, assaulted and battered plaintiffs multiple times in the manner, time and places

28

described above. These include both the beatings described above, the slamming of plaintiffs' hands in their food slots, Defendant Armstead's sexual assaults/harassment/discrimination, and any other assaults described above.

54.  As a direct and proximate result of the above-described actions, plaintiffs suffered serious bodily injury. They experienced suffering, bodily pain and mental anguish, and they have suffered pecuniary loss and permanent injury.

55.  The multiple assaults and battery, including the sexual assaults, were allowed, fomented and encouraged by the practices, policies, omissions and commissions of the Defendants District of Columbia and Warden William Smith as described above.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT SEVEN
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)

56. Plaintiff incorporates by reference the paragraphs above.

57. By the conduct and actions described above, the acts of the

Defendants named in this count, acting in the course and scope

of their employment with the Defendant District of Columbia, in

intentionally physically assaulting Plaintiffs, and/or sexually assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without cause and destroying their personal and/or legal papers and/or property and/or telling other inmates that Plaintiffs were snitches thereby endangering their lives and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their cells and helpless, and posed no risk of harm, were extreme, outrageous, and utterly intolerable in a civilized society. This conduct exceeded all reasonable bounds of decency. These acts caused Plaintiffs extreme emotional distress and physical injury. These acts are outrageous, shock the conscious of a civilized nation, and constitute the tort of intentional infliction of emotional distress.

58. By the conduct and actions described above, the acts of Defendants, and each of them, acting in the course and scope of their employment with the District of Columbia described above, were intended to and did cause severe emotional distress and physical injury to Plaintiffs.

59. By the conduct and actions described above, the acts of Defendants acting in the course and scope of their employment with the District of Columbia, was the direct and proximate cause of emotional and physical injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of

the District of Columbia and Constitution of the United States.

60. As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury,

pecuniary loss and was otherwise damaged and injured. These

intentional and outrageous acts violate the consciousness of

society and the court and constitute the tort of intentional

infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

**COUNT EIGHT**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(District of Columbia, Warden William Smith,**
**Sergeant Jonathan Armstead, Corporal**
**Nicholas Clark, Lieutenant Ronald Adams,**
**Sergeant Jiles Johnson, Corporal Thomas, III,**
**Corporal Damian Barnes, Officer Alhaji Jabbie, Officer**
**Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,**
**Corporal Nathaniel Robinson, Officer Joseph Alexander)**

61. Plaintiff incorporates by reference the paragraphs above.

62. The defendants and each of them owed Plaintiffs a duty to care for and protect them

without negligently inflicting emotional distress.

63. By the conduct and actions described above, the acts of the Defendants named in this

count, acting in the course and scope of their employment with the Defendant District

of Columbia, in negligently physically assaulting Plaintiffs, and/or sexually

assaulting/harassing Plaintiffs, and/or searching/entering Plaintiffs' cells without

cause and destroying their personal and/or legal papers and/or property and/or

telling other inmates that Plaintiffs were snitches thereby endangering their lives

and/or doing other physical harm to Plaintiffs while Plaintiffs were locked in their

cells and helpless, and posed no risk of harm, constitutes the tort of negligent infliction

of emotional distress.

64. Defendants were careless and negligent as to the emotional health of Plaintiffs, and

caused severe emotional distress to Plaintiffs as well as severe physical injury.

65. The acts of Defendants, acting in the course and scope of their employment with the

District of Columbia and the conduct of the District of Columbia were the direct and

proximate cause of injury and damage to Plaintiffs and violated their statutory and

common law rights as guaranteed by the laws of the District of Columbia and the

Constitution of the United States.

66.        As a result of the foregoing, Plaintiffs were subjected to serious

physical and emotional pain and suffering, bodily injury, pecuniary loss

and were otherwise damaged and injured. The negligence of

Defendants in breaching their duty to Plaintiffs and causing emotional

distress and physical injuries to Plaintiffs constitutes the tort of

negligent infliction of emotional distress.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,

emotional distress, pecuniary loss and exemplary damages.

## COUNT NINE
## NEGLIGENCE
**(District of Columbia, Warden William Smith,
Sergeant Jonathan Armstead, Corporal
Nicholas Clark, Lieutenant Ronald Adams,
Sergeant Jiles Johnson, Corporal Thomas, III,
Corporal Damian Barnes, Officer Alhaji Jabbie, Officer
Bobby Graham, Sergeant Stevenson, Private Adebowale Salako,
Corporal Nathaniel Robinson, Officer Joseph Alexander)**

67. Plaintiff incorporates by reference the paragraphs above.

68. The Defendants and each of them owed a duty to Plaintiffs to perform their
correctional officer duties without the use of excessive force and to care for and
protect Plaintiffs.

69. The use of excessive force by the Defendants acting in the course and scope of their
employment with the District of Columbia, and the conduct of the District of Columbia
upon Plaintiffs, when they were unarmed and helpless and did not pose a threat of
death or grievous bodily injury to them or to others constitutes a breach of that duty
owed to Plaintiffs resulting in negligence for which the Defendants are liable both
individually and vicariously.

70.      As a result of the foregoing, Plaintiffs were subjected to serious
physical and emotional pain and suffering, bodily injury, pecuniary loss
and was otherwise damaged and injured.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering,
emotional distress, pecuniary loss and exemplary damages.

33

## COUNT TEN
## NEGLIGENT SUPERVISION, RETENTION AND TRAINING
### (Warden William Smith and District of Columbia)

71. Plaintiffs incorporate by reference the paragraphs above.

72. Defendants Warden William Smith and the District of Columbia had a duty to properly train, retain and supervise the Defendant Correctional Officers.

73. These Defendants breached that duty by negligently training, retaining and supervising the said defendants.

74. The acts and conduct of these Defendants and each of them were the direct and proximate cause of the above stated injuries and damages to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the District of Columbia.

75.      As a result of the foregoing, Plaintiffs were subjected to serious physical and emotional pain and suffering, bodily injury, pecuniary loss and was otherwise damaged and injured.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## COUNT ELEVEN
### (RESPONDEAT SUPERIOR LIABILITY OF THE DISTRICT OF COLUMBIA)

76. Plaintiffs incorporate by reference the paragraphs above.

77. The misconduct of each of the correctional officers as alleged herein occurred while they were on duty as correctional officers employed by the District of Columbia and in uniform, in and during the course and scope of their duties as correctional officers and

34

while they were acting as an agent, officer, servant and employee of the Defendant District of Columbia.

78. As a result, Defendant District of Columbia is liable to Plaintiffs pursuant to the common law doctrine of respondeat superior.

WHEREFORE, Plaintiffs seek compensation for physical injuries, pain and suffering, emotional distress, pecuniary loss and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays that this Honorable Court grant him the following relief, jointly and severally, against all defendants:

**JAMES BREWER**

1.  Compensatory damages in the amount of TEN MILLION DOLLARS ($10,000,000.00) as to each Defendant jointly and severally;

2.  Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) as to each Defendant jointly and severally;

3.  Costs and interest and attorney's fees;

4.  Any other award the Court deems just and equitable

35

**MARQUETTE FRAZIER**

1.  Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000,

000.00) as to each Defendant jointly and severally;

2.  Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00)

as to each Defendant jointly and severally;

3.  Costs and interest and attorney's fees;

4.  Any other award the Court deems just and equitable

**ARIK SIMS**

1.  Compensatory damages in the amount of TEN MILLION DOLLARS ($10, 000,

000.00) as to each Defendant jointly and severally;

2.  Exemplary damages in the amount of THIRTY MILLION DOLLARS ($30,000,000.00)

as to each Defendant jointly and severally;

3.  Costs and interest and attorney's fees;

4.  Any other award the Court deems just and equitable.

## PRAYER FOR JURY TRIAL

Plaintiff demands trial by jury.

Respectfully submitted,

Jane Carol Norman, Esquire #384030
Bond & Norman Law, PC
American Association of Justice Building
777 Sixth Street NW
Suite 410
Washington, D.C. 20001
Telephone (202) 682-4100
Cell  Phone (202) 423-3863
Email Janenorman@bondandnorman.com

Attorney for Plaintiffs

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Ave., N.W., Rm—JM-170
### Washington, D.C.   20001

*Plaintiff*

vs.

Civil Action No. _____

*Defendant*

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

    The defendant, for answer to the claim of the plaintiff herein, says that he said plaintiff is not entitled to have judgment as demanded in the complaint for the following reasons:

_____

_____

_____

_____

_____

_____

_____

And, therefore, said defendant respectfully demands that this suit be heard in open court.

| DEFENDANT: | ADDRESS: | TELEPHONE NO. |
|---|---|---|
| | | |
| COPY MAILED TO: (ATTORNEY FOR PLAINTIFF) | | |

**SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. 20001**

OFFICIAL BUSINESS
PENALTY FOR MISUSE



District of Columbia Superior Court

500 Indiana Ave NW Room 5000

Washington, DC 20001



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

JAMES BREWER, et. AL
_____
Plaintiff

vs.                                    Case Number 15- 0001425

DISTRICT OF COLUMBIA, ET AL
_____
Defendant
     SERVE: MAYOR MURIEL BOWSER FOR
SUMMONS  The DISTRICT OF
                    COLUMBIA DEFENDANT

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

JANE NORMAN
_____                        _____
Name of Plaintiff's Attorney                                  Clerk of the Court

777 6th ST NW #410
_____          By _____
Address                                                          Deputy Clerk

Washington, DC 20001
_____

202-423-3863
_____          Date _3/16/__
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ


IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translati
Vea al dorso la traducción al españo



FORM SUMMONS - Jan. 2011                                                         CASUM.doc



Form CA 1-A: Notice and Acknowledgement for Service by Mail

**FILED**
CIVIL ACTIONS BRANCH

MAR 23 2015

Superior Court
of the District of Columbia
Washington, D.C.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JAMES BREWER, ET AL
_____
                    _Plaintiff(s)_

v.                                              Case No: 2015CA001425 B

THE DISTRICT OF COLUMBIA, ET AL
_____
                    _Defendant(s)_

### NOTICE

To (insert name and address of the party to be served):
THE DISTRICT OF COLUMBIA
SERVE: MAYOR MURIEL BOWSER
1350 PENNSYLVANIA AVE, NW #316
WASHINGTON, DC 20004

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date) 03/04/2015        .

_____           _____
_Signature_                        _Date of Signature_

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) Darlene Fields     received a copy of the summons, complaint and initial order in the above captioned matter at (insert address):  441 4th St., NW
                                                                    Wash, DC
                                                                    20001

_____    _____    _____
_Signature_                _Relationship to Defendant/Authority_    _Date of Signature_
                           _to Receive Service_

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Dể có một bài dịch, hãy gọi (202) 879-4828                        (202) 879-4828              번역을 원하시면, (202) 879-4828 로 전화주십시오



Form CA 1-A: Notice and Acknowledgement for Service by Mail

**FILED**

CIVIL ACTIONS BRANCH

MAR 23 2015 cy-

Superior Court
of the District of Columbia
Washington, D.C.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JAMES BREWER, ET AL.
_____
                    _Plaintiff(s)_

v.

Case No: 2015CA001425 B

THE DISTRICT OF COLUMBIA, ET AL.
_____
                    _Defendant(s)_

## NOTICE

To (insert name and address of the party to be served):

THE DISTRICT OF COLUMBIA
SERVE: AG KARL A. RACINE
441 4TH STREET, NW
WASHINGTON, DC 20001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/04/2015 .

_____
_Signature_

Maush 4, 2015
_Date of Signature_

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) Darlene Fields received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): 441 4th St. NW Wash. DC. 20001

_____
_Signature_

Stay Ag.
_Relationship to Defendant/Authority_
_to Receive Service_

3/23/15
_Date of Signature_

Para pedir una traducción, llame al (202) 879-4828

如需翻译, 请打电话 (202) 879-4828

Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828

(202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요



Form CA 1-A. Notice and Acknowledgment of Service by Mail

**FILED**
CIVIL ACTIONS BRANCH

MAR 23 2015

Superior Court
of the District of Columbia
Washington, D.C.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JAMES BREWER, ET AL.
_____
_Plaintiff(s)_

v.

Case No: 2015CA001425 B

THE DISTRICT OF COLUMBIA, ET AL.
_____
_Defendant(s)_

**NOTICE**

To (insert name and address of the party to be served):
SERVING: AG KARL RACINE C/O
(WARDEN WILLIAM SMITH)
441 4TH STREET NW
WASHINGTON, DC 20001

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/04/2015

_____
Signature

March 4, 2015
_____
Date of Signature

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER**

I (print name) Darlene Fields received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): 441 4th St, NW
Wash. DC
20001

_____
Signature

441 4 St.
_____
Relationship to Defendant/Authority
to Receive Service

3/23/15
_____
Date of Signature

Para pedir una traduccion, llame al (202) 879-4828

如需翻译,请打电话 (202) 879-4828

Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828

(202) 879-4828 번역을 원하시면, (202) 879-4828 로 전화주십시오



Form CA 1-B: Final Notice and Acknowledge for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BREWER, JAMES
_____

        *Plaintiff(s)*

v.

Case No: 2015 CA 001425 _____

JOHNSON, Sergeant JILES
_____

        *Defendant(s)*

### FINAL NOTICE

To (insert name and address of the party to be served):
JOHNSON, Sergeant JILES
1901 "D" St. SE
WASHINGTON,DC 20003
_____

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

Our records indicate that on 3/04/2015 _____ (insert date), a Notice and Acknowledgment of Receipt of Summons, Complaint, and Initial Order ("Notice and Acknowledgment") was sent to you at this address. Pursuant to Rule 4(c)(4), a person who receives a Notice and Acknowledgement has 20 days to return it, thereby acknowledging and accepting service. You are being sent this Final Notice because 20 days have elapsed since the initial Notice and Acknowledgment was mailed, and the sender has not yet received a signed copy in the mail.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return this form to the sender within 5 days, you (or the other party on whose behalf you are being served) will be required to pay the costs of service by alternative method unless good cause is shown. "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property. While the cost of private service or process varies, it can often cost upwards of $250 to serve an individual. Service could be by U.S. Marshal, special process server or any other manner the court deems appropriate.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Final Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/26/2015 _____.

_____
Signature

3/26/15 _____
Date of Signature

1

Para pedir una traducción, llame al (202) 879-4828    如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction

Để có một bài dịch, hãy gọi (202) 879-4828    如果您需要 翻译的话 请电话 (202) 879-4828 询问    번역을 원하시면, (202) 879-4828 로 전화주십시오

Form CA 1-B: Final Notice and Acknowledge for Service by Mail

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _____ received a copy of the summons, complaint and initial
order in the above captioned matter at (insert address):   _____

_____

_____

_____       _____   _____
*Signature*                        *Relationship to Defendant/Authority   Date of Signature*
                                   *to Receive Service*

2

Form CA 1-B Final Notice and Acknowledge for Service by Mail



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

BREWER, JAMES
_____
          *Plaintiff(s)*

          v.                                    Case No: 2015 CA 001425 _____

JOHNSON, Sergeant JILES
_____
          *Defendant(s)*

**FINAL NOTICE**

To (insert name and address of the party to be served):
JOHNSON, Sergeant JILES
1901 "D" St. SE
WASHINGTON, DC 20003

          FILED
     RECEIVED BY MAIL

     Apr 0 6 2015.

          ... of the
          ... umbia
          ... D.C.

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

Our records indicate that on 3/04/2015 _____ (insert date), a Notice and Acknowledgment of Receipt of Summons, Complaint, and Initial Order ("Notice and Acknowledgment") was sent to you at this address. Pursuant to Rule 4(c)(4), a person who receives a Notice and Acknowledgement has 20 days to return it, thereby acknowledging and accepting service. You are being sent this Final Notice because 20 days have elapsed since the initial Notice and Acknowledgment was mailed, and the sender has not yet received a signed copy in the mail.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return this form to the sender within 5 days, you (or the other party on whose behalf you are being served) will be required to pay the costs of service by alternative method unless good cause is shown. "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property. While the cost of private service or process varies, it can often cost upwards of $250 to serve an individual. Service could be by U.S. Marshal, special process server or any other manner the court deems appropriate.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Final Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/26/2015 _____.

_____                    3/26/15 _____
*Signature*                                   *Date of Signature*

1

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Dé có một bài dịch, hãy gọi (202) 879-4828          방역을 원하시면, (202) 879-4828 로 전화주십시요

Form CA 1-B. Final Notice and Acknowledge for Service by Mail

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) _Jiles    Johnson_ received a copy of the summons, complaint and initial
order in the above captioned matter at (insert address): 1901  O  St  SE
Washington  DC
20003

4/1/2015

_Signature_                              _Relationship to Defendant/Authority_   _Date of Signature_
                                         _to Receive Service_

2

Para pedir una traducción, llame al (202) 879-4828        如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828                 ( ... )(202) 879-4828                번역을 원하시면, (202) 879-4828 로 전화주십시요



Form CA 1-A: Notice and Acknowledge for Service by Mail

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JAMES BREWER, ET AL.
_____
*Plaintiff(s)*

v.                                                          Case No: 2015CA001425 B

THE DISTRICT OF COLUMBIA, ET AL.
_____
*Defendant(s)*

NOTICE   **FILED**
RECEIVED BY MAIL

· 2015

Superior Court of the
District of Columbia
D.C.

To (insert name and address of the party to be served):
SERGEANT JILES JOHNSON
(OFFICIAL CAPACITY)
1901 D STREET SE
WASHINGTON, DC 20003

The enclosed summons, complaint and initial order are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

You must sign and date the Acknowledgement (below). If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate next to your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate next to your signature your authority.

If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons, complaint and initial order in any other manner permitted by law.

If you do complete and return this form, you (or the other party on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint and Initial Order was mailed on (insert date): 03/04/2015.

_____            _____
Signature                           Date of Signature    March 4, 2015

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, AND INITIAL ORDER

I (print name) Jiles Johnson  received a copy of the summons, complaint and initial order in the above captioned matter at (insert address): 1901 D St SE Washington DC 20003

_____    _____    _____
Signature                  Relationship to Defendant/Authority    Date of Signature  4/1/2015
                           to Receive Service

Para pedir una traducción, llame al (202) 879-4828
Để có một bài dịch, hãy gọi (202) 879-4828

如需翻译,请打电话 (202) 879-4828
(202) 879-4828

Veuillez appeler au (202) 879-4828 pour une traduction.
번역을 원하시면, (202) 879-4828로 전화주십시요

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| James Brewer, et al. | The District of Columbia, et al. |

|  |  |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Jane Carol Norman, Esq.<br>Bond & Norman, PC<br>777 6th Street N.W., Suite 410<br>Washington, D.C., 20001<br>Telephone: (202) 682-4100 | ATTORNEYS (IF KNOWN)<br>Stephanie E. Litos<br>William J. Chang<br>Office of the Attorney General for the District of Columbia<br>441 4th Street, N.W., Suite 630 South<br>Washington, D.C., 20001<br>(202) 724-6650; stephanie.litos@dc.gov<br>(202) 724-5695; william.chang@dc.gov |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. *General Civil (Other)* | OR | ○ F. *Pro Se General Civil* |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding ● 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. Section 1983 (Eighth Amendment). Plaintiffs allege that Defendants violated Plaintiffs' civil rights by sexually abusing and assaulting Plaintiffs.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____ Check YES only if demanded in complaint    JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE April 15, 2015    SIGNATURE OF ATTORNEY OF RECORD *William Cly* (signature)

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.